| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Linda F. Cantor (CA Bar No. 153762)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Telephone: 310-277-6910<br>Facsimile: 310-201-0760<br>E-mail: lcantor@pszjlaw.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>The Tulving Company, Inc. | CASE NO.: 8:14-bk-11492-ES<br><br>CHAPTER: 7 |
|---|---|
| | **DECLARATION RE NON-OPPOSITION RE NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER LIMITING SCOPE OF NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF R. TODD NEILSON: RE ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** |
| Debtor(s). | [No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  **On:** June 12, 2014          Movant(s) filed a motion entitled:  Notice of Motion and Motion Of Chapter 7 Trustee For An Order Limiting Scope Of Notice; Memorandum Of Points And Authorities In Support Thereof; Declaration Of R. Todd Neilson

3.  A copy of the motion and notice of motion is attached hereto as **Exhibit A**.

4.  **On** June 12, 2014          , Movant(s) served a copy of ☐ the notice of motion or ☒ the motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  **Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline for filing and serving a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).**

6.  **More than 14 days have passed since Movant(s) served the notice of motion.**

7.  **I have checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing has been timely filed.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

8. **No response and request for hearing has been timely served on Movant(s) at the street address, email address, or facsimile number specified in the notice of motion.**

9. Based upon the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

WHEREFORE, Movant(s) requests that the motion be granted and an order be entered without a hearing on the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: June 30, 2014                              /s/ Linda F. Cantor
                                                 Signature

                                                 Linda F. Cantor
                                                 Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                          Page 2                    **F 9013-1.2.NO.HEARING.DEC**
DOCS_LA:279079.1 59935/002

# Exhibit A

Linda F. Cantor (CA Bar No. 153762)
Jason S. Pomerantz (CA Bar No. 157216)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail:lcantor@pszjlaw.com

[Proposed] Counsel for R. Todd Neilson, Chapter 7 Trustee
for The Tulving Company, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

THE TULVING COMPANY, INC., a
California corporation,

                                    Debtor.

Case No.: 8:14-bk-11492-ES

Chapter 7

**NOTICE OF MOTION AND MOTION OF
CHAPTER 7 TRUSTEE FOR AN ORDER
LIMITING SCOPE OF NOTICE;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF;
DECLARATION OF R. TODD NEILSON**

[No Hearing Requested per Local Bankruptcy
Rule 9013-1(o)(1)]

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,**

**THE OFFICE OF THE UNITED STATES TRUSTEE, KNOWN CREDITORS AND**

**PARTIES WHO HAVE REQUESTED SPECIAL NOTICE:**

R. Todd Neilson, duly appointed chapter 7 trustee ("Trustee") in the above-captioned

bankruptcy case (the "Case"), hereby moves the Court for entry of an order limiting the scope of

notice of certain matters as set forth herein (the "Motion"). By this Motion, the Trustee seeks,

pursuant to Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), entry of an order authorizing

the Trustee to limit notice of the Limited Notice Matters (as defined in the attached *Memorandum of*

*Points and Authorities*) in this Case to the following parties: (1) the Office of the United States

Trustee, (2) parties that have previously filed or file with the Court requests for notice of all matters

1

1    in accordance with Bankruptcy Rule 2002(i), and (3) any party with a direct pecuniary interest in the

2    subject matter of the particular Limited Notice Matter or its counsel.  In addition, the Trustee

3    requests that the Court allow notice to be sent via e-mail to those creditors that authorize service by

4    such method.  If the relief requested herein is granted, the burden, complication, delay and cost to

5    the Debtor's estate that is associated with administering the Case and providing notice of the

6    proceedings in this Case to all of the parties would be dramatically reduced.[1]  In an effort to reduce

7    creditor concerns about diminishing returns to creditors due to administrative expenses, the Trustee

8    believes that by limiting notice of all matters identified in Bankruptcy Rule 2002, it will help allay

9    creditor cost concerns and reduce costs to the estate.

10        **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion,

11    the attached *Memorandum of Points and Authorities*, the Declaration of R. Todd Neilson filed in

12    support hereof, the arguments of counsel at any hearing hereon, and other admissible evidence

13    properly brought before the United States Bankruptcy Court for the Central District of California,

14    Santa Ana Division (the "Court").  In addition, the Trustee requests that the Court take judicial

15    notice of all documents filed with the Court in this Case.

