1  Linda F. Cantor (CA Bar No. 153762)
   Jason S. Pomerantz (CA Bar No. 157216)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310-277-6910
4  Facsimile: 310-201-0760
   E-mail:lcantor@pszjlaw.com
5
   Counsel for R. Todd Neilson, Chapter 7 Trustee
6  for The Tulving Company, Inc.

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11  In re:                          Case No.: 8:14-bk-11492-ES

12  THE TULVING COMPANY, INC., a    Chapter 7
    California corporation,
13                                  **NOTICE OF MOTION AND MOTION OF
                                    THE CHAPTER 7 TRUSTEE FOR ORDER
14                        Debtor.   AUTHORIZING THE PRODUCTION OF
                                    DOCUMENTS BY A-MARK PRECIOUS
15                                  METALS, INC.  AND, IF NECESSARY AND
                                    REQUESTED BY THE TRUSTEE, FOR
16                                  EXAMINATION OF THE PERSON MOST
                                    QUALIFIED BY A-MARK PRECIOUS
17                                  METALS, INC. PURSUANT TO FED. R.
                                    BANKR. P. 2004; MEMORANDUM OF
18                                  POINTS AND AUTHORITIES IN SUPPORT
                                    THEREOF; AND SUPPORTING
19                                  DECLARATIONS OF NICHOLAS
                                    TROSZAK AND LINDA F. CANTOR**
20
                                    **[FED. R. BANKR. P. 2004 AND L.B.R.
21                                  2004-1]**

22                                  [No Hearing Required]

23  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE;**

24  **THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR; THE PROPOSED**

25  **EXAMINEE; AND PARTIES WHO HAVE FILED A REQUEST FOR SPECIAL NOTICE**

26  **PURSUANT TO BANKRUPTCY RULE 2002:**

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:279841.2 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PLEASE TAKE NOTICE THAT** R. Todd Neilson, in his capacity as the duly appointed, authorized and acting chapter 7 trustee of the above captioned Debtor's estate (the "Trustee"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") and Local Bankruptcy Rule 2004-1 ("LBR 2004-1"), hereby moves the Court (the "Motion") for an Order requiring that A-Mark Precious Metals, Inc. ( "A-Mark") produce the documents listed on **Exhibit "A"** attached hereto, and thereafter if necessary and requested by the Trustee, to submit for the person(s) most qualified for A-Mark to an oral examination before a certified court reporter.

The documents and potential examination are necessary because the Trustee has limited information concerning the transactions between the Debtor and A-Mark.  The Debtor did not file Schedules of Assets and Liabilities or a Statement of Financial Affairs (collectively, "Schedules").  The records available to the Trustee, primarily entries into the Debtor's Quickbooks files, are limited in detail and scope, but reveal extensive dealings between the Debtor and A-Mark.  The Trustee requires additional information regarding such dealings so that he can determine whether the estate holds any claims or causes of action relating to such transactions.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the attached *Declaration of Nicholas Troszak (the "Troszak Declaration")* and *Declaration of Linda F. Cantor* (the "Cantor Declaration"), the pleadings and records on file in the above-captioned bankruptcy case, and on such other matters and further evidence as may be presented to the Court on any hearing relating to this Motion.

**PLEASE TAKE FURTHER NOTICE** that if you do not object to the Motion, you need take no further action. However, if you object to the Motion, pursuant to Local Bankruptcy Rule 2004-1, any motions for protective orders must be filed and served in accordance with Local Bankruptcy Rule 2004-1 and set for hearing.  Any such motion for a protective order must be filed with the Clerk of the United States Bankruptcy Court, and must be served upon counsel for the Trustee at the mailing address indicated in the upper left-hand corner of the first page of this Motion, and the Office of the United States Trustee.  Failure to timely file and serve any motion for

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

protective order may result in any such opposition to the examination and production of documents and things being waived.

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the Motion and the Cantor Declaration, pursuant to Local Bankruptcy Rule 2004-1(a) and (b), counsel for the Trustee certifies as part of the Motion and attached declarations, that good faith efforts were used to meet and confer with the examinee to arrange for an agreeable date, time, place and scope of production and any potential examination.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the Motion and enter an Order thereon, which is lodged with the Court under separate cover and concurrently herewith in compliance with Local Bankruptcy Rules.

Dated:    November 25, 2014

**PACHULSKI STANG ZIEHL & JONES LLP**

By    */s/ Linda F. Cantor*
      Linda F. Cantor

      Counsel for R. Todd Neilson, Chapter 7
      Trustee for the Tulving Company, Inc.

