Richard K. Howell (State Bar No. 144241)
rhowell@rutan.com
Roger F. Friedman (State Bar No. 186070)
rfriedman@rutan.com
Gerard M. Mooney (State Bar No. 222137)
gmooney@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Interested Parties
Levon Gugasian and Armen Haig Gugasian

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:14-bk-11492-ES |
| THE TULVING COMPANY, INC., a California corporation,<br><br>Debtor. | Chapter 7<br><br>**LIMITED OPPOSITION TO AND REQUEST FOR HEARING RE MOTION FOR ORDER (A) APPROVING AND AUTHORIZING THE TRUSTEE AND DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE**<br><br>[HEARING REQUESTED PURSUANT TO L.B.R. 9013-1(o)(4)] |

1     Levon Gugasian and Armen Gugasian (collectively, the **"Gugasians"**), hereby submit their *Limited Opposition to the Motion for Order (A) Approving and Authorizing the Trustee and Debtor to Enter Into Supplemental Consent Order Assessing Restitution and Civil Monetary Penalty Against Defendants the Tulving Company, Inc. and Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. to Execute The Supplemental Consent Order With The United States Commodity Future Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code*, filed by Weneta M.A. Kosmala, the Chapter 7 Trustee ("**Trustee**") of the bankruptcy estate of The Tulving Company, Inc. ("**Debtor**") [Doc. 666] (the "**Motion**"). In addition, the Gugasians request a hearing on the Motion pursuant to L.B.R. 9013-1(o)(4).

    The Trustee's Motion seeks to add $15.7 million in liability to Debtor's balance sheet under the terms of a Supplemental Consent Order stemming from an action brought against Debtor by the U.S. Commodity Futures Trading Commission (the "**Commission**") in the United States District Court for the Western District of North Carolina (the "**District Court**") in 2015. Under any circumstance, the liability to the Commission arose no earlier than January 2016, when the District Court entered the Consent Order.

    The Trustee has brought adversary proceedings against the Gugasians involving alleged fraudulent transfers purportedly occurring in early 2011 through early 2014. The Gugasians make this Limited Opposition to ensure that the date of any additional liability the Trustee seeks to impose upon Debtor is limited to the proper timeframe of January 2016. In addition, the Gugasians oppose any effort by the Trustee to utilize the additional liability of the Consent Order in support of her allegation that Debtor was insolvent at the time of the alleged fraudulent transfers in the adversary proceedings against the Gugasians. Not only are the transactions not fraudulent transfers at all, they also occurred before – in some cases several years before – entry of the Consent Order.

/ / /

/ / /

## I. RELEVANT FACTUAL BACKGROUND

On March 10, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, thereby commencing the above-captioned bankruptcy case, Bankruptcy Case No. 8:14-bk-11492-ES. On March 21, 2014, R. Todd Neilson was appointed as the Chapter 11 trustee. On March 29, 2014, the Court entered its Order converting this case to one under Chapter 7 of Title 11 of the United States Code. On June 10, 2014, R. Todd Neilson was appointed as the Chapter 7 trustee.

On March 9, 2016, R. Todd Neilson filed his Complaints for Avoidance and Recovery of Fraudulent Transfers (the "**Complaints**") against the Gugasians, thereby commencing Adversary Proceedings Nos. 8:16-ap-01083 ("**Armen Gugasian Adversary Proceeding**") and 8:16-ap-01084 ("**Levon Gugasian Adversary Proceeding**," and collectively, the "**Adversary Proceedings**"). The Complaints in the Adversary Proceedings allege that, between early 2011 and early 2014, which timeframe was before Debtor's filing of its bankruptcy case, the Gugasians received salaries from Debtor and Debtor paid Levon Gugasian for rent and tenant improvements for real property owned by Levon Gugasian. [Doc. 1 (Levon Gugasian Adversary Proceeding); Doc. 1 (Armen Gugasian Adversary Proceeding).]

On April 1, 2016, the Court appointed the Trustee as the successor Chapter 7 trustee, replacing Mr. Neilson. On April 11, 2016, the Gugasians filed their Amended Answers to the Trustee's Complaints, denying the Trustee's allegations of fraudulent transfers. [Doc. 5 (Levon Gugasian Adversary Proceeding); Doc. 5 (Armen Gugasian Adversary Proceeding).] On August 10, 2016, before the commencement of discovery, the Parties attended a mediation which did not result in a settlement of the Adversary Proceedings. (*See First Stipulation to Continue Pretrial Conference and Related Deadlines in Adversary Proceedings* filed in 8:16-ap-01083-ES on March 16, 2017 [Doc. 22 (Levon Gugasian Adversary Proceeding); Doc. 22 (Armen Gugasian Adversary Proceeding) (the "**Stipulation**") at ¶¶ 5–8].)

/ / /

On or about November 2, 2016, the Gugasians retained new counsel – Rutan & Tucker, LLP – to represent them in the Adversary Proceedings. Since the Gugasians' retention of their new counsel, the Trustee and the Gugasians have been conducting discovery and litigating the Adversary Proceedings. (Stipulation, ¶¶ 10–11.) Currently, the discovery completion deadline is September 29, 2017, and the Pretrial Conference is set for November 16, 2017. [Doc. 24 (Levon Gugasian Adversary Proceeding); Doc. 24 (Armen Gugasian Adversary Proceeding).]