16        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Bankruptcy Local Rule 9013-

17    1(o)(1), any objection to or request for hearing on the Motion must be filed and served upon the

18    Trustee within fourteen (14) days of the mailing of this Notice.  Any objection or request for hearing

19    must be accompanied by any declarations or memoranda of law that the objecting or requesting

20    party wishes to present in support of its position.  If there is no timely objection or request for

21    hearing, the Court may grant the relief requested in the Motion by default.  If an objection or request

22    for hearing is timely made, the Trustee will set the matter for hearing and will provide at least

23    fourteen (14) days' written notice of the hearing to the objecting or requesting party.

24        **WHEREFORE**, the Trustee respectfully requests that this Court enter an order (1) limiting

25    the scope and manner of notice as set forth herein and in the *Memorandum of Points and Authorities*

26

27

28

---

[1] The Trustee is currently unaware of the exact number of creditors in the case as the Debtor did not file its Schedules of
Assets and Liabilities and the Trustee is working to determine the scope of creditors.

2

1  attached hereto, and (2) granting such other and further relief as is just and proper under the

2  circumstances.

3

   Dated:    June 12, 2014                    **PACHULSKI STANG ZIEHL & JONES LLP**
4

5                                        By    */s/ Linda F. Cantor*
                                               Linda F. Cantor
6
                                               [Proposed] Counsel for R. Todd Neilson,
7                                              Chapter 7 Trustee for the Tulving
                                               Company, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee is seeking an order of this Court limiting notice to be given on certain motions and applications that might be filed in this Case as set forth below. Such a procedure is necessary and appropriate to reduce creditor concerns in this case regarding excessive administrative costs and diminishing returns to creditors. Requiring notice to, and service upon, so many persons or entities would substantially increase the cost and administrative burden on the estate and diminish the assets ultimately available for creditors without conferring any meaningful benefit on the Debtor's creditors. The Trustee submits that the proposed limited scope of notice is necessary to avoid the unnecessary administrative costs of serving notice of all pleadings on hundreds of parties, many of whom will not even read such notices, while simultaneously assuring that the interested parties in this Case receive proper and sufficient notice of all matters. In addition, the Trustee requests that the Court allow notice to be sent via e-mail to those creditors that authorize service by such method.

## II.

## STATEMENT OF FACTS

### A.   Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.   The Background of the Debtor's Business

The Debtor is a California corporation. Hannes Tulving, Jr. is the President and sole equity holder of the Debtor. The Debtor was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone. Over the past year, customer complaints against the Debtor concerning delayed or undelivered orders were increasingly made to the Better Business Bureau as well as various law enforcement agencies. In early March, 2014, a class-action lawsuit was filed against the Debtor and Hannes Tulving, Jr. in the United States District Court, Northern District of California. The Debtor ceased operations on or about March 3,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES, CALIFORNIA

1  2014. Shortly before the initiation of these proceedings, a raid was conducted at the business offices

2  of the Debtor by the Secret Service and the Department of Justice and the Debtor's computers,

3  documents and inventory were seized for an ongoing criminal investigation.

4  **C.    Procedural Background of Case**

5      The Debtor commenced this case by the filing of a voluntary petition for relief under chapter

6  11 of the Bankruptcy Code on March 10, 2014. In light of the pending criminal investigation and

7  other ongoing litigation, on March 18, 2014, the United States Trustee filed a *Stipulation Appointing*

8  *Chapter 11 Trustee* [Docket No. 15] ("Stipulation"), which was signed by both the Debtor and its

9  attorney. The Stipulation was approved by the Bankruptcy Court on March 18, 2014 [Docket

10  No. 16] and an Order was entered by the Court on March 21, 2014 approving the *U.S. Trustee's*

11  *Application for the Appointment of a Chapter 11 Trustee*, appointing R. Todd Neilson as trustee of

12  the Debtor's estate [Docket No. 22]. On April 30, 2014, the Trustee filed a motion to convert the

13  case to chapter 7 [Docket No. 74] which motion was granted at a hearing on May 22, 2014. On May

14  29, 2014 the Court entered an order converting this Case to chapter 7 [Docket No. 108]. A *Notice of*

15  *Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Interim Trustee* was filed

16  on June 10, 2014 [Docket No. 126], appointing R. Todd Neilson as Trustee.