DOCS_LA:279841.2 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By the within Motion, the Trustee seeks an order authorizing him to issue a subpoena for the production of documents by A-Mark and, after his review of such documents and if necessary, for the examination of the person(s) most qualified for A-Mark. The documents and examination are necessary in order to more fully understand that relationship between the Debtor and A-Mark, because the Trustee has limited information concerning the nature of the Debtor's business dealings with A-Mark which appear to be extensive based on the available books and records. The proposed dates, times and locations of the production of documents and, if necessary, the examination, are as follows, subject to Court approval of the Motion:

| Examination | Date and Time of Examination | Date and Time of Production of Documents and Things | Location of Examination and Production of Documents and Things |
|---|---|---|---|
| The person(s) most qualified for A-Mark | December 28, 2014 at 10:00 a.m. | December 18, 2014, at 10:00 a.m. | The office of Counsel for the Trustee, Pachulski Stang Ziehl & Jones LLP; Attn: Linda Cantor, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067. |

The examination will take place before a notary public or other authorized officer, may be videotaped, and will continue from day to day thereafter (weekends and holidays excluded) until completed or adjourned, but subject to the time limitations set forth in the Federal Rules of Civil Procedure.

## II.

## STATEMENT OF FACTS

### A.    Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    The Background of the Debtor's Business

The Debtor is a California corporation.  The Debtor was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone.  Prior to the filing of the bankruptcy, customer complaints concerning delayed or undelivered orders were increasingly made to the Better Business Bureau against the Debtor and in early March, 2014, a class-action lawsuit was filed against the Debtor and its principal in the United States District Court, Northern District of California.  The Debtor ceased operations on or about March 3, 2014.  Shortly before the initiation of these proceedings, a raid was conducted at the business offices of the Debtor by the Secret Service and the Department of Justice and the Debtor's computers and documents were seized for an ongoing criminal investigation.

### C.    Procedural Background of Case

The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 10, 2014.  In light of pending criminal investigation and other ongoing litigation, on March 18, 2014, the United States Trustee filed a Stipulation Appointing Chapter 11 Trustee [Docket No. 15] ("Stipulation"), which was signed by both the Debtor and its attorney.  The Stipulation was approved by the Bankruptcy Court on March 18, 2014 [Docket No. 16] and an Order was entered by the Court on March 21, 2014 approving the U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee, appointing R. Todd Neilson as Trustee of the Debtor's estate [Docket No. 22].  Thereafter upon notice and hearing, the case was converted to a chapter 7 and R. Todd Neilson continues to serve as the chapter 7 Trustee [Docket 108].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:279841.2 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# III.

## THE COURT SHOULD GRANT THE MOTION

## UNDER THE BROAD REACH OF RULE 2004

Rule 2004(a) of the Federal Rules of Civil Procedure provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(a); *see also* Local Rule 2004-1(b). The scope of such an examination is extremely broad and includes "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Rule 2004(b).

Measured against this broad standard, the request for examinations is proper and appropriate. Here, the Trustee is seeking to obtain information concerning the transactions between the Debtor and A-Mark. The Debtor did not file Schedules of Assets and Liabilities or a Statement of Financial Affairs (collectively, "Schedules").[1] The records available to the Trustee, primarily entries into the Debtor's Quickbooks files, are limited in scope and detail, but reveal substantial business dealings between the Debtor and A-Mark. The document production of A-Mark and the potential examination of A-Mark after the Trustee has reviewed the documents, are necessary because the Trustee has a duty to investigate the financial affairs of the Debtor under Section 704 of the Bankruptcy Code, and currently has limited information concerning the transactions between the Debtor and A-Mark. The Trustee requires additional information regarding such transactions and dealings so that he can determine whether the estate holds any claims or causes of action relating to such transactions.

Accordingly, the Trustee seeks an order of this Court requiring A-Mark to produce documents and thereafter, if necessary, to submit to an oral examination before a certified court reporter on ten (10) day written notice.

# IV.

## COMPLIANCE WITH LOCAL RULE 2004-1

Prior to filing this Motion, as set forth in the Cantor Declaration, attached hereto, the Trustee, through its counsel, contacted A-Mark prior to the filing of this Motion to advise them that the

---

[1] The Trustee has filed Schedules based on the information available to him.