## II. BRIEF SUMMARY OF RELIEF SOUGHT BY THE MOTION

By the Motion, the Trustee seeks the Court's approval and authorization to enter into the *Supplemental Consent Order Assessing Restitution and Civil Monetary Penalty Against Defendants The Tulving Company, Inc. and Hannes Tulving, Jr.* (the "**Supplemental Consent Order**"). The Supplemental Consent Order provides, among other things, that the Debtor and Hannes Tulving, Jr. shall "pay jointly and severally, a civil monetary penalty in the amount of $15,761,432, plus post judgment interest" (the "**CMP Obligation**"), pursuant to a Consent Order entered by the District Court in January 2016, nearly two years after the Debtor filed its bankruptcy case. (Motion at 7–8.) Pursuant to the Supplemental Consent Order, the CMP Obligation is expressly subordinated to claims of customers of Debtor pursuant to § 726(a)(4) of the Bankruptcy Code. (Motion, Exh. A, at p. 23.)

## III. LIMITED OBJECTION

The Gugasians object to the Motion, on a limited basis, to the extent that the Trustee is attempting to attribute the CMP Obligation to the Debtor's liabilities at any time prior to, as of, or after December 31, 2010, through and including February 17, 2014, which is the end date of the purportedly fraudulent transfers that the Trustee alleges in the Adversary Proceedings. The Trustee alleges in the Complaint in the Levon Gugasian Adversary Proceeding as follows:

> Plaintiff is informed and believes, and thereon asserts that at all relevant times, and at least since **December 31, 2010**, the Debtor: (a) was insolvent; (b) was engaged in or was about to engage in transactions for which its remaining assets were unreasonably small

in relation to the s [sic] transactions; or (c) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond its ability to pay as they became due. (Levon Gugasian Adversary Proceeding, Complaint, ¶ 24 (emphasis added); see also Armen Gugasian Adversary Proceeding Complaint, ¶ 12.)

Whether Debtor was insolvent or solvent as of the date of the transfers to and transactions with the Gugasians that the Trustee seeks to avoid (the "**Transfers**") is a contested issue that might be dispositive of the Adversary Proceedings. The District Court entered the Consent Order in January 2016. Notably, however, the Motion is silent as to precisely when the CMP Obligation is alleged to have been incurred. If the Trustee seeks to somehow retroactively apply the CMP Obligation to the Debtor's liabilities, then the Gugasians oppose the addition of more than $15,761,432 to the Debtor's liabilities at the time of the alleged Transfers – particularly without any evidence being offered on this issue by the Trustee, and without the opportunity to conduct any discovery on this issue. Indeed, the Trustee apparently is seeking to add more than $15 million to the Debtor's liabilities by "consent" of the Trustee (who seeks to impose substantial fraudulent transfer liability on the Gugasians) and Hannes Tulving (who is subject to a cooperation agreement with the government, and who has a significant interest in cooperating with the Trustee and the government). Importantly, the Motion does not provide any ground for any retroactive liability or accounting.

Based on the foregoing, the Gugasians submit this Limited Opposition in an abundance of caution, and respectfully request that the Trustee specify the date on which the Debtor is deemed to have incurred the CMP Obligation. If that date impacts the analysis of the Debtor's solvency as of the date of any of the Transfers alleged in the Adversary Proceedings against the Gugasians, then the Gugasians request that (i) the Motion be denied as lacking any support for such retroactive liability or accounting; or

/ / /
/ / /
/ / /
/ / /

1 | alternatively, (ii) the Court treat the Motion as a contested matter under Fed. R. Bankr. P.
2 | 9014, subject to the applicable Rules in Part VII of the Fed. R. Bankr. P., and set the matter
3 | for a further hearing.

Dated:  June 14, 2017

RUTAN & TUCKER, LLP
RICHARD K. HOWELL
ROGER F. FRIEDMAN
GERARD M. MOONEY
CAROLINE R. DJANG

By:      /S/  *Roger F. Friedman*
    Roger F. Friedman
    Attorneys for Interested Parties
    Levon Gugasian and Armen Haig
    Gugasian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
611 Anton Blvd., Ste. 1400, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OPPOSITION TO AND REQUEST FOR HEARING RE MOTION FOR ORDER (A) APPROVING AND AUTHORIZING THE TRUSTEE AND DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>June 14, 2017</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) <u>June 14, 2017</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2017 | Cecilia Solórzano | */s/ Cecilia Solórzano* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Wesley H Avery    wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- Candice Bryner    candice@brynerlaw.com
- Philip Burkhardt    phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com
- Stephen L Burton    steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com
- Roger F Friedman    rfriedman@rutan.com
- David L Gibbs    david.gibbs@gibbslaw.com, ecf@gibbslaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Lawrence J Hilton    lhilton@onellp.com, lthomas@onellp.com;info@onellp.com;evescance@onellp.com;crodriguez@onellp.com;rwenzel@onellp.com
- James KT Hunter    jhunter@pszjlaw.com
- Robbin L Itkin    ritkin@linerlaw.com, cbullock@linerlaw.com
- John H Kim    jkim@cookseylaw.com, jhkim@ecf.courtdrive.com
- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Richard C Spencer    rspencer@rspencerlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**