17                                        **III.**

18                                  **ARGUMENT**

19  **A.    Proposed Limited Notice**

20      The Trustee requests that the Court limit the scope of service of all notices, motions, or

21  applications, including, but not limited to, the following:

22  - any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004);

23  24  - any proposed approval of a compromise or settlement of a controversy pursuant to section Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;

25  - any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

26  27  - any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

28

5

DOCS_LA:277726.4 59935/001

Case 8:14-bk-11492-ES   Doc 129   Filed 06/12/14   Entered 06/12/14 11:45:39   Desc
Main Document    Page 6 of 19

1  • any proposal to prohibit or condition the use, sale or lease of property pursuant to § 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

2  • any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

3

4  • any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

5  • a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

6

7  • all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

8  (The notices, motions and applications for which the Trustee is seeking to limit notice are hereinafter

9  referred to as the "Limited Notice Matters.")

10      Specifically, the Trustee proposes that notices regarding the Limited Notice Matters that will

11  be heard on regular notice be served by NEF notice or, if not on the NEF service list, first class mail

12  or via e-mail upon obtaining consent from such party[2], upon only:  (a) the Office of the United States

13  Trustee, (b) parties that have filed and do file with the Court requests for notice of all matters in

14  accordance with Bankruptcy Rule 2002(i), (c) the Debtor's agent for service, (d) any party with a

15  direct pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel,

16  and (e) any party requesting and consenting to e-mail notice of the Limited Notice Matters

17  (collectively, the "Limited Service List").

18      Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights

19  of all creditors and parties-in-interest in these cases to receive notice of the following matters or

20  proceedings: (a) the meeting of creditors; (b) the deadline for filing proofs of claim; and (c) the

21  hearing on any motion to convert or dismiss the case.  Moreover, the Trustee has caused to be

22  established a website for creditors in this case which provides information regarding pending matters

23  and other case events at http://tulvingbankruptcy.com.

24

25

26

27

28  [2] *See* Local Rule 9036-1(a)(1) (The NEF automatically generated upon the filing of a document constitutes notice and service by electronic means for all persons and entities that have consented to electronic service of any document.).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:277726.4 59935/001

**B.**   **The Court Has Authority to Limit the Scope of Notice**

Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or Debtors in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i).  In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow this Court to determine those parties to whom the Trustee must provide notice. Given the number of parties-in-interest in this Case, it would be impractical and would impose a large administrative and economic burden upon the Debtor's estate if the Trustee were required to mail notice of every matter in this Case to all parties listed on the creditor matrix.

**C.**   **Proposed Notice Procedures**

As permitted by Bankruptcy Rules 2002(i) and (m), the Trustee proposes that the Court enter an order that, to the extent allowed, limits the parties upon whom the Trustee must serve the Limited Notice Matters in this Case.  This Order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007.  This Order should also allow the Trustee to give notice via e-mail to those creditors that authorize service by such method.  It is well within the Court's authority to regulate notices and to approve the notice procedures proposed by the Trustee.  Furthermore, these notice procedures will minimize administrative burdens in this Case without diminishing creditor participation.

Pursuant to Local Bankruptcy Rule 9075-1(a)(6), motions filed that require emergency or expedited relief must be served by e-mail, fax or personal service.  In some instances, service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which the debtor has no fax or e-mail addresses readily available).  The Trustee proposes that service of emergency or expedited Limited Notice Matters be upon only the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

1    Limited Service List and that, in addition to the service methods authorized by Local Bankruptcy

2    Rule 9075-1, service of emergency or expedited Limited Notice Matters by NEF notice, e-mail or

3    overnight delivery, if such notice will be delivered prior to the scheduled hearing time, be

4    authorized.