DOCS_LA:279841.2 59935/002

1  Trustee wanted to obtain documentation about the relationship of A-Mark and the Debtor and would

2  seek an order of the Court.  The proposed examination cannot proceed under Federal Rules of

3  Bankruptcy Procedure 7030 or 9014 because there is no pending adversary proceeding or contested

4  matter relating to A-Mark.

**V.**

**CONCLUSION**

7        For the reasons stated herein, the Trustee respectfully requests that the Court grant the

8  Motion.  A form of Order is attached hereto as **Exhibit "B"** and incorporated herein by this

9  reference.

10  Dated:   November 25, 2014               PACHULSKI STANG ZIEHL & JONES LLP

12                                By:   _/s/ Linda F. Cantor_
                                        Linda F. Cantor (SBN 153762)

13                                     Counsel for R. Todd Neilson, Chapter 7 Trustee of
                                       the Tulving Company, Inc.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:279841.2 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DECLARATION OF NICHOLAS R. TROSZAK

I, Nicholas R. Troszak, declare as follows:

1.     I am a certified public account employed by Berkeley Research Group, LLC, accountants and financial advisors for R. Todd Neilson, the duly appointed chapter 7 trustee of the above-captioned bankruptcy case (the "Trustee"). I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

2.     The Debtor did not file Schedules of Assets and Liabilities or a Statement of Financial Affairs in this case. Since the appointment of the Trustee, I have been involved on a daily basis in the examination of the books and records of the Debtor. These books and records are primarily entries into the Debtor's Quickbooks files. Such entries are limited in detail and scope, but reveal substantial business dealings between the Debtor and A-Mark.

3.     The document production of A-Mark and the potential examination of A-Mark after the Trustee has reviewed the documents, are necessary because the Trustee has a duty to investigate the financial affairs of the Debtor under Section 704 of the Bankruptcy Code, and currently has limited information concerning the transactions between the Debtor and A-Mark. The Trustee requires additional information regarding such transactions and dealings so that he can determine whether the estate holds any claims or causes of action relating to such transactions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration is executed on this 25th day of November, 2014, at Los Angeles, California.

Nicholas R. Troszak

# DECLARATION OF LINDA F. CANTOR

I, Linda F. Cantor, declare as follows:

1.      I am an attorney at law duly licensed to practice in all courts in the State of California.  I am a member of the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel of record for R. Todd Neilson, the duly appointed chapter 7 trustee of the above-captioned bankruptcy case (the "Trustee").

2.      I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

3.      On or about November 25, 2014, I contacted counsel to A-Mark Precious Metals, Inc. ("A-Mark"), Douglas J. Frye, Esq., of Frye & Hsieh, LLP.  I explained that I represented the Trustee in The Tulving Company, Inc. bankruptcy and that I needed to obtain records about shipments to the Debtor.  I explained that I would apply to the Court for an order authorizing me to obtain such records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 25th of November, 2014, at Los Angeles, California.

_/s/ Linda F. Cantor_ _____
Linda F. Cantor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

# EXHIBIT "A"

## DEFINITIONS

Unless otherwise stated, the following definitions shall apply to this document:

1.      "BANKRUPTCY CASE" means the case commenced by the DEBTOR and
captioned *In re The Tulving Company, Inc.*, Chapter 7 Case No. 8:14-bk-11492-ES, which is
currently pending before the United States Bankruptcy Court for the Central District of
California.

2.      "COMMUNICATION(S)" means the transmittal of information (in the form of
facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any
nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations,
discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through
which any information is conveyed or transmitted.

3.      "DEBTOR" means The Tulving Company, Inc., including its directors, officers,
employees, agents, attorneys, investigators, experts, professionals, representatives, consultants,
and anyone acting on its behalf.

4.      The term "DOCUMENT" is used herein in the broadest possible sense as
specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes,
without limitation, all originals and copies, duplicates, drafts, and recordings of any written,
graphic or otherwise recorded matter, however produced, reproduced, or stored, and all
"writings" as defined in Rule 1001 of the Federal Rules of Evidence, including
COMMUNICATIONS, and all other tangible things by which human communication is
transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic
matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both

sides thereof, including without limitation any kind of written, typewritten, graphic,

photographic, printed, taped or recorded material whatsoever, regardless whether the same is an

original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or

author thereof, including without limitation, any writing filed for reporting or other purposes

with any state, federal or local agency; notes; memoranda, including but not limited to

memoranda of telephone conversations; letters; audited financial statements; unaudited financial