5    **D.      The Limited Notice Procedures are Necessary and Appropriate**

6          The above proposed limited notice procedures are necessary and appropriate given that the

7    creditor body is cognizant of the administrative costs and burdens on the estate and many of the

8    creditors would not be interested in receiving copies of all the Limited Notice Matters but would find

9    service of all these motions and other documents wasteful.  Requiring notice to, and service upon, so

10   many parties, therefore, would substantially augment the cost and administrative burden on the

11   estate without conferring any meaningful corresponding benefit, and thus would diminish the assets

12   ultimately available for distributions to the Debtor's creditors.  Further, allowing service of an

13   emergency motion by NEF notice, e-mail, or by overnight delivery in the instances outlined above

14   provides parties on the Limited Service List with adequate notice and preserves the Trustee's ability

15   to bring such matters on a timely and efficient basis.  The Trustee submits that such notice

16   constitutes due and sufficient notice of the Limited Notice Matters.

17   **E.      Notice of this Motion and Any Order Approving Same**

18         The Trustee will serve all parties listed on the Debtor's mailing matrix as well as all parties

19   requesting special notice with Notice of this Motion.  All parties therefore will have an adequate

20   opportunity to object to the relief requested herein.  In that way, all parties will have adequate notice

21   that in order to receive notices in this Case they will need to file requests for special notice or

22   requests for and consent to e-mail notice.  The Trustee will provide a copy of the Limited Service

23   List to any creditor or party in interest that requests it.  Provided the order on this Motion is granted,

24   the Trustee will post information concerning the election to receive e-mail notice to the creditor

25   body on the creditor website.

26

27

28

DOCS_LA:277726.4 59935/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## IV.

## CONCLUSION

**WHEREFORE**, to facilitate the efficient administration of this Case, and to reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in this Case to all creditors, the Trustee hereby respectfully requests that the Court enter the order granting (a) the relief requested herein; (b) finding that notice of the Motion is sufficient under the circumstances; and (c) granting such other and further relief as is just and proper under the circumstances.

Dated:    June 12, 2014                    PACHULSKI STANG ZIEHL & JONES LLP

By:    */s/ Linda F. Cantor*
          Linda F. Cantor (SBN 153762)

          [Proposed] Counsel for R. Todd Neilson, Chapter 7
          Trustee of the Tulving Company, Inc.

9

DOCS_LA:277726.4 59935/001

### DECLARATION OF R. TODD NEILSON

I, R. Todd Neilson, declare:

1.    I am the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case"). I make this Declaration on facts within my personal knowledge (albeit my own or that gathered by professionals rendering services to me), or as a result of having reviewed the court file in this Case. If called upon, I can and will competently testify to the facts stated herein.

2.    I make this Declaration in support of the *Notice of Motion and Motion of Chapter 11 Trustee for Order Limiting Scope of Notice* (the "Motion"). Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

3.    The Debtor had been in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone. Over the past year, customer complaints against the Debtor concerning delayed or undelivered orders were increasingly made to the Better Business Bureau as well as various law enforcement agencies. In early March, 2014, a class-action lawsuit was filed against the Debtor and Hannes Tulving, Jr. in the United States District Court, Northern District of California. The Debtor ceased operations on or about March 3, 2014. Shortly before the initiation of these proceedings, a raid was conducted at the business offices of the Debtor by the Secret Service and the Department of Justice and the Debtor's computers, documents and inventory were seized for an ongoing criminal investigation.

4.    On March 10, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. In light of the pending criminal investigation and other ongoing litigation, on March 18, 2014, the United States Trustee filed a *Stipulation Appointing Chapter 11 Trustee* ("Stipulation") which was signed by both the Debtor and its attorney. The Stipulation was approved by the Bankruptcy Court on March 18, 2014 and an Order was entered by the Court on March 21, 2014, approving my appointment as Trustee of the Debtor's Chapter 11 estate. On April 30, 2014, I caused to have filed a motion to convert this Case to chapter 7, which motion was granted at a hearing on May 22, 2014. On May 29, 2014 the Court entered an order converting this Case to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:277726.4 59935/001

chapter 7 and I was appointed to serve as the chapter 7 trustee, pursuant to that certain Notice of

Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Interim Trustee, filed

on June 10, 2014 [Docket No. 126].I am requesting that the Court limit the scope of service of all

notices, motions, or applications, including, but not limited to, the following:

- any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004;

- any proposed approval of a compromise or settlement of a controversy pursuant to section Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;

- any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rules 6007(a) or (c);

- any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

- any proposal to prohibit or condition the use, sale or lease of property pursuant to § 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

- any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

- any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

- a hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules; and

- all other pleadings, papers, and requests for relief or other order of the Court, except as limited below.