statements; financial ledgers; intra-office or inter-office communications; circulars; bulletins;

manuals; results of investigations; progress reports; study made by or for business or personal

use; financial reports and data of any kind; working papers; contracts; agreements; affidavits;

declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or

tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts;

expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer

data; job or transaction files; appointment books; books, records, and copies; electronic mail

messages; extracts and summaries of other documents; drafts of any of the above, whether used

or not; and any other writing or recording; computer and other business machine printouts,

programs, listings, projections, as well as any carbon or photographic or copies, reproductions or

facsimiles thereof and all copies which differ in any way from the original, including without

limitation, all forms of electronic media, data, data storage and other forms of electronic or

computer-stored or computer-generated communications, data, or representations. This includes,

but is not limited to, such material in the form of ELECTRONICALLY STORED

INFORMATION: that is, any data, including COMMUNICATIONS, present in memory or on

magnetic or optical storage media as an "active" file or files (readily readable by one or more

computer applications or forensics software), saved in an archive, present as "deleted" but

recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT is to be considered a separate DOCUMENT.

5.    "EACH" shall be construed as "all" and "each."

6.    "ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU or the FIRM, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees and the FIRM, or on associated external storage media, backup tapes, and other archival copies of same.

7.    "IDENTIFY" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

8.    "INSIDER" shall have the meaning ascribed to it under 11 U.S.C. §101(31).

9.    "PERSON" is defined as any natural person or any business, legal, or governmental entity or association.

10.    "PERTINENT PERIOD" means January 1, 2011 to the present.

10

11.    "PETITION DATE" means March 10, 2014.

12.    The term "RELATING TO" shall mean describing, discussing, evidencing, referring to, concerning constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, summarizing, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

13.    "YOU" or "YOUR" shall mean A-Mark Precious Metals, Inc., including any of its directors, officers, employees, agents, attorneys, investigators, experts, professionals, representatives, consultants, and anyone acting on its behalf.

INSTRUCTIONS

A.    YOU are required to conduct a thorough investigation and produce all DOCUMENTS in your possession, custody, and control including all DOCUMENTS in the possession, custody and control of your attorneys, investigators, experts, officers, directors, employees, agents, representatives, consultants, and anyone acting on your behalf.

B.    The use of the singular form of any word includes the plural, and vice versa.

C.    The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D.    If YOU are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, IDENTIFY the following information:

1.    The date of the DOCUMENT;

2.    The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

11

     3.     The general subject matter of the DOCUMENT;

     4.     The name, address, telephone number and title of the author(s) of the DOCUMENT;

     5.     The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

     6.     The number of pages in the DOCUMENT;

     7.     The document control number, if any;

     8.     The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

     9.     A specific description of the subject matter of the DOCUMENT;

     10.     The reason why the DOCUMENT cannot be produced or why you are unable to comply with the particular category of request.

     E.     YOU are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions.  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

     F.     YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

DOCS_LA:279841.2 59935/002

G.    YOU are required to produce ELECTRONICALLY STORED INFORMATION

in searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to

counsel to the Trustee.  If necessary, all ELECTRONICALLY STORED INFORMATION shall

be translated before production into reasonably usable form.  Unless otherwise specified,

documents, reports, and other ELECTRONICALLY STORED INFORMATION created using

any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or

any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be

produced in native form; that is, the form in which the document is currently stored on whatever

media it currently resides.  The document should not be locked, resaved, restructured,

"scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be

produced in a copy precisely reproducing its entire state as present in YOUR systems.  Electronic

mail (e-mail) should be produced in native form; that is, in whatever database and/or

file/directory structures are used by YOUR mail processing software.  All metadata and other

unapparent or hidden data related to mail messages shall be produced, including, but not limited

to, any file attachments, message priority flags, message read/access timestamps, and, in the case

of e-mail sent to distribution lists, information on the membership of such lists at the time the e-

mail was sent.

H.    If YOU withhold or redact a portion of any DOCUMENT under a claim of

privilege or other protection, each such DOCUMENT must be identified on a privilege log,

which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive

to this Request for Production, and which privilege log shall IDENTIFY the following

information:

1.    The date of the DOCUMENT;

2.      The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

3.      The general subject matter of the DOCUMENT;

4.      The name, address, telephone number and title of the author(s) of the

DOCUMENT;

5.      The name, address, telephone number and title of each recipient and/or addressee

of the DOCUMENT;

6.      The number of pages in the DOCUMENT;

7.      The document control number, if any;

8.      The present location(s) of the DOCUMENT and the name, address and telephone

number of the person(s) who has (have) possession of the DOCUMENT;

9.      A general description of the subject matter of the DOCUMENT or the portion

redacted without disclosing the asserted privileged or protected communication;

10.     The specific privilege(s) or protection(s) that you contend applies.

11.     Requests RELATING TO any PERSON shall include such PERSON'S

employees, agents, attorneys, investigators, experts, professionals, officers, directors,

representatives, and anyone acting on such PERSON'S behalf.