The notices, motions and applications for which I am seeking to limit notice are hereinafter

referred to as the "Limited Notice Matters." Specifically, the Trustee proposes that notices regarding

the Limited Notice Matters that will be heard on regular notice be served by NEF notice or, if not on

the NEF service list, first class mail or via e-mail upon obtaining consent from such party[3], upon

only: (a) the Office of the United States Trustee, (b) parties that have filed and do file with the Court

requests for notice of all matters in accordance with Bankruptcy Rule 2002(i), (c) the Debtor's agent

for service, (d) any party with a direct pecuniary interest in the subject matter of the particular

Limited Notice Matter or its counsel, and (e) any party requesting and consenting to e-mail notice of

the Limited Notice Matters (collectively, the "Limited Service List").  Notwithstanding the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[3] *See* Local Rule 9036-1(a)(1) (The NEF automatically generated upon the filing of a document constitutes notice and service by electronic means for all persons and entities that have consented to electronic service of any document.).

11

1   hearing on the dismissal or conversion of this Case.  Moreover, I have caused to be established a

2   website for creditors in this case which provides information regarding pending matters and other

3   case events at http://tulvingbankruptcy.com.

4       5.    The proposed limited notice procedures are necessary and appropriate given that the

5   creditor body is cognizant of the administrative costs and burdens on the estate and many of the

6   creditors would not be interested in receiving copies of all the Limited Notice Matters but would find

7   service of all these motions and other documents wasteful.  Requiring notice to, and service upon, so

8   many parties, therefore, would substantially augment the cost and administrative burden on the

9   estate without conferring any meaningful corresponding benefit, and thus would diminish the assets

10  ultimately available for distributions to Debtor's creditors.  Further, allowing service of an

11  emergency motion by NEF notice, e-mail, or by overnight delivery in the instances outlined above

12  provides parties on the Limited Service List with adequate notice and preserves my ability to bring

13  such matters on a timely and efficient basis.  I submit that such notice constitutes due and sufficient

14  notice of the Limited Notice Matters.

15      I declare under penalty of perjury that the foregoing is true and correct.

16      Executed this 11ᵗʰ day of June, 2014, at Los Angeles, California.

17

18                                                      R. Todd Neilson

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:277726.4 59935/001

Case 8:14-bk-11492-ES    Doc 129    Filed 06/12/14    Entered 06/12/14 11:45:39    Desc
Main Document    Page 13 of 19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER LIMITING SCOPE OF NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF R. TODD NEILSON** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 12, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On June 12, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 12, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 12, 2014 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

**8:14-bk-11492-ES Notice will be electronically mailed to:**

Andrew S Bisom on behalf of Debtor The Tulving Company Inc
abisom@bisomlaw.com

Candice Bryner on behalf of Interested Party Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other Professional Karen Duddlesten
phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney Stephen L. Burton
steveburtonlaw@aol.com

Linda F Cantor, ESQ on behalf of Other Professional Pachulski Stang Ziehl & Jones LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee R. Todd Neilson (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

David L Gibbs on behalf of Creditor Kenneth W Stach
david.gibbs@gibbslaw.com, ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor Jeffrey Roth
lhilton@oneil-llp.com, ssimmons@oneil-llp.com;kdonahue@oneil-llp.com

John H Kim on behalf of Creditor Ford Motor Credit Company LLC
jkim@cookseylaw.com

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (SA)
elizabeth.lossing@usdoj.gov

R. Todd Neilson (TR)
tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com

Jason S Pomerantz on behalf of Trustee R. Todd Neilson (TR)
jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com

Nanette D Sanders on behalf of Creditor Levon Gugasian
becky@ringstadlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## 2. SERVED BY UNITED STATES MAIL

*Debtor*
**The Tulving Company Inc**
P.O. Box 6200
Newport Beach, CA 92658

*Counsel for Debtor*
**Andrew S Bisom**
The Bisom Law Group
8001 Irvine Center Drive, Ste. 1170
Irvine, CA 92618

*Trustee*
**R. Todd Neilson (TR)**
BRG, LLP
2049 Century Park East
Suite 2525
Los Angeles, CA 90067