I.      Unless specified otherwise, the relevant time period for each of the Requests

shall be January 1, 2011 to the date upon which YOU produce documents responsive to these

requests.

## DOCUMENTS TO BE PRODUCED

REQUEST NO. 1:

All DOCUMENTS RELATING TO any transactions, transfers or business dealings

between DEBTOR and A-MARK during the PERTINENT PERIOD, including all ledger

14

records, purchase orders, invoices, delivery records or confirmations, cancelled checks, wire

confirmations or instructions, receipts.

DOCS_LA:279841.2 59935/002

# EXHIBIT B

1  Linda F. Cantor (CA Bar No. 153762)
Pachulski Stang Ziehl & Jones LLP

2  10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067

3  Telephone: 310-277-6910
Facsimile: 310-201-0760

4  E-mail: lcantor@pszjlaw.com

5

6  Counsel for R. Todd Neilson,
Chapter 7 Trustee for The Tulving Company, Inc.

7

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **SANTA ANA DIVISION**

11

12  In re:               Case No.: 8:14-bk-11492-ES

Chapter 7

13  THE TULVING COMPANY, INC., a California
corporation,

14               **ORDER AUTHORIZING PRODUCTION
OF DOCUMENTS AND EXAMINATION
OF A-MARK PRECIOUS METALS, INC.
PURSUANT TO FED. R. BANKR. P. 2004**

15      Debtor.

16               **[NO HEARING REQUIRED PURSUANT
TO L.B.R. 2004-1(d)]**

17

18

19       Upon consideration of the *Motion for Order Authorizing the Production of Documents and*

20  *Examination of A-Mark Precious Metals, Inc. Pursuant to Fed. R. Bankr. P. 2004; Memorandum of*

21  *Points and Authorities in Support Thereof; and Supporting Declarations of Nicholas Troszak and*

22  *Linda F. Cantor* (the "Motion") filed by the Chapter 7 trustee herein (the "Trustee"); and good cause

23  appearing therefore:

24      **IT IS HEREBY ORDERED** that:

25      1.    The Motion is granted;

26      2.    The Trustee shall issue a subpoena to A-Mark Precious Metals, Inc. requiring it to

27  produce the documents listed on Exhibit "A", attached to the Motion, and thereafter to submit to

28  examination under oath upon ten (10) days written notice; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:279841.2 59935/002

3.   The Court shall maintain jurisdiction of this matter.

# # #

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION OF THE CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY A-MARK PRECIOUS METALS, INC. AND, IF NECESSARY AND REQUESTED BY THE TRUSTEE, FOR EXAMINATION OF THE PERSON MOST QUALIFIED BY A-MARK PRECIOUS METALS, INC. PURSUANT TO FED. R. BANKR. P. 2004; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND SUPPORTING DECLARATIONS OF NICHOLAS TROSZAK AND LINDA F. CANTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 25, 2014,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:** On (*date*) **November 25, 2014,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Personal Delivery*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 25, 2014 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:283680.1 59935/002

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Wesley H Avery    wamiracle6@yahoo.com, wavery@rpmlaw.com
- Candice Bryner    candice@brynerlaw.com
- Philip Burkhardt    phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com
- Stephen L Burton    steveburtonlaw@aol.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com
- David L Gibbs    david.gibbs@gibbslaw.com, ecf@gibbslaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Lawrence J Hilton    lhilton@oneil-llp.com, ssimmons@oneil-llp.com;kdonahue@oneil-llp.com
- John H Kim    jkim@cookseylaw.com
- R. Todd Neilson (TR)    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- Jason S Pomerantz    jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Richard C Spencer    rspencer@rspencerlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

The Tulving Company Inc.
P.O. Box 6200
Newport Beach, CA 92658

Attorneys for A-Mark
Douglas J. Frye, Esq.
Frye & Hsieh, LLP
24955 Pacific Coast Highway, Ste A201
Malibu, CA 90265

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.