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

*Counsel for U.S. Trustee*
**Nancy S Goldenberg**
411 W Fourth St Ste 9041
Santa Ana, CA 92701-8000

*Laurence P Nokes on behalf of Interested Party John Frankel*
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

*Accountants for Landlord*
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA 92618

*Interested Party*
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

*Counsel for Creditor Levon Gugasian*
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

*Creditors*

William Clark Berry
1331 Ashland Mine Road
Ashland, Oregon 97520

Gary A. Pemberton
Shulman Hodges & Bastian LLP
8105 Irvine Center Drive, #600
Irvine, CA 92618

Leonard M. Schulman, Esq.
Shulman Hodges & Bastian LLP
8105 Irvine Center Drive
Suite 600
Irvine, CA 92618

*Counsel for Scott Stuart, as Trustee of the James Stuart Revocable Trust, now Irrevocable*
Melissa Robbins Coutts, Esq.
Matthew B. Learned, Esq.
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101

Amy Lepard
1748 St. Andrews
Moraga, CA 94556

Anne Dezelski
c/o Bethany C. Warner
107 Cass Street, Suite G
Traverse City, MI 49684

Benjamin J. Grunwald
2531 S. Evening Fog Circle
Palmer, AK 99645

Betty M. Harris
377 Nottingham Drive
Gordonville, TX 76245

C. Scott Daudert
1115 NW Connell Avenue
Hillsboro, OR 97124

Danny M. Shook
PO Box 900
Kilauea, HI 96754

David E Duke
15555 Meadowbrook Circle Lane
Chesterfield, MO 63017-7529

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:277726.4 59935/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Hannes Tulving, Jr.
    P.O. Box 6200
2   Newport Beach, CA 92658

3   Internal Revenue Service
    PO Box 7346
4   Philadelphia, PA 19101-7346

5   Jade McGaff
    PO Box 422
6   Kamuela, HI 96743

7   Jeff Roth
    O'Neil LLP
8   19900 MacArthur Blvd., Suite 1050
    Irvine, CA 92612
9
    Jerry Barrett
10  8373 SE 176th Lawson Loop
    The Villages, FL 32162
11
    Kaela Perrotti or Nicole Perrotti
12  Kaela Perrotti
    522 Monet Drive
13  Rockville, MD 20850

14  Kelly Conner
    5818 Vendome Lane
15  Houston, TX 77092

16  Kendra Pearsall
    6595 Odell Pl
17  Ste Mezanine S
    Boulder, CO 80301-3316
18
    Kieu Luu
19  13301 Prince James Dr
    Chesterfield, VA 23832
20
    Kim J. Moller
21  1955 Stoakley Rd.
    Prince Frederick, MD 20678
22
    Lawrence J. Hilton, Esq.
23  O'Neil LLP
    19900 MacArthur Blvd
24  Ste 1050
    Irvine, CA 92612
25
    Michael Manant
26  64-667 Puu Pohu Pl
    Kamuela, HI 96743
27
    Paul J Waters
28  204 Palmetto Rd
    Belleair, FL 33756

Redoven Rusimovic
3709 South 298th Street
Auburn, WA 98001

Rick A Leffel
PO Box 971
1212 Maple Ave
Panhandle, TX 79068

Robert and Barbera Bone Trust
Robert W Bone and Barbera B Bone
145 Blue View Ln
Kimberling City, MO 65686

Robert Cafarelli
872 Doyle Davis Rd
Greeneville, TN 37743

Robert J Espinosa
1280 Heresa Ave
Campbell, CA 95008

Robert J Chevako
2787 Kiley Rd
PO Box 290
New Woodstock, NY 95008

Thoa Hoang
335 St. James Ave
Woodbridge, NJ 07095

Martin Salm
PO Box 5910
Stateline, NV 89449

*Creditors Holding 20 Largest Unsecured Claims*
Leo Gushgarian
11 Ridgeline
Newport Beach, CA 92660

Kenneth W. Stach
c/o The Clinebell Law Firm
P.O. Box 3808
San Clemente, CA 92674

Alfred J. Olsen
c/o Burch & Cracchiolo, P.A.
702 East Osborn Road
Phoenix, AZ 85014

Kristian and Jennifer Assaley
c/o Candice Bryner, Esq.
900 Roosevelt
Irvine, CA 92620

16

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Willis G. Eshbaugh, Jr.
    c/o Candice Bryner, Esq.
2   900 Rossevelt
    Irvine, CA 92620
3
    Victor Hannan
4   c/o Kronenberger Rosenfeld, LLP
    150 Post St., Ste. 520
5   San Francisco, CA 94108

6   ***Claimants Who Have Filed Proofs of Claim***
    Jarrod N. Jones
7   239 Crocker Hill Road,
    Binghamton, NY 13904
8
    Richard M. Walchli
9   900 Kinzua Road
    Warren, PA 16365
10
    Thomas T. Amlie
11  4123 Siegrist Road
    Mount Joy, PA 17552
12
    Kenneth D. Christman
13  1965 Loma Linda Lane
    Dayton, OH 45459
14
    Dale Schaffenacker
15  2276 E. 1800 North Rd
    Moweeaqua, IL 62550
16
    Redgy Sullivan
17  PO Box 514
    George West, TX 78022
18
    William & Madeline Jacquot
19  31105 Wyle Ranch Way
    North Fork, CA 93643
20
    Redoven Rusimovic
21  3709 South 298th Street
    Auburn, WA 98001
22
    Frederic Paul Cole
23  7350 SE County Road 337
    Morriston, FA 32668
24
    David P. Michalak
25  05930 Spring Green Way
    Batavia, IL 60510
26
    C. Scott Duadert
27  1115 NW Connell Ave
    Hillsboro, OR 97124
28

Thoa Hoang
335 St. James Ave
Woodbridge, NJ 7095

Jade McGaff
Po Box 422
Kamuela, HI 96743

Amy Lepard
1748 St. Andrews
Moraga, CA 94556

Robert Cafarelli
872 Doyle Davis Road
Greenville, TN 37743

Lawrence J Hilton, Esq
O'Neil LLP 19900 MacArthur Blvd
Suite 1050
Irvine, CA 92612

Robert J. Espinosa
1280 Heresa Ave
Campbell, CA 95008

Michael D. Ivey
508 Old Haw Creek Road
Asheville, NC 28805

Scott Ziemke
1726 N. Shom Creek Terrace
Vernon Hills, IL 60061

Jerry Barrett
8373 SE 176th Lawson Loop
The Villages, FL 32162

Rick A. Leffel
PO Box 97, 1212 Maple Ave
Panhandle, TX 79068-0971

Michael Manant
64-667 Puu Pohu Place
Kamuela, HI 96743

Kelly Conner
5818 Verdome Lane
Houston, TX 77092

Kendra Pearsall
6595 Odell Place, Ste Mezanin S
Boulder, CO 80301-3316

Radovan Rusimovic
3709 South 298th Street
Auburn , WA 98001

17

DOCS_LA:277726.4 59935/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

Robert J. Chevako
2787 Kiley Road
2   PO Box 290
New Woodstock, NY 13122

3

Kim J. Moller
4   1955 Stoakley Rd.
Prince Frederick, MD 20078

5

William Clark Berry
6   PO Box 686
Carlsborg, WA 98324

7

Kaela Perrotti or Nicole Perrotti
8   522 Monet Drive
Rockville, MD 20850

9

Betty M. Harris
10   377 Nottingham Drive
Gordonville, TX 76245

11

Paul J Waters
12   204 Palmetto Road
Belleair, FL 33756

13

Robert & Barbara Bone Trust
14   145 Blueview Lane
Kimberling City, MO, 65686

15

Internal Revenue Service
16   PO Box 7346
Philadelophia, PA 19101-7346

17

Kieu Luu
18   13301 Prince James Dr.
Chesterfield, VA 23832

19

Anne Dezelksi
20   c/o Bethany Warner, 107 Cass Street Suite G
Traverse City, MI 49684

21

Cherri Elaine Trahan
22   16012 Braesgate Drive
Austin, TX 78717

23

Danny M Shook
24   PO Box 900
Kilauea, HI 96754

25

David E Duke
26   15555 Meadow Brook Circle Lane
Chesterfield, MO 63017-7529

27

Benjamin J. Grunwald
28   2531 South Evening Fog Circle
Palmer, AK 99645

John Bellinger
5 Manchester Drive
Lebanon, NH 03766

Gale E. Shultz
5690S 904E
Wolcottville, IN 46795

Linda Marie Silver
7480 Gallaudet Court
Manassas, VA 20112

Bracken J. De Witt
12599 Largo Drive
Fishers, IN 46037

Dan W. Glovak
PO Box 246
Troy, MI 48099-0246

Don R. Trueblood
18771 Vanderlip Ave
Santa Ana, CA 92705

Jerry L Taylor
19005 E. Low Place
Aurora, CO 50015

Thomas Ferg
14222 W. Dusty Trail Blvd
Sun City West, AZ 85375

Jeffrey Bates
281 Rangeway Rd
Billerica, MA 01862

John H. Kim, esq.
Cooksey, Toolen, Gage, Duffy & Woog 535
Anton Blvd, 10th Floor
Costa Mesa, CA 92626

John A. Zofchak
William R. Moriarty, 84 State Street
Boston, MA 02109

Capital One Bank (USA), N.A. by American
InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Fred M. Dycus
616 Augustan Lane
Knoxville, TN 37934

18

1  Jim T. Boyle
   9826 N. 46th Street
2  Phoenix, AZ  85028

3  Stephen Brister
   1025 Hunters Glen Circle
4  Edmond, OK  73012

5  Jack J. D'Elia
   6467 N.W. 37th Avenue
6  Coconut Creek, FL  33073

7  Ford Motor Credit Company
   John H Kim Esq, Cooksey Toolen Gage Duffy
8  and Woog; 535 Anton Blvd
   Costa Mesa, CA  92626
9
   Szabo Laszlo International, LLC (IRA) for
10 benefit of Laszlo Szabo
   H-7020 Dunafoldvar, Baross UTCA 44
11 Hungary

12 Judith E. Nagengast
   925 Anderson Frankton Rd.
13 Anderson, IN  46011

14 Charles W III and Melinda A. Wilson
   160 Deer Creek Road
15 Hulett, WY  82720

16 Craig M. and Joanne S. Okita
   246 Puumakani Street
17 Kahului, HI  96732

18 Gerald Hollenkamp
   240 5th Avenue South
19 St. Paul, MN  55075

20 Gerald L. Hopp Jr.
   819 Hilary Court
21 Longwood, FL  32750

22

23

24

25

26

27

28

19

DOCS_LA:277726.4 59935/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION RE NON-OPPOSITION RE NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER LIMITING SCOPE OF NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF R. TODD NEILSON: RE ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 30, 2014 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) June 30, 2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 30, 2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Federal Express
The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2014 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):
8:14-bk-11492-ES Notice will be electronically mailed to:

- Andrew S Bisom    abisom@bisomlaw.com
- Candice Bryner    candice@brynerlaw.com
- Philip Burkhardt    phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com
- Stephen L Burton    steveburtonlaw@aol.com
- Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com
- David L Gibbs    david.gibbs@gibbslaw.com, ecf@gibbslaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Lawrence J Hilton    lhilton@oneil-llp.com, ssimmons@oneil-llp.com;kdonahue@oneil-llp.com
- John H Kim    jkim@cookseylaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- R. Todd Neilson (TR)    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- Jason S Pomerantz    jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Richard C Spencer    rspencer@rspencerlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2.    **SERVED BY UNITED STATES MAIL:**

Debtor
The Tulving Company Inc
P.O. Box 6200
Newport Beach, CA 92658

Counsel for Debtor
Andrew S Bisom
The Bisom Law Group
8001 Irvine Center Drive, Ste.
1170
Irvine, CA 92618

Trustee
R. Todd Neilson (TR)
BRG, LLP
2049 Century Park East
Suite 2525
Los Angeles, CA 90067

U.S. Trustee
United States Trustee (SA)
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

Counsel for U.S. Trustee
Nancy S Goldenberg
411 W Fourth St Ste 9041
Santa Ana, CA 92701-8000

Laurence P Nokes on behalf of
Interested Party John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Accountants for Landlord
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA 92618

Interested Party
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway #
A201
Malibu, CA 90265

Counsel for Creditor Levon
Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

William C Berry
PO Box 686
Carlsborg, WA 98324

Berkeley Research Group LLC
2049 Century Park East
Suite 2525
Los Angeles, CA 90067

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.