1  Linda F. Cantor (CA Bar No. 153762)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California  90067-4100
3  Telephone: 310-277-6910
   Facsimile:  310-201-0760
4  Email:  lcantor@pszjw.com

5

6

   Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee for
7  The Tulving Company, Inc.

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   SANTA ANA DIVISION

11 In re:                          Case No.: 8:14-bk-11492-ES

12 THE TULVING COMPANY, INC., a    Chapter 7
   California corporation,
13                                 **DECLARATION IN SUPPORT OF**
                                   **APPROVAL OF CONSENT ORDER**
14                     Debtor.     **MOTION**

15                                 **[Relates to Docket No. 666]**

16
                                   **[No Hearing Required]**
17

18

19
         I, Linda F. Cantor, declare as follows:
20
         1.      I am an attorney at law, duly licensed and entitled to practice before Courts in the
21
   State of California and before this Court.  I am a partner in the law firm of Pachulski Stang Ziehl &
22
   Jones LLP, counsel of record to the Trustee herein.
23
         2.      I am making this Declaration in support of the Court's approval of the *Notice of*
24
   *Motion and Motion For Order (A) Approving And Authorizing The Trustee And Debtor To Enter*
25
   *Into Supplemental Consent Order Assessing Restitution And Civil Monetary Penalty Against*
26
   *Defendants The Tulving Company, Inc. And Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr.*
27
   *To Execute the Supplemental Consent Order with the United States Commodity Future Trading*
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Commission on Behalf of the Debtor, and (C) for Related Relief Pursuant to Sections 105 And 362 Of The Bankruptcy Code; Memorandum Of Points And Authorities In Support Thereof;* [Docket No. 666] (the "Consent Order Motion").  I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would testify competently thereto.

3.    On May 31, 2017, my office filed and served the Consent Order Motion and Notice thereof on required parties using the methods identified on the Proof of Service of the notice of motion.  A copy of the Consent Order Motion obtained from the Public Access to Court Electronic Records is attached hereto as **Exhibit A**.

4.    The Consent Order Motion was filed pursuant to Rule 9013-1(o) of the Local Bankruptcy Rules for the Central District of California.

5.    A Limited Opposition and request for hearing on the Consent Order Motion was filed on June 14, 2017, by Interested Parties Levon Gugasian and Armen Haig Gugasian (the "Gugasians") [Dkt. No. 671] (the "Limited Opposition"].  A copy of the Limited Opposition obtained from the Public Access to Court Electronic Records is appended hereto as **Exhibit B**.  The Gugasians' counsel also advised me that the Gugasians had an objection (the "Informal Objection") to the Trustee's *Motion for Order (1) Approving Coin Valuations and Distribution Schedule Of Error Coins to Victim/Creditors, And (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Dkt. No. 667] (the "Error Coin Motion").

6.    The Limited Opposition to the Consent Order Motion and the Informal Objection to the Error Coin Motion were resolved pursuant to the terms of the *Stipulation Re: (1) Limited Opposition To Motion To Approve And Authorize The Debtor To Enter Into Supplemental Consent Order With The United States Commodity Future Trading Commission [Dkt. No. 666]; And (2) Limited Opposition to Motion for Order (1) Approving Coin Valuations and Distribution Schedule Of Error Coins to Victim/Creditors, And (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Dkt. No. 667] by and among the Trustee and the Gugasians (the "Stipulation").  A copy of the Stipulation obtained from the Public Access to Court Electronic Records is appended hereto as **Exhibit C**.

7.    The Stipulation was approved by Order of the Bankruptcy Court entered July 1, 2017

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

[Dkt. No. 681] (the "Order Approving Stipulation"). A copy of the Order Approving Stipulation obtained from the Public Access to Court Electronic Records is appended hereto as **Exhibit D**.

8.     Pursuant to the terms of the Stipulation, the Limited Opposition and request for a hearing on the Consent Order Motion was deemed withdrawn by the Gugasians upon entry of the Order Approving Stipulation. *See* Stipulation at page 3, paragraph 3, lines 25-26. By its terms, Local Bankruptcy Form 9013-1.2.NO.REQUEST.HEARING.DEC ("Form 9013-1.2") was inapplicable to the Consent Order Motion and not filed.

9.     On July 17, 2017, my firm filed and served a *Notice Of Lodgment Of Order (A) Approving And Authorizing The Debtor To Enter Into Supplemental Consent Order Assessing Restitution And Civil Monetary Penalty Against Defendants The Tulving Company, Inc. and Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. To Execute The Supplemental Consent Order With The United States Commodity Future Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code* [Dkt. No. 687] (the "Notice of Lodgment"). A copy of the Notice of Lodgment obtained from the Public Access to Court Electronic Records is appended hereto as **Exhibit E**.

10.     On July 17, 2017, my office caused to be uploaded via the Court's LOU system the *Order (A) Approving And Authorizing The Debtor To Enter Into Supplemental Consent Order Assessing Restitution And Civil Monetary Penalty Against Defendants The Tulving Company, Inc. And Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. To Execute The Supplemental Consent Order With The United States Commodity Future Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code* (the "Order Granting the Consent Order Motion").

/ /
/ /
/ /
/ /
/ /
/ /
/ /

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    11.    As of this date, the Court has not entered the Order Grating the Consent Order

2    Motion.  This Declaration is submitted in lieu of Form 9013-1.2., in support of the Consent Order

3    Motion, and to clarify its procedural history including the Gugasians' withdrawal of the Limited

4    Opposition and request for hearing thereon.

5        I declare under penalty of the perjury under the laws of the United States that the foregoing

6    the true and correct.

7        Executed this 10th day of August 2017.

8                                            _____ /s/ Linda F. Cantor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1  Linda F. Cantor (CA Bar No. 153762)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California  90067-4100
3  Telephone:  310-277-6910
   Facsimile:  310-201-0760
4  Email:  lcantor@pszjw.com

5  Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee for
   The Tulving Company, Inc.

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                         SANTA ANA DIVISION

11  In re:                                   Case No.: 8:14-bk-11492-ES

12  THE TULVING COMPANY, INC., a             Chapter 7
    California corporation,
13                                           NOTICE OF MOTION AND MOTION
                                             FOR ORDER (A) APPROVING AND
14                          Debtor.          AUTHORIZING THE TRUSTEE AND
                                             DEBTOR TO ENTER INTO
15                                           SUPPLEMENTAL CONSENT ORDER
                                             ASSESSING RESTITUTION AND CIVIL
16                                           MONETARY PENALTY AGAINST
                                             DEFENDANTS THE TULVING
17                                           COMPANY, INC. AND HANNES
                                             TULVING, JR. (B) AUTHORIZING
18                                           HANNES TULVING, JR. TO EXECUTE
                                             THE SUPPLEMENTAL CONSENT
19                                           ORDER WITH THE UNITED STATES
                                             COMMODITY FUTURE TRADING
20                                           COMMISSION ON BEHALF OF THE
                                             DEBTOR, AND (C) FOR RELATED
21                                           RELIEF PURSUANT TO SECTIONS 105
                                             AND 362 OF THE BANKRUPTCY CODE;
22                                           MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT THEREOF;
23                                           DECLARATION OF WENETA M. A.
                                             KOSMALA
24
                                             [NO HEARING REQUIRED PURSUANT
25                                           TO L.B.R. 9013-1]

26  TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

27  OFFICE OF THE UNITED STATES TRUSTEE, PARTIES THAT HAVE FILED

28  REQUESTS FOR SPECIAL NOTICE, AND OTHER INTERESTED PARTIES:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    **PLEASE TAKE NOTICE** that Weneta M. A. Kosmala, the duly appointed chapter 7 trustee

2    (the "Trustee") for The Tulving Company, Inc. (the "Debtor"), in the above-entitled chapter 7 case,

3    hereby files this motion (the "Motion") for the entry of an order or orders, pursuant to Sections 105

4    and 362 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), (a)

5    approving and authorizing the Debtor to enter into the *Supplemental Consent Order Assessing*

6    *Restitution And Civil Monetary Penalty Against Defendants The Tulving Company, Inc. and Hannes*

7    *Tulving, Jr.* (the "Supplemental Consent Order") by and among the U.S. Commodity Futures

8    Trading Commission (the "CFTC"), the Debtor and Hannes Tulving, Jr. ("Hannes Tulving"), the

9    Debtor's sole shareholder (collectively, the "Parties"); (b) authorizing Hannes Tulving, on behalf of

10   the Debtor, to sign the Supplemental Consent Order on behalf of the Debtor, and (c) for related

11   relief. A copy of the Supplemental Consent Order is appended hereto as **Exhibit A**.

12       The Supplemental Consent Order imposes an award of a civil monetary penalty against the

13   Debtor and Hannes Tulving in the amount of $15,761,432, subordinated to the payment of all claims

14   of the Debtor's customers as described below. The imposition of subordinated civil penalties by the

15   CFTC against the Debtor and Hannes Tulving was authorized by the Bankruptcy Court under the

16   *Consent Order for Permanent Injunction and Other Relief Against the Tulving Company, Inc. and*

17   *Hannes Tulving, Jr.* (the "Consent Order") entered December 17, 2015 [Dkt. No. 305].[1] The

18   Consent Order was approved by Order of the United States District Court for the Western District of

19   North Carolina (the "NC District Court") on January 4, 2016, and entered January 5, 2016. A copy

20   of the Consent Order is appended hereto as **Exhibit B**.

21       In the Consent Order, the Debtor and Hannes Tulving (a) admitted to certain violations of the

22   Commodity Exchange Act, 7 U.S.C. § § 1-26 (2012), and the Commissions' Regulations

23   promulgated thereunder, (b) consented to a permanent injunction against the conduct described

24   therein, and (c) agreed to the payment of restitution, disgorgement and civil monetary penalties, plus

25   interest, if ordered by the NC District Court. The Supplemental Consent Order imposes the civil

26   penalty described in, and authorized by the Consent Order. Paragraph 17 of the Consent Order

27

28   ---
[1] The Consent Order resolved the *Complaint Against The Tulving Company, Inc. and Hannes Tulving, Jr. for Permanent Injunction, Civil Penalties, and Other Equitable Relief* filed by the CFTC in case number 3:15 – cv-424-RJC-DSC, pending in the United States District Court for the Western District of North Carolina.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    expressly provides that any civil penalty imposed by the District Court be subordinated to claims of

2    customers of the Debtor and other senior classes of creditors including general unsecured creditors,

3    in the Debtor's bankruptcy case pursuant to Section 726(a)(4) of the Bankruptcy Code.

4         The Trustee, in the exercise of her business judgment, requests approval of the Supplemental

5    Consent Order and authorization for Hannes Tulving's execution of same on behalf of the Debtor, as

6    fair and reasonable and in the best interests of the Estate.  Entry into the Consent Order avoided

7    unnecessary, time consuming and costly multi-district disputes among the Debtor, Hannes Tulving

8    and the CTFC.  Entry into the Supplemental Consent Order implements the terms of the Consent

9    Order already approved by this Court, as does the grant of relief from the automatic stay to impose

10   the penalty claim on behalf of the CFTC.

11        **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion,

12   the accompanying Memorandum of Points and Authorities, the Declaration of Weneta M. A.

13   Kosmala that is attached to the Motion, and any other admissible evidence properly brought before

14   the Court.

15        **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires

16   that any response to the Motion and a request for a hearing thereon be filed with the Bankruptcy

17   Court and served upon Trustee's counsel at the address appearing on the upper-left hand corner of

18   the caption page to this Motion and the Office of the U.S. Trustee within fourteen (14) days of the

19   date of service of the Motion.  Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely

20   file and serve written opposition may be deemed by the Court to be consent to the granting of the

21   relief requested in the Motion.

22

23

24

25

26

27

28

DOCS_LA:305974.1 59935/002

1    **WHEREFORE**, the Trustee respectfully requests that the Court (a) approve and authorize

2    the Debtor to enter into the Supplemental Consent Order, including taking all actions necessary to

3    implement same, (b) approve the execution of the Supplemental Consent Order by Hannes Tulving,

4    on behalf of the Debtor, (c) grant relief from the automatic stay for the imposition of the

5    subordinated penalty claim by the NC District Court under the Consent Order, and (d) grant such

6    other and further relief as is just and proper under the circumstances.

7

8    Dated:    May 31, 2017                PACHULSKI STANG ZIEHL & JONES LLP

9                                    By    /s/ Linda F. Cantor
                                        Linda F. Cantor
10
                                    Counsel for R. Weneta M.A. Kosmala, Chapter
11                                   7 Trustee of The Tulving Company, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    The Background of the Debtor's Business

The Tulving Company, Inc. ("Debtor") is a California corporation.  The Debtor was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone.  Prior to the filing of the bankruptcy, customer complaints concerning delayed or undelivered orders were increasingly made to the Better Business Bureau against the Debtor and in early March, 2014, a class-action lawsuit was filed against the Debtor and Hannes Tulving, Jr., the Debtor's sole shareholder and principal ("Hannes Tulving") in the United States District Court, Northern District of California.  A criminal investigation of the Debtor and Tulving by the Government was also being pursued, as described below.  The Debtor ceased operations on or about March 3, 2014.

### B.    Procedural Background of the Bankruptcy Case

The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 10, 2014.   In light of the pending criminal investigation and other ongoing litigation against the Debtor, on March 18, 2014, the United States Trustee filed a *Stipulation Appointing Chapter 11 Trustee* [Docket No. 15] (the "Stipulation"), which was signed by both the Debtor and its attorney.  The Stipulation was approved by the Bankruptcy Court on March 18, 2014 [Docket No. 16] and an Order was entered by the Court on March 21, 2014 approving the *U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee, appointing R. Todd Neilson as Trustee of the Debtor's estate* [Docket No. 22].  Thereafter upon notice and hearing, the case was converted to a chapter 7 and R. Todd Neilson was appointed as the chapter 7 Trustee [Docket 108].  On March 22, 2016, Mr. Neilson filed his Withdrawal of Trustee [Docket 564].  The UST filed its *Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Trustee* dated April 1, 2016 [Docket 566], appointing Weneta M. A. Kosmala as the chapter 7 trustee of the Debtor's estate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## C.    The Criminal Case

On March 8, 2014, Special Agents of the United States Secret Service executed a Search Warrant on the Debtor's offices on probable cause that the Debtor and Hannes Tulving were engaged in fraud.  The Search Warrant resulted in the seizure of the Debtor's property including rare coins and other valuable items.  Criminal proceedings against the Debtor and Hannes Tulving ensued before the United States District Court for the Western District of North Carolina (the "Criminal Case").

Hannes Tulving entered into a Plea Agreement in the Criminal Case.  Pursuant to Order of this Court entered July 22, 2015 [Docket No. 264], Hannes Tulving was authorized to sign on behalf of the Debtor, the Plea Agreement and a *"Coordination Agreement for Disbursement of Seized Items from United States to Bankruptcy Trustee and from Trustee to Victims"* in the Criminal Case. (Under the Plea Agreement, the Debtor and Hannes Tulving each plead guilty to 18 U.S.C. § 1343 wire fraud charge as set forth in Count One of a Bill of Information in the Criminal Case.)

On or about September 11, 2015, the U.S. Commodity Futures Trading Commission (the "CFTC") filed a *"Complaint Against The Tulving Company, Inc. and Hannes Tulving, Jr. for Permanent Injunction, Civil Penalties, and Other Equitable Relief"* (the "Complaint"), alleging violations of the Commodity Exchange Act, 7 U.S.C. §§ 1-26 (2012) (the "Act") and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1-190.10 (2013) in case number 3:15 – cv-424-RJC-DSC, pending in the United States District Court for the Western District of North Carolina (the "NC District Court").  The grounds for the Complaint were based upon substantially the same operative facts underlying the Debtor's and Hannes Tulving's guilty plea in the Criminal Case referenced above, but the charges are civil and not criminal.

To consensually resolve the Complaint, the CFTC, the Debtor and Hannes Tulving entered into that certain *Consent Order of Permanent Injunction and Other Relief Against The Tulving Company, Inc. and Hannes Tulving, Jr.* (the "Consent Order"), which was approved by order of the Bankruptcy Court entered December 17, 2015 [Dkt. No. 305], and by order of the NC District Court entered January 5, 2016.  Hannes Tulving executed the Consent Order on behalf of the Debtor

1    pursuant to order of this Court.  A copy of the Consent Order is appended to the Motion as **Exhibit**

2    **B**.

3         Under the Consent Order, Hannes Tulving and the Debtor admitted to the violations alleged

4    in the Complaint, consented to a permanent injunction against the conduct described therein and

5    agreed to the payment of restitution, disgorgement and civil monetary penalties, plus interest, if

6    ordered by the NC District Court.  The payment of disgorgement and civil penalties, plus interest,

7    under the Consent Order was subordinated to the payment of all claims of the Debtor's customers.

8         The Consent Order further provided that upon the NC District Court determination of the

9    amounts of restitution, disgorgement and / or civil monetary penalty and the procedures for payment

10    and distribution of these monetary sanctions, the restitution, disgorgement or monetary civil

11    penalties would be subject to further court order upon:  (1) motion of the parties submitting to the

12    NC District Court a proposed consent order setting out their agreement on the amounts of restitution,

13    disgorgement and civil monetary penalty to be paid by Defendants in this matter; (2) motion by the

14    CFTC; and/or (3) hearing before the NC District Court.  The Supplemental Consent Order provides

15    for the imposition of the penalty contemplated by the Consent Order and is expressly subject to

16    approval by the Bankruptcy Court.

17    **D.**    **The Supplemental Consent Order**

18         Under the Supplemental Consent Order, a copy of which is appended hereto as **Exhibit A**[1],

19    the Debtor and Hannes Tulving (collectively, the "Defendants") consent and agree to (i) waive (a)

20    claims they may possess under the Equal Access to Justice Act and/or rules promulgated by the

21    CFTC in conformity therewith, (b) any and all claims they may possess under the Small Business

22    Regulatory Enforcement Fairness Act of 1996 relating to the Complaint, (c) any claim of Double

23    Jeopardy based on the institution of the subject action and or the entry of any order imposing a civil

24    monetary penalty, (d) any rights to appeal the subject action, (ii) make no public statements denying

25    any allegation in the Complaint, (iii) not oppose enforcement of the Supplemental Consent Order,

26    (iv) pay, jointly and severally, a civil monetary penalty in the amount of $15,761,432, plus post

27

28       [1] This is only a summary description of the terms of the Supplemental Consent Order.  In the event of any inadvertent inconsistencies between this summary description and the terms of the Supplemental Consent Order, the terms of the Supplemental Consent Order shall govern.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  judgment interest; and (v) cooperate fully and expeditiously with the CFTC and other governmental

2  agencies in the subject action or any current investigation, civil litigation or administrative matter

3  related to the subject action or any future CFTC investigation related thereto.

<div align="center">II.</div>

## ENTRY INTO THE SUPPLEMENTAL CONSENT ORDER, SUBJECT TO FURTHER

## COURT APPROVAL, WAS AUTHORIZED BY THE CONSENT ORDER

7          This Court previously approved the Consent Order which set the foundation for the

8  Supplemental Consent Order imposing a civil penalty against the Defendants.  Due to the criminal

9  nature of the proceedings against the Defendants, this Court also authorized Hannes Tulving, on

10  behalf of himself and the Debtor, to enter into the Coordination Agreement with the federal

11  government and the Consent Order with the CFTC.  By this Motion, the Trustee requests that the

12  Court approve the Supplemental Consent Order and authorize Hannes Tulving to sign the

13  Supplemental Consent Order on behalf of himself and the Debtor.  The Trustee believes that entry

14  into the Supplemental Consent Order is fair and reasonable, and consistent with the resolution of the

15  CFTC's Complaint through the terms of the Consent Order.  Further, the Trustee is informed and

16  believes that Hannes Tulving consents to the terms of the Supplemental Consent Order and to his

17  execution of the Supplemental Consent Order on behalf of the Debtor.

<div align="center">III.</div>

## THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY TO

## IMPLEMENT THE TERMS OF THE SUPPLEMENTAL CONSENT ORDER

21          Section 362 of the Bankruptcy Code provides that a petition "operates as a stay, applicable to

22  all entities, of--

23

24          (1) the commencement or continuation, including the issuance or
employment of process, of a judicial, administrative, or other action or
proceeding against the debtor that was or could have been commenced
before the commencement of the case under this title, or to recover a
claim against the debtor that arose before the commencement of the
case under this title; . . . .

27          (3) any act to obtain possession of property of the estate or of property
from the estate or to exercise control over property of the estate; . . . .
[and]

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    (6) any act to collect, assess, or recover a claim against the debtor that
2    arose before the commencement of the case under this title....

3    11 U.S.C. § 362(a)(1), (3) and (6).

4    The provision of the Supplemental Consent Order imposing a civil penalty against the Debtor

5    by its terms runs afoul of section 362(a).  Accordingly, the Trustee requests that the stay under

6    Section 362(a) of the Bankruptcy Code be lifted to permit the imposition of such penalty against the

7    Debtor, subordinated to claims of all general unsecured creditors and other senior creditors as

8    provided in the Supplemental Consent Order.

9    Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be lifted for

10    cause . . . after notice and a hearing.  *See* 11 U.S.C. § 362(d)(1).  Section 362(d)(1) provides in

11    relevant part:

12    
13    On request of a party in interest and after notice and a hearing, the
      court shall grant relief from the stay provided under subsection (a) of
      this section, such as by terminating, annulling, modifying, or
14    conditioning such stay –

15    (1)    for cause. . .

16    11 U.S.C. § 362(d)(1).

17    The term "cause" reflects a flexible standard, taking into account the particular facts and

18    circumstances of the particular issue before the Court.  *See In re Conejo Enters., Inc.*, 96 F.3d 346,

19    352 (9th Cir. 1996) (noting that "cause has no clear definition and is determined on a case-by-case

20    basis") (internal citations and quotations omitted); *In re Brotman Med. Ctr., Inc.*, 2008 WL 8444797,

21    at *5 (B.A.P. 9th Cir. Aug. 15, 2008) (same); *Delaney-Morin v. Day (In re Delaney-Morin)*, 304

22    B.R. 365, 369 (B.A.P. 9th Cir. 2003) (citation omitted); *Baldino v. Wilson (In re Wilson)*, 116 F.3d

23    87, 90 (3d Cir. 1997) (noting that section 362(d)(1) "does not define 'cause,' leaving courts to

24    consider what constitutes cause based on the totality of the circumstances in each particular case.").

25    "The bankruptcy court generally has broad discretion in granting relief from stay for cause under §

26    362(d)."  *In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011).  "Exercising discretion in

27    determining cause for stay relief requires the balancing of hardships and consideration of totality of

28    the circumstances."  *In re Avila*, 1311 B.R. 81, 83-4 (Bankr. N.D. Cal. 2004) (citing *In re Kennedy*,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    165 B.R. 488, 490 (Bankr. W.D. Wash. 1994)).

2         In this case, cause exists to lift the stay in order for the CFTC to impose the relief agreed to

3    by the Debtor and Hannes Tulving in the Consent Order, approved by this Court in the Bankruptcy

4    Approval Order.  The Debtor and Hannes Tulving have pled guilty in the Criminal Case and have

5    admitted liability under the CFTC Complaint.  The restitution ordered against the Debtor in the

6    Criminal Case is being addressed by the Coordination Order, which authorized the Trustee to

7    distribute to Debtor's customers the assets that had been seized by the government and/or the

8    proceeds thereof, subject to costs of administration.  The Debtor and Hannes Tulving have also

9    admitted to violations of the Commodities Exchange Act and related regulations, the punishment for

10   which is the imposition of a civil penalty.  Lifting the stay to allow the imposition of the civil penalty

11   will have no adverse effect on the Debtor's creditors, as no payment will be required under the

12   Supplemental Consent Order by the Debtor unless and until all customer and senior claims in this

13   case have been fully satisfied.  Based on the foregoing, the Trustee believes that ample cause exists

14   to lift the automatic stay.

15                                          **IV.**

16                                   <u>**CONCLUSION**</u>

17        **WHEREFORE**, the Trustee respectfully requests that the Court (a) approve and authorize

18   the Debtor to enter into the Supplemental Consent Order, including taking all actions necessary to

19   implement same, (b) approve the execution of the Supplemental Consent Order by Hannes Tulving,

20   on behalf of the Debtor, (c) grant relief from the automatic stay to allow the imposition of the

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  subordinated civil penalty claim by the CFTC under the Supplemental Consent Order, and (d) grant

2  such other and further relief as is just and proper under the circumstances.

3  Dated:    May 31, 2017                    PACHULSKI STANG ZIEHL & JONES LLP

4

5          By    /s/ Linda F. Cantor
                 Linda F. Cantor

6          Counsel for Weneta M.A. Kosmala, Chapter 7
           Trustee of the Tulving Company, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF WENETA M. A. KOSMALA

I, Weneta M. A. Kosmala, declare as follows:

1.      I am the duly appointed chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case"). I make this Declaration on facts within my personal knowledge (albeit my own or that gathered by professionals rendering services to me), or as a result of having reviewed the court file in this Case. If called upon, I can and will competently testify to the facts stated herein.

2.      I make this declaration in support of the *Notice Of Motion And Motion For Order (A) Approving And Authorizing The Trustee And Debtor To Enter Into Supplemental Consent Order Assessing Restitution And Civil Monetary Penalty Against Defendants The Tulving Company, Inc. And Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. To Execute The Consent Order With The United States Commodity Future Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code* (the "Motion"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

3.      The Tulving Company, Inc. is a California corporation. The Debtor was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone. Prior to the filing of the bankruptcy, customer complaints concerning delayed or undelivered orders were increasingly made to the Better Business Bureau against the Debtor and in early March, 2014, a class-action lawsuit was filed against the Debtor and Hannes Tulving, Jr., the Debtor's sole shareholder and principal in the United States District Court, Northern District of California. A criminal investigation of the Debtor and Tulving by the Government was also being pursued, as described below. The Debtor ceased operations on or about March 3, 2014.

4.      The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 10, 2014. In light of the pending criminal investigation and other ongoing litigation against the Debtor, on March 18, 2014, the United States Trustee filed a Stipulation Appointing Chapter 11 Trustee [Docket No. 15], which was signed by both the Debtor and its attorney. The Stipulation was approved by the Bankruptcy Court on March 18, 2014 [Docket No. 16] and an Order was entered by the Court on March 21, 2014 approving the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee, appointing R. Todd Neilson

2    as Trustee of the Debtor's estate [Docket No. 22]. Thereafter upon notice and hearing, the case was

3    converted to a chapter 7 and R. Todd Neilson was appointed as the chapter 7 Trustee [Docket 108].

4    On March 22, 2016, Mr. Neilson filed his Withdrawal of Trustee [Docket 564]. The UST filed its

5    *Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Trustee* dated

6    April 1, 2016 [Docket 566], appointing me to serve as the successor chapter 7 trustee of the Debtor's

7    estate.

8        5.    I am informed and believe that on March 8, 2014, Special Agents of the United States

9    Secret Service executed a Search Warrant on the Debtor's offices on probable cause that the Debtor

10   and Hannes Tulving were engaged in fraud. The Search Warrant resulted in the seizure of the

11   Debtor's property including rare coins and other valuable items. Criminal proceedings against the

12   Debtor and Hannes Tulving ensued before the United States District Court for the Western District

13   of North Carolina.

14       6.    Hannes Tulving entered into a Plea Agreement in the Criminal Case. Pursuant to

15   Order of this Court entered July 22, 2015 [Docket No. 264], Hannes Tulving was authorized to sign

16   on behalf of the Debtor, the Plea Agreement and a "Coordination Agreement for Disbursement of

17   Seized Items from United States to Bankruptcy Trustee and from Trustee to Victims" in the Criminal

18   Case. (Under the Plea Agreement, the Debtor and Hannes Tulving each plead guilty to 18 U.S.C. §

19   1343 wire fraud charge as set forth in Count One of a Bill of Information in the Criminal Case.)

20       7.    On or about September 11, 2015, the U.S. Commodity Futures Trading Commission

21   filed a "Complaint Against The Tulving Company, Inc. and Hannes Tulving, Jr. for Permanent

22   Injunction, Civil Penalties, and Other Equitable Relief", alleging violations of the Commodity

23   Exchange Act, 7 U.S.C. §§ 1-26 (2012) and the Commission's Regulations promulgated thereunder,

24   17 C.F.R. §§ 1.1-190.10 (2013) in case number 3:15 - cv-424-RJC-DSC, pending in the United

25   States District Court for the Western District of North Carolina. The grounds for the Complaint

26   were based upon substantially the same operative facts underlying the Debtor's and Hannes

27   Tulving's guilty plea in the Criminal Case referenced above, but the charges are civil and not

28   criminal.

8.      To consensually resolve the Complaint, the CFTC, the Debtor and Hannes Tulving entered into that certain Consent Order of Permanent Injunction and Other Relief Against The Tulving Company, Inc. and Hannes Tulving, Jr., which was approved by order of the Bankruptcy Court entered December 17, 2015 [Dkt. No. 305], and by order of the NC District Court entered January 5, 2016.  Hannes Tulving executed the Consent Order on behalf of the Debtor pursuant to order of this Court.

9.      Under the Consent Order, Hannes Tulving and the Debtor admitted to the violations alleged in the Complaint, consented to a permanent injunction against the conduct described therein and agreed to the payment of restitution, disgorgement and civil monetary penalties, plus interest, if ordered by the NC District Court.  The payment of disgorgement and civil penalties, plus interest, under the Consent Order was subordinated to the payment of all claims of the Debtor's customers. A copy of the Consent Order is appended to the Motion as **Exhibit B.**

10.     The Consent Order further provided that upon the NC District Court determination of the amounts of restitution, disgorgement and / or civil monetary penalty and the procedures for payment and distribution of these monetary sanctions, the restitution, disgorgement or monetary civil penalties would be subject to further court order upon:  (1) motion of the parties submitting to the NC District Court a proposed consent order setting out their agreement on the amounts of restitution, disgorgement and civil monetary penalty to be paid by Defendants in this matter; (2) motion by the CFTC; and/or (3) hearing before the NC District Court.  The Supplemental Consent Order provides for the imposition of the penalties contemplated by the Consent Order and is expressly subject to approval by the Bankruptcy Court.  A copy of the Supplemental Consent Order is appended to the Motion as **Exhibit A.**

11.     Under the Supplemental Consent Order, the Debtor and Hannes Tulving consent and agree to (i) waive (a) claims they may possess under the Equal Access to Justice Act and/or rules promulgated by the CFTC in conformity therewith, (b) any and all claims they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996 relating to the Complaint, (c) and claim of Double Jeopardy based on the institution of the subject action and or the entry of any order imposing a civil monetary penalty, (d) any rights to appeal the subject action, (ii) make no public

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    statements denying any allegation in the Complaint, (iii) not oppose enforcement of the

2    Supplemental Consent Order, (iv) pay, jointly and severally, a civil monetary penalty in the amount

3    of $15,761,432, plus post judgment interest; and (v) cooperate fully and expeditiously with the

4    CFTC and other governmental agencies in the subject action or any current investigation, civil

5    litigation or administrative matter related to the subject action or any future CFTC investigation

6    related thereto.

7          12.    This Court previously approved the Consent Order which set the foundation for the

8    Supplemental Consent Order imposing a civil penalty against the Defendants.[1]  Due to the criminal

9    nature of the proceedings against the Defendants, this Court also authorized Hannes Tulving, on

10    behalf of himself and the Debtor, to enter into the Coordination Agreement with the federal

11    government and the Consent Order with the CFTC.  By this Motion, I am requesting that the Court

12    approve the Supplemental Consent Order and authorize Hannes Tulving to sign the Supplemental

13    Consent Order on behalf of himself and the Debtor.  In the exercise of my business judgment as

14    Trustee, I believe that entry into the Supplemental Consent Order is fair and reasonable, and

15    consistent with the resolution of the CFTC's Complaint through the terms of the Consent Order.

16    Further, I am informed and believe that Hannes Tulving consents to the terms of the Supplemental

17    Consent Order and to his execution of the Supplemental Consent Order on behalf of the Debtor.

18          13.    In this case, I believe that cause to lift the stay exists in order for the CFTC to impose

19    the relief agreed to by the Debtor and Hannes Tulving in the Consent Order, as approved by this

20    Court under the Bankruptcy Approval Order.  The Debtor and Hannes Tulving have pled guilty in

21    the Criminal Case and have admitted liability under the CFTC Complaint.  The restitution ordered

22    against the Debtor in the Criminal Case is being addressed by the Coordination Order, which

23    authorized the Trustee, on behalf of the Estate, to distribute to Debtor's customers the assets that had

24    been seized by the government and/or the proceeds thereof, subject to costs of case

25

26

27      [1] See *Order Approving Motion For Order (A) Approving And Authorizing The Trustee To Enter Into The Consent Order For Permanent Injunction And Other Relief Against The Tulving Company, Inc. And Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. To Execute The Consent Order With The United States Commodity Futures Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code And Bankruptcy Rule 9019* [Dkt. No. 305] (the "<u>Bankruptcy Approval Order</u>").

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  administration.  The Debtor and Hannes Tulving have also admitted to violations of the

2  Commodities Exchange Act and related regulations, the punishment for which I understand is the

3  imposition of a civil penalty.  Lifting the stay to allow the imposition of the civil penalty will have

4  no adverse effect on the Debtor's creditors, as no payment will be required under the Supplemental

5  Consent Order by the Debtor unless and until all customer and senior claims in this case have been

6  fully satisfied.  Based on the foregoing, I believe that ample cause exists to lift the automatic stay

7  and to grant the Motion in its entirety.

8       I declare under penalty of perjury under the laws of the United States that the foregoing is

9  true and correct.

10      Executed this 3<u>0</u><sup>th</sup> day of May 2017, at Santa Ana, California.

13                                              Weneta M. A. Kosmala

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:15-cv-424-RJC-DSC |
| v. | ) ) ) | |
| THE TULVING COMPANY, INC. and HANNES TULVING, JR., | ) ) ) | |
| Defendants. | ) ) | |

<u>SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL
MONETARY PENALTY AGAINST DEFENDANTS</u>

## I.    BACKGROUND

1.    On September 11, 2015, Plaintiff United States Commodity Futures Trading

Commission ("CFTC") filed a Complaint against Defendants The Tulving Company, Inc.

("Tulving Company") and Hannes Tulving, Jr. ("Tulving") for Permanent Injunction, Civil

Penalties, and Other Equitable Relief, for violations of the Commodity Exchange Act ("Act"),

7 U.S.C. §§ 1-26 (2012), and the Commission's Regulations ("Regulations") promulgated

thereunder, 17 C.F.R. § 1.1-190.10 (2013).  (Docket Entry ("D.E.") #1).  The Complaint alleges

that Defendants committed fraud by making material false representations to their customers and

misappropriating their funds.

2.    On January 5, 2016, the Court entered a Consent Order of Permanent Injunction

("Consent Order").  (D.E. #11).  The Consent Order provides that Defendants admit and agree

that "the Findings of Fact and Conclusions of Law contained in this Consent Order shall be taken

as true and correct [and] be given preclusive effect, without further proof...." *See* Consent Order at ¶11.

3.    Pursuant to the Consent Order, Defendants agree to pay restitution and a civil monetary penalty, plus post-judgment interest. *See* Consent Order at ¶¶14-16. The Consent Order provides that amount of monetary sanctions will be determined by "subsequent consent order or motion by the CFTC and/or hearing before this court." *See Id.*

4.    On May 18, 2016, the Court entered criminal judgments against both Defendants in a related criminal proceeding after they each pleaded guilty to one count of wire fraud and aiding and abetting in violation of 18 U.S.C. §1343 and 2.  *See U.S.A. v. Tulving et al*, No. 3:15-cr-00115-MOC (W.D.N.C. 2016).  (D.E. #43)  The criminal judgments provide that Tulving serve 30 months in prison and Tulving Company be placed on probation for 2 years. The judgments also direct that Tulving and Tulving Company shall be jointly and severally liable for payment of restitution in the amount of $15,761,432.63 to specified victims.

## II.    CONSENTS AND AGREEMENTS

To resolve the remaining issues of the amounts of restitution and civil monetary penalties (as provided in the Consent Order), without any further judicial proceedings, Defendant Tulving Company, subject to the approval the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 14-11492 ("Bankruptcy Case"), and Defendant Tulving:

5.    Consent to the entry of this Supplemental Consent Order Assessing Restitution and Civil Monetary Penalties Against Defendants  ("Supplemental Consent Order");

6.    Affirm that they have read and agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been

2

made by the CFTC or any member, officer, agent or representative thereof, or by any other

person, to induce consent to this Supplemental Consent Order;

    7.    Acknowledge service of the summons and Complaint;

    8.    Admit the jurisdiction of this Court over them and the subject matter of this action

pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

    9.    Admit the jurisdiction of the CFTC over the conduct and transactions at issue in

this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

    10.    Admit that venue properly lies with this Court pursuant to Section 6c(e) of the

Act, 7 U.S.C. § 13a-1(e) (2012);

    11.    Waive:

    (a)    Any and all claims that they may possess under the Equal Access to Justice Act, 5

U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the CFTC in

conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1-148.30 (2016), relating to,

or arising from, this action;

    (b)    Any and all claims that they may possess under the Small Business Regulatory

Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868

(1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or

arising from, this action;

    (c)    Any claim of Double Jeopardy based upon the institution of this action or the

entry in this action of any order imposing a civil monetary penalty or any other relief, including

this Supplemental Consent Order; and

    (d)    Any and all rights of appeal from this action;

3

12.     Consent to the continued jurisdiction of this Court over them for the purpose of enforcing the terms and conditions of the Consent Order and Supplemental Consent Order and for any other purpose relevant to this action even if Defendants now or in the future reside outside the jurisdiction of this Court;

13.     Agree that they will not oppose enforcement of this Supplemental Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

14.     Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint and/or this Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party.  Defendants shall undertake all steps necessary to ensure that their agents or employees under their authority or control understand and comply with this agreement;

15.     Agree to provide immediate notice to this Court and the CFTC by certified mail of any bankruptcy proceeding filed by, on behalf of, or against either of them, whether inside or outside the United States: and

16.     Agree that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

17.     The Court, being fully advised in the premises, finds there is good cause for entry of this Supplemental Consent Order and that there is no just reason for delay.  The Court

4

therefore directs the entry of ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C.

§ 13a-1 (2012), as set forth herein.

## V.    RESTITUTION AND CIVIL MONETARY PENALTY

**IT IS HEREBY ORDERED that DEFENDANTS** shall comply fully with the

following terms, conditions, and obligations relating to the payment of restitution and a civil

monetary penalty:

**A.    Restitution**

18.    Defendants' violations of the Act and Regulations merit the award of restitution.

However, this Court recognizes that in a related criminal action, entitled *U.S.A. v. Tulving et al*,

No. 3:15-cr-00115-MOC (W.D.N.C. 2016),  Defendants are ordered jointly and severally to pay

restitution in the amount of $15,761,432 to the defrauded investors of Defendants in connection

with the same conduct at issue in this action.  Accordingly, restitution is not ordered in this

action.

**B.    Civil Monetary Penalty**

19.    Defendants shall pay, jointly and severally, a civil monetary penalty in the amount

of $15,761,432 ("CMP Obligation"), plus post-judgment interest.  Post-judgment interest shall

accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be

determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order

pursuant to 28 U.S.C. § 1961 (2012).

20.    Defendants shall pay their CMP Obligation by electronic funds transfer, U.S.

postal money order, certified check, bank cashier's check, or bank money order.  If payment is to

be made other than by electronic funds transfer, then the payment shall be made payable to the

CFTC and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables
DOT/FAA/MMAC/AMZ-341CFTC/CPSC/SEC
500 S. MacArthur Blvd. Oklahoma City, OK 73169
(405) 954-7262 office
(405) 954-1620 fax
nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Nikki Gibson or her

successor at the address above to receive payment instructions and shall fully comply with those

instructions.  Defendants shall accompany payment of the CMP Obligation with a cover letter

that identifies Defendants and the name and docket number of this proceeding.  Defendants shall

simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial

Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street,

NW, Washington, D.C. 20581.

Notwithstanding anything to the contrary herein, the CMP Obligations shall be accorded

the priority under section 726(a)(4) of Title 11 of the United States Code ("Bankruptcy Code"),

11 U.S.C. § 726(a)(4), and shall accordingly be subordinated to claims of customers of the

Tulving Company and other senior classes of creditors, including general unsecured creditors, in

the Tulving Company Bankruptcy Proceeding pursuant to Section 726(a)(4) of the Bankruptcy

Code.  The CMP Obligations shall be payable by the Tulving Company only to the extent any

funds are left in the Tulving Company Bankruptcy estate after satisfaction of all customer

claims, all general unsecured claims and all other claims senior to a penalty pursuant to section

726 of the Bankruptcy Code.  For greater certainty, all contractually subordinated claims are

senior to the CMP Obligations unless otherwise expressly subordinated to penalties of the type

described in Section 726(a)(4) of the Bankruptcy Code.

6

**C.    Provisions Related to Monetary Sanctions**

21.    Partial Satisfaction:  Any acceptance by the CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Supplemental Consent Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

**D.    Cooperation**

22.    Defendants shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter related to the subject matter of this action or any current or future CFTC investigation related thereto.

## V.    MISCELLANEOUS PROVISIONS

23.    Notice:  All notices required to be given by any provision in this Supplemental Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

> Director
> Division of Enforcement
> U.S. Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581

Notice to Defendants:

> Hannes Tulving, Jr. and/or The Tulving Company
> c/o James Wyatt
> Wyatt & Blake L.L.P.
> 435 East Morehead Street
> Charlotte, NC 28202

All such notices shall reference the name and docket number of this action.

24.    Change of Address/Phone:  Until such time as Defendants satisfy in full their CMP Obligation as set forth in this Supplemental Consent Order, Defendants shall provide written notice to the CFTC by certified mail of any change to their telephone numbers and mailing addresses within ten (10) calendar days of the change.

25.    Entire Agreement and Amendments:  The Consent Order and Supplemental Consent Order incorporate all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to amend or modify the Consent Order and Supplemental Consent Order in any respect whatsoever, unless:  (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

26.    Invalidation:  If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

27.    Waiver:  The failure of any party to this Supplemental Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Supplemental Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

28.    Authority:  Entry into this Consent Order by Hannes Tulving, Jr. on behalf of Tulving Company is subject to the authorization of the United States Bankruptcy Court in the Bankruptcy Case.

8

29.    Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Supplemental Consent Order and for all other purposes related to this action.

30.    Counterparts and Facsimile Execution:  This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order Assessing Restitution And A Civil Monetary Penalty Against Defendants*.

IT IS SO ORDERED on this _____ day of _____,

_____
MAX O. COGBURN, JR.
UNITED STATES DISTRICT JUDGE

9

**CONSENTED TO AND APPROVED BY:**

_____          _____

Hannes Tulving, Jr.                                Luke Marsh
                                                             Richard Foelber
The Tulving Company, Inc.                  Attorneys for U.S. Commodity Futures Trading
By Hannes Tulving, Jr. as President      Commission
                                                             1155 21st Street, NW
Date: _____                         Washington, DC 20581
                                                             202-418-5000

                                                             Date: _____


**APPROVED AS TO FORM:**

_____

James Wyatt
Attorney for Hannes Tulving, Jr
and the Tulving Company
Wyatt & Blake L.L.P.
435 East Morehead Street
Charlotte, NC 28202
704-331-0767

Date: _____

10

# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-424-RJC-DSC

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,    )<br><br>Plaintiff,    )<br><br>vs.    )<br><br>THE TULVING COMPANY, INC. and HANNES TULVING, JR.,    )<br><br>Defendants.    ) | **ORDER** |

**CONSENT ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST THE TULVING COMPANY, INC.AND HANNES TULVING, JR.**

On September 11, 2015, Plaintiff U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC") filed a Complaint against The Tulving Company, Inc. ("Tulving Company") and Hannes Tulving, Jr. ("Tulving") (Tulving Company and Tulving collectively, "Defendants") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-26 (2012), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1-190.10 (2013). (Doc. No. 1).

**I.    CONSENTS AND AGREEMENTS**

To effect partial settlement of the matters alleged in the Complaint against Defendants without a trial on the merits or any further judicial proceedings, Defendant Tulving and Defendant Tulving Company, subject to the approval the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, as Case No. 14-11492 ("Bankruptcy

Case"):

1.     Consent to the entry of this Consent Order of Permanent Injunction and Other

Relief Against Tulving Company, Inc. and Hannes Tulving, Jr. ("Consent Order");

2.     Affirm that they have read and agreed to this Consent Order voluntarily, and that

no promise, other than as specifically contained herein, or threat, has been made by the CFTC

or any member, officer, agent or representative thereof, or by any other person, to induce

consent to this Consent Order;

3.     Acknowledge service of the summons and Complaint;

4.     Admit the jurisdiction of this Court over them and the subject matter of this

action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

5.     Admit the jurisdiction of the CFTC over the conduct and transactions at issue in

this action pursuant to the Act, 7 U.S.C. §§ 1-26 (2012);

6.     Admit that venue properly lies with this Court pursuant to Section 6c(e) of the

Act, 7 U.S.C. § 13a-1(e) (2012);

7.     Waive:

a.     Any and all claims that they may possess under the Equal Access to Justice Act,

5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules

promulgated by the CFTC in conformity therewith, Part 148 of the Regulations,

17 C.F.R. §§ 148.1-148.30 (2014), relating to, or arising from, this action;

b.     Any and all claims that they may possess under the Small Business Regulatory

Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat.

847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112,

204-205 (2007), relating to, or arising from, this action;

c. Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

d. Any and all rights of appeal from this Consent Order.

8.    Consent to the continued jurisdiction of this Court over them for the purpose of implementing and carrying out the terms and conditions of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty (subject to the provisions set forth herein with respect to Tulving Company), that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order and for any other purpose relevant to this action, even if Defendants now or in the future reside or operate outside the jurisdiction of this Court;

9.    Agree that they will not oppose enforcement of this Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

10.    Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal position in other proceedings to which the CFTC is not a party. Defendants shall undertake all steps necessary to ensure that their agents or employees under their authority or control understand and comply with this agreement; and

11.    By consenting to the entry of this Consent Order, admit the Findings of Fact and

Conclusions of Law in this Consent Order.  Further, Defendants agree and intend that the

Findings of Fact and Conclusions of Law contained in this Consent Order shall be taken as true

and correct be given preclusive effect, without further proof, in the course of (a) any current or

subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants; (b) any

proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a (2012), and/or Part 3 of the

Regulations, 17 C.F.R. §§ 3.1 -3.75 (2014); and/or (c) any proceeding to enforce the terms of this

Consent Order, including but not limited to proceedings to set the amount of restitution,

disgorgement, and civil monetary penalty to be paid by Defendants in the above-captioned

matter (subject to the provisions set forth herein with respect to Tulving Company).

Defendants do not consent to the use of this Consent Order, or the Findings of Fact and

Conclusions of Law in this Consent Order, as the sole basis for any other proceeding brought by

the CFTC.

12.    Agree to provide immediate notice to this Court and the CFTC by certified mail,

in the manner required by paragraph 47 of Part V of this Consent Order, of any bankruptcy

proceeding (other than the Bankruptcy Case) filed by, on behalf of, or against them, whether

inside or outside the United States.

13.    Agree that no provision of this Consent Order shall in any way limit or impair

the ability of any other person or entity to seek any legal or equitable remedy against

Defendants in any other proceeding.

14.    Defendants consent to pay restitution, plus post-judgment interest, in an amount

to be determined upon subsequent consent order or motion by the CFTC and/or hearing before

this Court, All restitution ordered by this Court shall be paid by defendants to the Trustee in the

Bankruptcy Case for distribution by the Trustee to claims of Victims.

15.     Defendants consent to pay disgorgement, plus post-judgment interest amount to be determined upon subsequent consent order or motion by the CFTC and/or hearing before this Court,

16.     Defendants consent to pay a civil monetary penalty, plus post-judgment interest, in an amount to be determined upon subsequent consent order or motion by the CFTC and/or hearing before this Court,

17.     Any civil monetary penalty or disgorgement obligation imposed by the District Court shall be accorded the priority under section 726(a)(4) of Title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. § 726(a)(4), and shall accordingly be subordinated to claims of customers the Tulving Company and other senior classes of creditors, including general unsecured creditors, in the Tulving Company Bankruptcy Proceeding pursuant to Section 726(a)(4) of the Bankruptcy Code. Nevertheless, the imposition of any civil monetary penalty or disgorgement obligation shall constitute timely filed, allowed subordinated penalty claims of the CFTC in the Tulving Bankruptcy Proceeding payable to the extent any funds are left in the Tulving Company Bankruptcy estate after satisfaction of all customer claims, all general unsecured claims and all other claims senior to a penalty pursuant to section 726 of the Bankruptcy Code. For greater certainty, all contractually subordinated claims are senior to the civil monetary penalty and disgorgement Obligations unless otherwise expressly subordinated to penalties of the type described in Section 726(a)(4) of the Bankruptcy Code.

18.     The issues of necessary relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), regarding restitution for Defendants' defrauded investors, disgorgement and appropriate civil monetary penalties to be assessed against Defendants are still unresolved

and are hereby reserved for further determination by this Court.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

19.    The Court finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay.  The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein.  The findings and conclusions in this Consent Order are not binding on any other party to this action.

The parties agree and the Court hereby finds:

### A.  Findings of Fact

#### a.    The parties to this Consent Order

20.    Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1-26 (2012), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 - 190.10 (2014).

21.    Defendant Tulving Company, Inc. is a California corporation that is in the business of buying and selling precious metals, including gold, silver, platinum, and palladium in coin and bullion form.  Tulving Company has never been registered with the CFTC.

22.    Defendant Tulving Company, Inc. is a debtor under chapter 7 of the Bankruptcy Code pending before the United States Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 14-11492.

23.    Defendant Hannes Tulving, Jr. is a resident of Newport Beach, California. Tulving is the sole owner, president, and shareholder of Tulving Company.  He directed the actions of Tulving Company at all relevant times.  Tulving has never been registered with the

CFTC.

    b.   <u>Defendants Offered Contracts of Sale of Commodities in Interstate Commerce by Selling Precious Metals in Coin and Bullion</u>

24.    From in or about August 2013 through in or about January 2014 ("Relevant Period"), Defendants took approximately $150 million of customer orders of gold, silver and platinum in interstate commerce, and at least $15 million from customers was not delivered as specified.

25.    As part of their fraud, Defendants used the mails or other instrumentalities of interstate commerce to receive funds from and send funds to customers.

    c.   <u>Defendants Fraudulently Solicited Customers by Making False and Misleading Representations and/or Omitting Material Facts</u>

26.    During the Relevant Period, Defendants represented to members of the public that Tulving Company was a highly reputable precious metals firm that delivered precious metals to customers. Tulving Company held itself out as a stable, established dealer in precious metals through its website, www.tulving.com ("website"). The website stated that, from 1999 through March 30, 2013, Tulving Company bought and sold in excess of $2.1 billion in precious metals. The website also represented that Tulving Company sold more than $350 million in precious metals during 2012.

27.    The website provided instructions for customers to purchase metals by sending funds to Tulving Company. Customers were instructed to send a check by mail to the address of Tulving Company or wire funds to bank accounts in the name of Tulving Company. During the Relevant Period, Defendants received at least $15 million for the purpose of purchasing and selling precious metals in coin and bullion form where no merchandise was delivered.

28.    During the Relevant Period, at least 381 persons from locations throughout the

United States, including North Carolina, submitted orders with Tulving Company for the purchase of precious metals. During this time, Defendants received at least $15 million from mail and wire transfers from these persons to purchase precious metals from Tulving Company.

29.     During the Relevant Period, Defendants misrepresented, among other things, confirmation of purchase and sale transactions with some Tulving Company customers. Defendants falsely represented to some customers that precious metals would be purchased after receipt of customer funds and that precious metals would be shipped to customers. Defendants knew that their representations regarding the purchase of precious metals were false because they did not purchase precious metals on behalf of some customers and misappropriated a portion of customer funds.

30.     During the Relevant Period, Defendants failed to disclose, and omitted, that they never purchased any precious metals on behalf of some Tulving customers. Defendants also failed to disclose, and omitted that some Tulving customer funds would be misappropriated.

### d. Defendants Misappropriated Customer Funds

31.     During the Relevant Period, Defendants misappropriated customer funds by, among other things, using customer funds to fulfill other customers' orders, paying debts of the company, and also returning the money to previous customers who did not receive their coins, all in furtherance of keeping the business going.

### e. Tulving Acted as Controlling Person and Agent for Tulving Company

32.     Tulving acted as the sole controlling person and agent of Tulving Company. Tulving was the sole shareholder and president of Tulving Company, and he acted solely on

behalf of Tulving Company.  Tulving was the sole person responsible for making business decisions on behalf of Tulving Company and controlled the operations of Tulving Company.

## B. Conclusions of Law

### a. Jurisdiction and Venue

33.    This Court has jurisdiction over this action pursuant to Section 6c of the Act, as amended, 7 U.S.C. § 13a-1 (2012), which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation or order thereunder.

34.    Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because Defendants are found in, inhabit, or transact business in the Western District of North Carolina, and the acts and practices in violation of the Act occurred, are occurring, or are about to occur, within this District.

### b. Violations of Section 6(c)(1) of the Act, 7 U.S.C.§§9, 15, and Regulation 180.1(a), 17 C.F.R.§ 180.1: Fraud by Manipulative or Deceptive Devises or Contrivances

35.    By the conduct described in paragraphs 1 through 32 above, Defendants cheated and defrauded, or attempted to cheat and defraud, and willfully deceived, or attempted to deceive, their customers by, among other things,  knowingly or recklessly: (1) failing to disclose, and omitting, that Tulving Company did not use some customer funds to purchase precious metals; (2) failing to disclose, and omitting, that Tulving Company would not have sufficient precious metals to deliver to some customers; (3) misrepresenting that precious metals ordered by Tulving Company customers would be shipped and delivered; (4) issuing written

statements misrepresenting the ownership of precious metals; (5) failing to disclose, and

omitting, that the funds paid by some Tulving Company customers would be misappropriated;

(6) misappropriating some customer funds by, among other things, using some customer funds to

fulfill other customers' orders, paying debts of the company, and also returning the money to

previous customers who did not receive their coins; and (7) using the mails or other

instrumentalities of interstate commerce as part of the fraud in violation of Section 6(c)(1) of the

Act, 7 U.S.C. §§ 9, 15 (2012), and Regulation 180.l(a), 17 C.F.R. 180.l(a) (2013).

36.    Tulving employed deceptive devises as described above, within the scope of his

employment or office for Tulving Company.  Therefore, Tulving Company is liable under

Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2

(2013), as principal for its agent's acts, omissions or failures of the Act and Regulations.

37.    Unless restrained and enjoined by this Court, there is a reasonable likelihood that

Tulving will continue to engage in the acts and practices alleged in the Complaint and in similar

acts and practices in violation of the Act and Regulations.

## III.    PERMANENT INJUNCTION

38.    Based upon and in connection with the foregoing conduct, pursuant to Section

6c of the Act, 7 U.S.C. § 13a-l (2012), Defendants are permanently restrained, enjoined and

prohibited from directly or indirectly:

a.  Using or employing, or attempting to use or employ, in connection with any

swap, or a contract of sale of any commodity in interstate commerce, or for

future delivery on or subject to the rules of any registered entity, any

manipulative or deceptive device or contrivance, in contravention Section

6(c)(l) of the Act, 7 U.S.C. §§ 9, 15 (2012), and Regulation 180.1(a), 17 C.F.R.

§ 180.l(a) (2013).

39.    Defendants are also permanently restrained, enjoined and prohibited from

directly or indirectly:

    a.    Trading on or subject to the rules of any registered entity (as that term is

        defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

    b.    Entering into any transactions involving "commodity interests" (as that term is

        defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)) for their own

        personal account or for any account in which they have a direct or indirect

        interest;

    c.    Having any commodity interests traded on their behalf;

    d.    Controlling or directing the trading for or on behalf of any other person or

        entity, whether by power of attorney or otherwise, in any account involving

        commodity interests;

    e.    Soliciting, receiving or accepting any funds from any person for the purpose of

        purchasing or selling any commodity interests;

    f.    Applying for registration or claiming exemption from registration with the

        Commission in any capacity, and engaging in any activity requiring such

        registration or exemption from registration with the Commission, except as

        provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

    g.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. §

        3.1(a) (2014)), agent or any other officer or employee of any person (as that term

        is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)), registered,

        exempted from registration or required to be registered with the Commission

except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## IV.    STATUTORY AND EQUITABLE RELIEF

40.    Defendants shall pay restitution, plus post-judgment interest, to each defrauded customer, if ordered by the Court, and  the payment of such restitution and interest by defendants shall be made to the Trustee in the Bankruptcy Case for distribution to  Tulving Company customers.

41.    Defendants shall pay disgorgement, plus post-judgment interest, to the CFTC, if ordered by the Court, provided that the payment of such disgorgement and interest by the Tulving Company shall be subordinated to the payment of all claims of Tulving Company customers in accordance with paragraph 17 above.

42.    Defendants shall pay a civil monetary penalty, plus post-judgment interest, to the CFTC, if ordered by the Court, provided that the payment of such penalties and interest by the Tulving Company shall be subordinated to the payment of all claims of Tuling Company customers in accordance in accordance with paragraph 17 above.

43.    The Court shall determine the amounts of restitution, disgorgement  and civil monetary penalty and the procedures for payment and distribution of these monetary sanctions by further order upon:  (1) motion of the parties submitting to the Court a proposed consent order setting out their agreement on the amounts of restitution, disgorgement and civil monetary penalty to be paid by Defendants in this matter; (2) motion by the CFTC; and/or (3) hearing before this Court, provided in all events that the payment of disgorgement and civil monetary penalty by the Tulving Company shall be subordinated to the payment of all claims of Tulving customers in accordance with paragraph 17 above.

44.    In connection with any CFTC motion for restitution, disgorgement and/or civil

monetary penalties, and at any hearing held on such a motion: (a) Defendants will be precluded
from arguing that they did not violate the federal laws as alleged in this Consent Order; (b)
Defendants may not challenge the validity of their consents and agreements herein or this
Consent Order; (c) solely for the purposes of such motion, the Findings of Fact and Conclusions
of Law in this Consent Order shall be accepted as and deemed true by the Court; and (d) the
Court may determine the issues raised in the motion on the basis of affidavits, declarations,
excerpts of sworn deposition or investigative testimony, witness testimony, and documentary
evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the
Federal Rules of Civil Procedure. In connection with the CFTC's motion for restitution,
disgorgement and/or civil monetary penalties, the parties may take discovery, including
discovery from appropriate non-parties.

    45.    Defendants shall cooperate fully and expeditiously with the CFTC, including the
CFTC's Division of Enforcement, in any current or future investigation, civil litigation or
administrative matter related to the subject matter of this action. As part of such cooperation,
Defendants shall comply, to the full extent of their abilities, promptly and truthfully with any
inquiries or requests for information including but not limited to, requests for production of
documents and authentication of documents, shall provide assistance at any trial, proceeding,
or investigation related to the subject matter of this action, including but not limited to,
requests for testimony, depositions, and/or interviews. Should the CFTC file any additional
actions related to the subject matter of this action, Defendants are directed to appear in the
judicial district in which such action is pending, or in a suitable judicial district agreed to by
the parties, to provide deposition testimony and trial testimony should such testimony be
necessary.

## V.    MISCELLANEOUS PROVISIONS

46.    Notice:  All notices required to be given by any provision in this Consent Order

shall be sent certified mail, return receipt requested, as follows:

a.  Notice to the CFTC:

i.  Director, Division of Enforcement
U.S. Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581

b.  Notice to Defendants Tulving Company, Inc. and Hannes Tulving, Jr.:

i.  James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

c.  With a copy to the Chapter 7 Trustee appointed by the Bankruptcy Court in the

Bankruptcy Case:

i.  R. Todd Neilson
BRG, LLP
2049 Century Park East, Suite 2525
Los Angeles, CA 90067

All such notices to the CFTC shall reference the name and docket number of this action.

47.    Entire Agreement and Amendments:  This Consent Order incorporates all of the

terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to

amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing;

(b) signed by all parties hereto; and (c) approved by order of this Court.

48.    Invalidation:  If any provision of this Consent Order or if the application of any

provision or circumstance is held invalid, then the remainder of this Consent Order and the

application of the provision to any other person or circumstance shall not be affected by the

holding.

49.    Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

50.    Waiver of Service, and Acknowledgement: Defendants waive service of this Consent Order and agree that entry of this Consent Order by the Court and filing with the Clerk of the Court will constitute notice to the Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty (30) days after this Consent Order is filed with the Clerk of Court, with an affidavit or declaration stating that Defendants have received and read a copy of this Consent Order.

51.    Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees, including orders setting the appropriate amounts of restitution, disgorgement and civil monetary penalty, that may be entered herein, to entertain any suitable application or motion for additional relief within the jurisdiction of the Court, to assure compliance with this Consent Order and for any other purpose relevant to this action.

52.    Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendants, upon any person under their authority or control, and upon any person who receives actual notice of this Consent Order,

by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

53.    Authority: Entry into this Consent Order by Hannes Tulving, Jr. on behalf of Tulving Company is subject to the authorization of the United States Bankruptcy Court in the Bankruptcy Case.

54.    Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered by facsimile, e-mail, or otherwise to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

55.    Defendants understand that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings they may not challenge the validity of this   Consent sent Order.

56.    Nothing in this Order prevents Defendants from buying or selling on a wholesale basis legal tender third party independently certified gold, silver, platinum or palladium coins. Defendants will not be buying or selling commodity gold, silver, platinum or palladium bars.

57.    There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Consent Order Of Permanent Injunction And Other Relief Against The Tulving Company, Inc. and Hannes Tulving, Jr.

Signed: January 4, 2016

_Robert J. Conrad_

Robert J. Conrad, Jr.
United States District Judge

Case 8:14-bk-11492-ES    Doc 666    Filed 05/31/19    Entered 05/31/17 17:27:17    Desc
Main Document    Page 45 of 50

1

## PROOF OF SERVICE OF DOCUMENT

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

4

5

6

7

8

9

A true and correct copy of the foregoing document **NOTICE OF MOTION AND MOTION FOR ORDER (A) APPROVING AND AUTHORIZING THE TRUSTEE AND DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF WENETA M. A. KOSMALA** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

10

11

12

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 31, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

13

☒    Service information continued on attached page

14

15

16

17

**2. SERVED BY UNITED STATES MAIL:**
On **May 31, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

18

19

20

21

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 31, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

22

23

24

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

25

☐    Service information continued on attached page

26

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

27

| May 31, 2017 | Janice G. Washington | /s/Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Wesley H Avery on behalf of Consumer
Privacy Ombudsman Wesley H Avery
wamiracle6@yahoo.com,
wavery@rpmlaw.com

Candice Bryner on behalf of Interested Party
Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other
Professional Karen Duddlesten
phil@burkhardtandlarson.com,
stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney
Stephen L. Burton
steveburtonlaw@aol.com

Frank Cadigan on behalf of U.S. Trustee
United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other
Professional Pachulski Stang Ziehl & Jones
LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee R.
Todd Neilson (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

David L Gibbs on behalf of Creditor Kenneth
W Stach
david.gibbs@gibbslaw.com,
ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee
United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor
Jeffrey Roth
lhilton@oneil-llp.com, ssimmons@oneil-
llp.com;kdonahue@oneil-llp.com

John H Kim on behalf of Creditor Ford Motor
Credit Company LLC
jkim@cookseylaw.com

R. Todd Neilson (TR)
tneilson@brg-expert.com, sgreenan@brg-
expert.com;tneilson@ecf.epiqsystems.com;ntr
oszak@brg-expert.com

Jason S Pomerantz on behalf of Trustee R.
Todd Neilson (TR)
jspomerantz@pszjlaw.com,
jspomerantz@pszjlaw.com

Nanette D Sanders on behalf of Creditor
Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested
Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)gov

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305974.1 59935/002

## 2. **SERVED BY UNITED STATES MAIL**

<u>Debtor</u>
The Tulving Company Inc.
2049 Century Park East, Suite 2525
Los Angeles, CA  90067-3225

<u>Counsel for Debtor</u>
Andrew S Bisom
The Bisom Law Group
8001 Irvine Center Drive, Suite 1170
Irvine, CA 92618

James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

Laurence P Nokes on behalf of Interested
Party John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Kevin Zolot
Assistant U.S. Attorney
United States Attorney's Office
Western District North Carolina
227 West Trade Street
Charlotte, NC 28202

Benjamin Bain-Creed
Assistant United States Attorney
Florida Bar #0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

<u>Accountants for Landlord</u>
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA  92618

<u>Interested Party</u>
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

<u>Counsel for Creditor Levon Gugasian</u>
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn:  David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Richard P. Foelber
Chief, Office of Cooperative Enforcement
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, DC 20581

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<div style="text-align:center">

**PROOF OF SERVICE OF DOCUMENT**

</div>

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

<div style="text-align:center">

**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

</div>

A true and correct copy of the foregoing document **NOTICE OF MOTION AND MOTION FOR ORDER (A) APPROVING AND AUTHORIZING THE TRUSTEE AND DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF WENETA M. A. KOSMALA** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **<u>May 31, 2017</u>**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

           ⊠       Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On **<u>May 31, 2017</u>**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

           ⊠       Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **<u>May 31, 2017</u>**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

           ☐       Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 31, 2017 | Janice G. Washington | */s/Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Wesley H Avery on behalf of Consumer
Privacy Ombudsman Wesley H Avery
wamiracle6@yahoo.com,
wavery@rpmlaw.com

Candice Bryner on behalf of Interested Party
Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other
Professional Karen Duddlesten
phil@burkhardtandlarson.com,
stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney
Stephen L. Burton
steveburtonlaw@aol.com

Frank Cadigan on behalf of U.S. Trustee
United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other
Professional Pachulski Stang Ziehl & Jones
LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee R.
Todd Neilson (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

David L Gibbs on behalf of Creditor Kenneth
W Stach
david.gibbs@gibbslaw.com,
ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee
United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor
Jeffrey Roth
lhilton@oneil-llp.com, ssimmons@oneil-
llp.com;kdonahue@oneil-llp.com

John H Kim on behalf of Creditor Ford Motor
Credit Company LLC
jkim@cookseylaw.com

R. Todd Neilson (TR)
tneilson@brg-expert.com, sgreenan@brg-
expert.com;tneilson@ecf.epiqsystems.com;ntr
oszak@brg-expert.com

Jason S Pomerantz on behalf of Trustee R.
Todd Neilson (TR)
jspomerantz@pszjlaw.com,
jspomerantz@pszjlaw.com

Nanette D Sanders on behalf of Creditor
Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested
Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)gov

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:305974.1 59935/002

1

2. **SERVED BY UNITED STATES MAIL**

2

3
Debtor
The Tulving Company Inc.
2049 Century Park East, Suite 2525
4
Los Angeles, CA 90067-3225

5
Counsel for Debtor
Andrew S Bisom
6
The Bisom Law Group
8001 Irvine Center Drive, Suite 1170
7
Irvine, CA 92618

8
James F. Wyatt, III
Wyatt & Blake, LLP
9
435 East Morehead Street
Charlotte, NC 28202
10

11
Laurence P Nokes on behalf of Interested
Party John Frankel
12
Nokes & Quinn
410 Broadway St Ste 200
13
Laguna Beach, CA 92651

14
Kevin Zolot
Assistant U.S. Attorney
15
United States Attorney's Office
Western District North Carolina
16
227 West Trade Street
Charlotte, NC 28202
17

18
Benjamin Bain-Creed
Assistant United States Attorney
19
Florida Bar #0021436
Suite 1650, Carillon Building
20
227 West Trade Street
Charlotte, North Carolina 28202
21

22
Accountants for Landlord
Brent Murdoch
23
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA 92618
24

25
Interested Party
Frye & Hsieh
Douglas J Frye Esquire
26
24955 Pacific Coast Highway # A201
Malibu, CA 90265

27

28

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn: David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Richard P. Foelber
Chief, Office of Cooperative Enforcement
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, DC 20581

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# Exhibit B

1  Richard K. Howell (State Bar No. 144241)
   rhowell@rutan.com
2  Roger F. Friedman (State Bar No. 186070)
   rfriedman@rutan.com
3  Gerard M. Mooney (State Bar No. 222137)
   gmooney@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
6  Facsimile:   714-546-9035

7  Attorneys for Interested Parties
   Levon Gugasian and Armen Haig Gugasian
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  SANTA ANA DIVISION

12  In re                              Case No. 8:14-bk-11492-ES

13  THE TULVING COMPANY, INC., a       Chapter 7
    California corporation,
14                                     **LIMITED OPPOSITION TO AND
             Debtor.                   REQUEST FOR HEARING RE
15                                     MOTION FOR ORDER (A)
                                       APPROVING AND AUTHORIZING
16                                     THE TRUSTEE AND DEBTOR TO
                                       ENTER INTO SUPPLEMENTAL
17                                     CONSENT ORDER ASSESSING
                                       RESTITUTION AND CIVIL
18                                     MONETARY PENALTY AGAINST
                                       DEFENDANTS THE TULVING
19                                     COMPANY, INC. AND HANNES
                                       TULVING, JR. (B) AUTHORIZING
20                                     HANNES TULVING, JR. TO EXECUTE
                                       THE SUPPLEMENTAL CONSENT
21                                     ORDER WITH THE UNITED STATES
                                       COMMODITY FUTURE TRADING
22                                     COMMISSION ON BEHALF OF THE
                                       DEBTOR, AND (C) FOR RELATED
23                                     RELIEF PURSUANT TO SECTIONS 105
                                       AND 362 OF THE BANKRUPTCY
24                                     CODE**

25                                     [HEARING REQUESTED PURSUANT TO
                                       L.B.R. 9013-1(o)(4)]
26

27

28

1    Levon Gugasian and Armen Gugasian (collectively, the **"Gugasians"**), hereby

2    submit their *Limited Opposition to the Motion for Order (A) Approving and Authorizing*

3    *the Trustee and Debtor to Enter Into Supplemental Consent Order Assessing Restitution*

4    *and Civil Monetary Penalty Against Defendants the Tulving Company, Inc. and Hannes*

5    *Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. to Execute The Supplemental Consent*

6    *Order With The United States Commodity Future Trading Commission On Behalf Of The*

7    *Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy*

8    *Code*, filed by Weneta M.A. Kosmala, the Chapter 7 Trustee (**"Trustee"**) of the

9    bankruptcy estate of The Tulving Company, Inc. (**"Debtor"**) [Doc. 666] (the **"Motion"**).

10    In addition, the Gugasians request a hearing on the Motion pursuant to L.B.R. 9013-

11    1(o)(4).

12    The Trustee's Motion seeks to add $15.7 million in liability to Debtor's balance

13    sheet under the terms of a Supplemental Consent Order stemming from an action brought

14    against Debtor by the U.S. Commodity Futures Trading Commission (the **"Commission"**)

15    in the United States District Court for the Western District of North Carolina (the **"District**

16    **Court"**) in 2015.  Under any circumstance, the liability to the Commission arose no earlier

17    than January 2016, when the District Court entered the Consent Order.

18    The Trustee has brought adversary proceedings against the Gugasians involving

19    alleged fraudulent transfers purportedly occurring in early 2011 through early 2014.  The

20    Gugasians make this Limited Opposition to ensure that the date of any additional liability

21    the Trustee seeks to impose upon Debtor is limited to the proper timeframe of January

22    2016.  In addition, the Gugasians oppose any effort by the Trustee to utilize the additional

23    liability of the Consent Order in support of her allegation that Debtor was insolvent at the

24    time of the alleged fraudulent transfers in the adversary proceedings against the Gugasians.

25    Not only are the transactions not fraudulent transfers at all, they also occurred before – in

26    some cases several years before – entry of the Consent Order.

27    / / /

28    / / /

Rutan & Tucker, LLP
*attorneys at law*

2562/033457-0001
11013960.7 a06/14/17

-2-

1  I.      **RELEVANT FACTUAL BACKGROUND**

2          On March 10, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition under

3  Chapter 11 of Title 11 of the United States Code, thereby commencing the above-

4  captioned bankruptcy case, Bankruptcy Case No. 8:14-bk-11492-ES.  On March 21, 2014,

5  R. Todd Neilson was appointed as the Chapter 11 trustee.  On March 29, 2014, the Court

6  entered its Order converting this case to one under Chapter 7 of Title 11 of the United

7  States Code.  On June 10, 2014, R. Todd Neilson was appointed as the Chapter 7 trustee.

8          On March 9, 2016, R. Todd Neilson filed his Complaints for Avoidance and

9  Recovery of Fraudulent Transfers (the "**Complaints**") against the Gugasians, thereby

10  commencing Adversary Proceedings Nos. 8:16-ap-01083 ("**Armen Gugasian Adversary**

11  **Proceeding**") and 8:16-ap-01084 ("**Levon Gugasian Adversary Proceeding**," and

12  collectively, the "**Adversary Proceedings**").  The Complaints in the Adversary

13  Proceedings allege that, between early 2011 and early 2014, which timeframe was before

14  Debtor's filing of its bankruptcy case, the Gugasians received salaries from Debtor and

15  Debtor paid Levon Gugasian for rent and tenant improvements for real property owned by

16  Levon Gugasian.  [Doc. 1 (Levon Gugasian Adversary Proceeding); Doc. 1 (Armen

17  Gugasian Adversary Proceeding).]

18          On April 1, 2016, the Court appointed the Trustee as the successor Chapter 7

19  trustee, replacing Mr. Neilson.  On April 11, 2016, the Gugasians filed their Amended

20  Answers to the Trustee's Complaints, denying the Trustee's allegations of fraudulent

21  transfers.  [Doc. 5 (Levon Gugasian Adversary Proceeding); Doc. 5 (Armen Gugasian

22  Adversary Proceeding).]  On August 10, 2016, before the commencement of discovery, the

23  Parties attended a mediation which did not result in a settlement of the Adversary

24  Proceedings.  (*See First Stipulation to Continue Pretrial Conference and Related*

25  *Deadlines in Adversary Proceedings* filed in 8:16-ap-01083-ES on March 16, 2017 [Doc.

26  22 (Levon Gugasian Adversary Proceeding); Doc. 22 (Armen Gugasian Adversary

27  Proceeding) (the "**Stipulation**") at ¶¶ 5–8].)

28  / / /

Rutan & Tucker, LLP
*attorneys at law*

2562/033457-0001
11013960.7 a06/14/17                                    -3-

1    On or about November 2, 2016, the Gugasians retained new counsel – Rutan &

2    Tucker, LLP – to represent them in the Adversary Proceedings.  Since the Gugasians'

3    retention of their new counsel, the Trustee and the Gugasians have been conducting

4    discovery and litigating the Adversary Proceedings.  (Stipulation, ¶¶ 10–11.)  Currently,

5    the discovery completion deadline is September 29, 2017, and the Pretrial Conference is

6    set for November 16, 2017.  [Doc. 24 (Levon Gugasian Adversary Proceeding); Doc. 24

7    (Armen Gugasian Adversary Proceeding).]

8    II.    **BRIEF SUMMARY OF RELIEF SOUGHT BY THE MOTION**

9    By the Motion, the Trustee seeks the Court's approval and authorization to enter

10   into the *Supplemental Consent Order Assessing Restitution and Civil Monetary Penalty*

11   *Against Defendants The Tulving Company, Inc. and Hannes Tulving, Jr.* (the

12   "**Supplemental Consent Order**").  The Supplemental Consent Order provides, among

13   other things, that the Debtor and Hannes Tulving, Jr. shall "pay jointly and severally, a

14   civil monetary penalty in the amount of $15,761,432, plus post judgment interest" (the

15   "**CMP Obligation**"), pursuant to a Consent Order entered by the District Court in January

16   2016, nearly two years after the Debtor filed its bankruptcy case.  (Motion at 7–8.)

17   Pursuant to the Supplemental Consent Order, the CMP Obligation is expressly

18   subordinated to claims of customers of Debtor pursuant to § 726(a)(4) of the Bankruptcy

19   Code.  (Motion, Exh. A, at p. 23.)

20   III.    **LIMITED OBJECTION**

21   The Gugasians object to the Motion, on a limited basis, to the extent that the

22   Trustee is attempting to attribute the CMP Obligation to the Debtor's liabilities at any time

23   prior to, as of, or after December 31, 2010, through and including February 17, 2014,

24   which is the end date of the purportedly fraudulent transfers that the Trustee alleges in the

25   Adversary Proceedings.  The Trustee alleges in the Complaint in the Levon Gugasian

26   Adversary Proceeding as follows:

27          Plaintiff is informed and believes, and thereon asserts that at all
            relevant times, and at least since **December 31, 2010**, the Debtor:
28          (a) was insolvent; (b) was engaged in or was about to engage in
            transactions for which its remaining assets were unreasonably small

1    in relation to the s [sic] transactions; or (c) intended to incur, or
     believed or reasonably should have believed that they would incur,
2    debts beyond its ability to pay as they became due. (Levon
     Gugasian Adversary Proceeding, Complaint, ¶ 24 (emphasis added);
3    see also Armen Gugasian Adversary Proceeding Complaint, ¶ 12.)

4    　　　Whether Debtor was insolvent or solvent as of the date of the transfers to and

5    transactions with the Gugasians that the Trustee seeks to avoid (the "**Transfers**") is a

6    contested issue that might be dispositive of the Adversary Proceedings.  The District Court

7    entered the Consent Order in January 2016.  Notably, however, the Motion is silent as to

8    precisely when the CMP Obligation is alleged to have been incurred.  If the Trustee seeks

9    to somehow retroactively apply the CMP Obligation to the Debtor's liabilities, then the

10   Gugasians oppose the addition of more than $15,761,432 to the Debtor's liabilities at the

11   time of the alleged Transfers – particularly without any evidence being offered on this

12   issue by the Trustee, and without the opportunity to conduct any discovery on this issue.

13   Indeed, the Trustee apparently is seeking to add more than $15 million to the Debtor's

14   liabilities by "consent" of the Trustee (who seeks to impose substantial fraudulent transfer

15   liability on the Gugasians) and Hannes Tulving (who is subject to a cooperation agreement

16   with the government, and who has a significant interest in cooperating with the Trustee

17   and the government).  Importantly, the Motion does not provide any ground for any

18   retroactive liability or accounting.

19   　　　Based on the foregoing, the Gugasians submit this Limited Opposition in an

20   abundance of caution, and respectfully request that the Trustee specify the date on which

21   the Debtor is deemed to have incurred the CMP Obligation.  If that date impacts the

22   analysis of the Debtor's solvency as of the date of any of the Transfers alleged in the

23   Adversary Proceedings against the Gugasians, then the Gugasians request that (i) the

24   Motion be denied as lacking any support for such retroactive liability or accounting; or

25   / / /

26   / / /

27   / / /

28   / / /

Rutan & Tucker, LLP
attorneys at law

2562/033457-0001
11013960.7 a06/14/17

1    alternatively, (ii) the Court treat the Motion as a contested matter under Fed. R. Bankr. P.

2    9014, subject to the applicable Rules in Part VII of the Fed. R. Bankr. P., and set the matter

3    for a further hearing.

4

5    Dated:  June 14, 2017                    RUTAN & TUCKER, LLP
                                              RICHARD K. HOWELL
6                                             ROGER F. FRIEDMAN
                                              GERARD M. MOONEY
7                                             CAROLINE R. DJANG

8                                             By:      /S/  Roger F. Friedman
                                                  _____
9                                                     Roger F. Friedman
                                                      Attorneys for Interested Parties
10                                                    Levon Gugasian and Armen Haig
                                                      Gugasian

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2562/033457-0001
11013960.7 a06/14/17                          -6-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
611 Anton Blvd., Ste. 1400, Costa Mesa, CA  92626.

A true and correct copy of the foregoing document entitled (*specify*):  **LIMITED OPPOSITION TO AND REQUEST FOR HEARING RE MOTION FOR ORDER (A) APPROVING AND AUTHORIZING THE TRUSTEE AND DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) June 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2017 | Cecilia Solórzano | */s/ Cecilia Solórzano* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Wesley H Avery    wavery@thebankruptcylawcenter.com, lucy@averytrustee.com
- Candice Bryner    candice@brynerlaw.com
- Philip Burkhardt    phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com
- Stephen L Burton    steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Linda F Cantor    lcantor@pszjlaw.com, lcantor@pszjlaw.com
- Roger F Friedman    rfriedman@rutan.com
- David L Gibbs    david.gibbs@gibbslaw.com, ecf@gibbslaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Lawrence J Hilton    lhilton@onellp.com,
  lthomas@onellp.com;info@onellp.com;evescance@onellp.com;crodriguez@onellp.com;rwenzel@onellp.com
- James KT Hunter    jhunter@pszjlaw.com
- Robbin L Itkin    ritkin@linerlaw.com, cbullock@linerlaw.com
- John H Kim    jkim@cookseylaw.com, jhkim@ecf.courtdrive.com
- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com,
  wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Richard C Spencer    rspencer@rspencerlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# Exhibit C

1  Linda F. Cantor (CA Bar No. 153762)
   Pachulski Stang Ziehl & Jones LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
3  Telephone: 310-277-6910
   Facsimile: 310-201-0760
4  E-mail:lcantor@pszjlaw.com

5  Counsel for Weneta M.A. Kosmala, Chapter 7 Trustee
   for The Tulving Company, Inc.

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         SANTA ANA DIVISION

11  In re:                              Case No.: 8:14-bk-11492-ES

12  THE TULVING COMPANY, INC., a        Chapter 7
    California corporation,
13                                      STIPULATION RE: (1) LIMITED
                                        OPPOSITION TO MOTION TO APPROVE
14                    Debtor.           AND AUTHORIZE THE DEBTOR TO ENTER
                                        INTO SUPPLEMENTAL CONSENT ORDER
15                                      WITH THE UNITED STATES COMMODITY
                                        FUTURE TRADING COMMISSION [DKT.
16                                      NO. 666]; AND (2) LIMITED OPPOSITION TO
                                        MOTION FOR ORDER (I) APPROVING COIN
17                                      VALUATIONS AND DISTRIBUTION
                                        SCHEDULE OF ERROR COINS TO VICTIM/
18                                      CREDITORS, AND (II) GRANTING
                                        RELATED RELIEF PURSUANT TO
19                                      SECTIONS 105 AND 363 OF THE
                                        BANKRUPTCY CODE [DKT. NO. 667]
20

21

22          This Stipulation is entered into by and among Weneta M.A. Kosmala, in her capacity as the

23  duly appointed, authorized and acting chapter 7 trustee of the above captioned Debtor's estate (the

24  "Trustee"), on the one hand, and interested parties Levon Gugasian and Armen Haig Gugasian (the

25  "Gugasians"), on the other hand, through their counsel of record, in reference to the following facts:

26                                      RECITALS

27          WHEREAS, on March 9, 2016, the former chapter 7 trustee of the Debtor's estate filed

28  Complaints for Avoidance and Recovery of Fraudulent Transfers (the "Complaints") against the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Gugasians, commencing Adversary Proceedings No. 8:16-ap-01083 and 8:16-ap-01084

2  (collectively, the "Adversary Proceedings"); and

3       **WHEREAS,** on May 31, 2017the Trustee filed and served the *Notice Of Motion and Motion*

4  *For Order (A) Approving and Authorizing the Trustee and Debtor To Enter Into Supplemental*

5  *Consent Order Assessing Restitution and Civil Monetary Penalty against Defendants The Tulving*

6  *Company, Inc. and Hannes Tulving, Jr., (B) Authorizing Hannes Tulving, Jr. to Execute the*

7  *Supplemental Consent Order With The United States Commodity Future Trading Commission On*

8  *Behalf Of The Debtor, and (C) For Related Relief Pursuant To Sections 105 and 362* [Dkt. No.

9  666] (the "Consent Order Motion"); and

10       **WHEREAS,** on June 1, 2017, the Trustee filed and served the *Notice Of Motion and Motion*

11  *For Order (I) Approving Coin Valuations and Distribution Schedule Of Error Coins To Victim/*

12  *Creditors, and (II) Granting Related Relief Pursuant To Sections 105 And 363 Of The Bankruptcy*

13  *Code* [Dkt. No. 667] (the "Coin Distribution Motion") [1]; and

14       **WHEREAS,** the Consent Order Motion seeks, *inter alia,* authorization for the Debtor to

15  enter into a Supplemental Consent Order with the United States Commodity Future Trading

16  Commission ("CFTC") for the imposition of a civil monetary penalty of $15,761,432 (plus post

17  judgment interest) against the Debtor's estate (the "Penalty"), subordinated to all general unsecured

18  claims; and

19       **WHEREAS,** the Coin Distribution Motion seeks, *inter alia,* approval of the Professional

20  Coin Grading Service valuation of the Error Coins and approval of the Distribution Schedule

21  prepared by the Trustee's financial advisors for the proposed allocation of specific Error Coins to

22  Victim/Creditors on account of their claims; and

23       **WHEREAS,** on June 14, 2017, the Gugasians filed a Limited Opposition and Request for

24  Hearing regarding the Consent Order Motion (the "Limited Opposition"). The Limited Opposition

25  objects to the Consent Order Motion to the extent the Trustee is attempting to attribute the Penalty

26

27

28    [1]  Terms not otherwise defined herein shall have the same meanings as ascribed to them in the Consent Order Motion
and the Coin Distribution Motion, as applicable.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   to support the contention in the Complaints that the Debtor was insolvent as of the dates of the

2   transfers that are sought to be avoided in the Adversary Proceedings; and

3       **WHEREAS**, the Gugasians have also notified the Trustee that they oppose any

4   determination of coin values in connection with the Coin Distribution Motion and any order thereon

5   to the extent such value determination would be binding on the Gugasians for purposes of the

6   Adversary Proceedings (the "Informal Opposition"); and

7       **WHEREAS**, the Trustee has confirmed that she is not seeking and will not seek to attribute

8   the Penalty to support the contention of insolvency set forth in the Complaints, and

9       **WHERREAS**, the Trustee has also confirmed that (a) any valuation of the coins pursuant to

10   the Coin Distribution Motion and any order thereon will not be binding on the Gugasians for

11   purposes of the Adversary Proceedings, and (b) the Trustee and the Gugasians shall reserve their

12   respective rights as to the coin values as of all dates for purposes of the Adversary Proceedings; and

13       **WHEREAS,** the Trustee and the Gugasians wish to resolve the Limited Opposition and the

14   Informal Opposition, obviating the need for a hearing on the Consent Order Motion;

15       **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the Trustee and the

16   Gugasians as follows:

17       **STIPULATION**

18       1.       The Trustee shall not attribute all or any portion of the Penalty to support the

19   contention of insolvency set forth in the Complaints alleging that the Debtor was insolvent as of the

20   dates of the transfers that are sought to be avoided in the Adversary Proceedings.

21       2.       Any valuation of the coins pursuant to the Coin Distribution Motion and any order

22   thereon will not be binding on the Gugasians for purposes of the Adversary Proceedings, and the

23   Trustee and the Gugasians reserve their respective rights as to the coin values as of all dates for

24   purposes of the Adversary Proceedings.

25       3.       Upon entry of an order approving this Stipulation, (a) the Limited Opposition and

26   request for a hearing on the Consent Order Motion shall be deemed withdrawn by the Gugasians,

27   and (b) the Informal Opposition to the Coin Distribution Motion shall be withdrawn.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4.    This Stipulation may be executed in counterparts, each of which may be transmitted by facsimile or email, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

5.    The Court shall retain jurisdiction to hear any disputes arising from this Stipulation.

Dated:  June 28, 2017                    PACHULSKI STANG ZIEHL & JONES LLP


                                  By:    /s/ Linda F. Cantor
                                         Linda F. Cantor
                                         Counsel for the Chapter 7 Trustee


Dated:  June 28, 2017                    RUTAN & TUCKER, LLP


                                  By:
                                         Roger F. Friedman
                                         Richard K. Howell
                                         Gerard M. Mooney
                                         Caroline R. Djang
                                         Counsel for Interested Parties Levon Gugasian and
                                         Armen Haig Gugasian

DOCS_LA:307008.1 59935/002                       4

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document **STIPULATION RE: (1) LIMITED OPPOSITION TO MOTION TO APPROVE AND AUTHORIZE THE DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION [DKT. NO. 666]; AND (2) LIMITED OPPOSITION TO MOTION FOR ORDER (I) APPROVING COIN VALUATIONS AND DISTRIBUTION SCHEDULE OF ERROR COINS TO VICTIM/ CREDITORS, AND (II) GRANTING RELATED RELIEF PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE [DKT. NO. 667]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 29, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **June 29 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 29, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 29, 2017 | Janice G. Washington | /s/Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Wesley H Avery on behalf of Consumer Privacy Ombudsman Wesley H Avery
wamiracle6@yahoo.com, wavery@rpmlaw.com

Candice Bryner on behalf of Interested Party Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other Professional Karen Duddlesten
phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney Stephen L. Burton
steveburtonlaw@aol.com

Frank Cadigan on behalf of U.S. Trustee United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other Professional Pachulski Stang Ziehl & Jones LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee R. Todd Neilson (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

David L Gibbs on behalf of Creditor Kenneth W Stach
david.gibbs@gibbslaw.com, ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor Jeffrey Roth
lhilton@oneil-llp.com, ssimmons@oneil-llp.com;kdonahue@oneil-llp.com

John H Kim on behalf of Creditor Ford Motor Credit Company LLC
jkim@cookseylaw.com

R. Todd Neilson (TR)
tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com

Jason S Pomerantz on behalf of Trustee R. Todd Neilson (TR)
jspomerantz@pszjlaw.com, jspomerantz@pszjlaw.com

Nanette D Sanders on behalf of Creditor Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)gov

## 2. SERVED BY UNITED STATES MAIL

*Trustee*
Weneta M. Kosmala
Weneta M. Kosmala Law Offices
3 MacArthur Place, #760
Santa Ana, CA 92707

*Counsel for Interested Parties Levon*
*Gugasian and Armen Haig Gugasian*
Roger F. Friedman, Esq.
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626

Nicholas R. Troszak
Associate Director
Berkeley Research Group, LLC
2049 Century Park East
Suite 2525
Los Angeles, CA 90067

*Attorneys for Debtor*
James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

*Laurence P Nokes on behalf of Interested*
*Party* John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA 92618

*Interested Party*
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

*Counsel for Creditor Levon Gugasian*
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street, Suite 1600
Irvine, CA 92614

Benjamin Bain-Creed
Assistant United States Attorney
Florida Bar #0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

Richard P. Foelber
Chief, Office of Cooperative Enforcement
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, D.C. 20581

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:307008.1 59935/002

1

# Exhibit D

1  Linda F. Cantor (CA Bar No. 153762)
   Jason S. Pomerantz (CA Bar No. 157216)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310-277-6910
4  Facsimile:  310-201-0760
   E-mail:lcantor@pszjlaw.com
5          jspomerantz@pszjlaw.com

6  Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee
7  for The Tulving Company, Inc.

<div style="border:1px solid">
FILED & ENTERED

JUL 11 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte    DEPUTY CLERK
</div>

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10              SANTA ANA DIVISION

11  In re:                              Case No.: 8:14-bk-11492-ES

12  THE TULVING COMPANY, INC., a        Chapter 7
    California corporation,
13                                      ORDER APPROVING STIPULATION
                                        REGARDING (1) LIMITED OPPOSITION
14                    Debtor            TO MOTION TO APPROVE AND
                                        AUTHORIZE THE DEBTOR TO ENTER
15                                      INTO SUPPLEMENTAL CONSENT ORDER
                                        WITH THE UNITED STATES COMMODITY
16                                      FUTURE TRADING COMMISSION [DKT.
                                        NO. 666]; AND (2) LIMITED OPPOSITION
17                                      TO MOTION FOR ORDER (I) APPROVING
                                        COIN VALUATIONS AND DISTRIBUTION
18                                      SCHEDULE OF ERROR COINS TO VICTIM/
                                        CREDITORS, AND (II) GRANTING
19                                      RELATED RELIEF PURSUANT TO
                                        SECTIONS 105 AND 363 OF THE
20                                      BANKRUPTCY CODE [DKT. NO. 667]

21

22         The Court, having considered the *Stipulation Regarding (1) Limited Opposition to Motion to*

23  *Approve and Authorize the Debtor to Enter into Supplemental Consent Order With the United States*

24  *Commodity Future Trading Commission [Dkt. No. 666]; and (2) Limited Opposition to Motion for*

25  *Order (I) Approving Coin Valuations and Distribution Schedule of Error Coins to Victim/ Creditors,*

26  *and (II) Granting Related Relief Pursuant To Sections 105 And 363 Of The Bankruptcy Code [Dkt.*

27  *No. 667]* filed as Docket No. 677 (the "Stipulation"), as agreed to by and among Weneta M.A.

28

DOCS_LA:307223.1 59935/002

1    Kosmala, in her capacity as the duly appointed, authorized and acting chapter 7 trustee of the above

2    captioned Debtor's estate (the "Trustee"), on the one hand, and interested parties Levon Gugasian

3    and Armen Haig Gugasian (the "Gugasians"), on the other hand, through their counsel of record, and

4    good cause appearing for the approval of the Stipulation,[1]

5        **IT IS HEREBY ORDERED THAT:**

6        1.    The Stipulation is approved.

7        2.    The Trustee shall not attribute all or any portion of the Penalty to support the

8    contention of insolvency set forth in the Complaints alleging that the Debtor was insolvent as of the

9    dates of the transfers that are sought to be avoided in the Adversary Proceedings.

10        3.    Any valuation of the coins pursuant to the Coin Distribution Motion and any order

11    thereon will not be binding on the Gugasians for purposes of the Adversary Proceedings, and the

12    Trustee and the Gugasians reserve their respective rights as to the coin values as of all dates for

13    purposes of the Adversary Proceedings.

14        4.    Upon entry of this Order, (a) the Limited Opposition and request for a hearing on the

15    Consent Order Motion shall be deemed withdrawn by the Gugasians, and (b) the Informal

16    Opposition to the Coin Distribution Motion shall be withdrawn.

17        5.    The Court shall retain jurisdiction to hear any disputes arising from this Stipulation.

19                                    # # #

24    Date: July 11, 2017

                                        _Erithe A. Smith_
25                                      Erithe Smith
                                        United States Bankruptcy Judge

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

                                        2

DOCS_LA:307223.1 59935/002

# Exhibit E

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Linda F. Cantor (CA Bar No. 153762)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067-4003<br>Telephone:  (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email: <u>lcantor@pszjlaw.com</u><br><br>☐ Individual *appearing without an attorney*<br>☒ Counsel for Weneta M.A. Kosmala, Chapter 7 Trustee for The Tulving Company, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| *In re:*<br><br>THE TULVING COMPANY, INC., a California corporation,<br><br>      Debtor. | CASE NO.: 8:14-bk-11492-ES<br><br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER (A) APPROVING AND AUTHORIZING THE DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE**<br><br>**[Relates to Docket No. 667 ]** |

**PLEASE TAKE NOTICE THAT** the *Order (A) Approving And Authorizing The Debtor To Enter Into Supplemental Consent Order Assessing Restitution And Civil Monetary Penalty Against Defendants The Tulving Company, Inc. And Hannes Tulving, Jr. (B) Authorizing Hannes Tulving, Jr. To Execute The Supplemental Consent Order With The United States Commodity Future Trading Commission On Behalf Of The Debtor, And (C) For Related Relief Pursuant To Sections 105 And 362 Of The Bankruptcy Code* was lodged on July 17, 2017 and is attached hereto as **Exhibit A**. This Order relates to the Motion, which is docket number 667.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  Linda F. Cantor (CA Bar No. 153762)
   Jason S. Pomerantz (CA Bar No. 157216)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310-277-6910
4  Facsimile: 310-201-0760
   E-mail:  lcantor@pszjlaw.com
5            jspomerantz@pszjlaw.com

6  Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee
   for The Tulving Company, Inc.

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                  SANTA ANA DIVISION

10

   In re:                                    Case No.: 8:14-bk-11492-ES
11
   THE TULVING COMPANY, INC., a              Chapter 7
12 California corporation,
                                             ORDER (A) APPROVING AND
13                                           AUTHORIZING THE DEBTOR TO ENTER
                        Debtor               INTO SUPPLEMENTAL CONSENT ORDER
14                                           ASSESSING RESTITUTION AND CIVIL
                                             MONETARY PENALTY AGAINST
15                                           DEFENDANTS THE TULVING COMPANY,
                                             INC. AND HANNES TULVING, JR. (B)
16                                           AUTHORIZING HANNES TULVING, JR. TO
                                             EXECUTE THE SUPPLEMENTAL
17                                           CONSENT ORDER WITH THE UNITED
                                             STATES COMMODITY FUTURE TRADING
18                                           COMMISSION ON BEHALF OF THE
                                             DEBTOR, AND (C) FOR RELATED RELIEF
19                                           PURSUANT TO SECTIONS 105 AND 362 OF
                                             THE BANKRUPTCY CODE
20
                                             [No Hearing Required]
21

22

23         This matter came before the Court upon the *Motion For Order (A) Approving And*

24 *Authorizing the Trustee and Debtor to Enter Into Supplemental Consent Order Assessing Restitution*

25 *and Civil Monetary Penalty against Defendants The Tulving Company, Inc. and Hannes Tulving, Jr.*

26 *(B) Authorizing Hannes Tulving, Jr. to Execute the Supplemental Consent Order With The United*

27 *States Commodity Future Trading Commission on behalf of The Debtor, and (C) For Related Relief*

28

DOCS_LA:307406.1 59935/002

1    *Pursuant to Sections 105 and 362 of the Bankruptcy Code* [Dkt. No. 667] (the "Motion")[1] filed by

2    Weneta M. A. Kosmala, in her capacity as the duly appointed, authorized and acting chapter 7

3    trustee ("Trustee") of the estate of the Tulving Company, Inc., the debtor herein (the "Debtor").

4        The Court, having reviewed and considered the Motion and supporting declaration, the

5    *Limited Opposition To and Request For Hearing On The Motion* filed by Levon Gugasian and

6    Amern Haig Gugasian (together, the "Gugasians") [Dkt. No. 671] (the "Limited Opposition"), the

7    Stipulation by and among the Trustee and the Gugasians resolving the Limited Opposition and

8    withdrawing the request for hearing on the Motion [Dkt. No. 677], approved by Order of the Court

9    dated July 11, 2017 [Dkt. No. 681], and the Court finding that due and proper notice of the Motion

10   was given and that no further notice is required, and good cause appearing for the granting of the

11   Motion,

12       **IT IS HEREBY ORDERED THAT:**

13   1.    The Motion is granted.

14   2.    The Debtor is authorized to enter into the Supplemental Consent Order Assessing

15         Restitution And Civil Monetary Penalty Against Defendants The Tulving Company,

16         Inc. and Hannes Tulving, Jr. with the United States Commodity Future Trading

17         Commission (the "Supplemental Consent Order") in the form appended to the Motion

18         as Exhibit "A", and the Debtor and its estate are authorized to take all actions

19         necessary to implement the Supplemental Consent Order.

20   3.    Hannes Tulving, Jr. is authorized to sign the Supplemental Consent Order on behalf

21         of the Debtor.

22   4.    Relief from the automatic stay under 11 U.S.C. § 362(a) is granted for the imposition

23         of the civil monetary penalty and post judgment interest pursuant to the terms of the

24         Supplemental Consent Order.

25   5.    The Court shall retain jurisdiction to hear and determine any issues or disputes

26         arising from this Order.

27                                           ###

28   _____

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:307406.1 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case 8:14-bk-11492-ES   Doc 687   Filed 07/17/17   Entered 07/17/17 14:22:25   Desc
Main Document   Page 5 of 8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document entitled **NOTICE OF LODGMENT OF ORDER (A) APPROVING AND AUTHORIZING THE DEBTOR TO ENTER INTO SUPPLEMENTAL CONSENT ORDER ASSESSING RESTITUTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANTS THE TULVING COMPANY, INC. AND HANNES TULVING, JR. (B) AUTHORIZING HANNES TULVING, JR. TO EXECUTE THE SUPPLEMENTAL CONSENT ORDER WITH THE UNITED STATES COMMODITY FUTURE TRADING COMMISSION ON BEHALF OF THE DEBTOR, AND (C) FOR RELATED RELIEF PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE [Relates to Docket No. 667** ] will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 17, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **July 17, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 17, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2017 | Janice G. Washington | /s/Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:307406.1 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Michael R Adele on behalf of Defendant
Armen Haig Gugasian
techlitcenter@yahoo.com, kadele@wgllp.com

Michael R Adele on behalf of Defendant
Levon Gugasian
techlitcenter@yahoo.com, kadele@wgllp.com

Wesley H Avery on behalf of Consumer
Privacy Ombudsman Wesley H Avery
wamiracle6@yahoo.com,
wavery@rpmlaw.com

Candice Bryner on behalf of Creditor
Giuseppe Minuti
candice@brynerlaw.com

Candice Bryner on behalf of Interested Party
Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other
Professional Karen Duddlesten
phil@burkhardtandlarson.com,
stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney
Stephen L. Burton
steveburtonlaw@aol.com,
ellie.burtonlaw@gmail.com

Frank Cadigan on behalf of U.S. Trustee
United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other
Professional Pachulski Stang Ziehl & Jones
LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

David L Gibbs on behalf of Creditor Kenneth
W Stach

david.gibbs@gibbslaw.com,
ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee
United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor
Jeffrey Roth
lhilton@onellp.com,
lthomas@onellp.com;info@onellp.com;jander
son@onellp.com;crodriguez@onellp.com;lit
@oneil-llp.com

James KT Hunter on behalf of Plaintiff R.
TODD NEILSON
jhunter@pszjlaw.com

James KT Hunter on behalf of Plaintiff R.
Todd Neilson
jhunter@pszjlaw.com

John H Kim on behalf of Creditor Ford Motor
Credit Company LLC
jkim@cookseylaw.com

Weneta M Kosmala (TR)
ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.co
m;kgeorge@kosmalalaw.com

Nanette D Sanders on behalf of Creditor
Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested
Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY UNITED STATES MAIL:

Chapter 7 Trustee
Weneta M.A. Kosmala
3 MacArthur Place
Suite 760
Santa Ana, California  92707

Attorneys for Interested Parties
Levon Gugasian and Armen Gugasian
Roger F. Friedman
Gerard M. Mooney
Rutan & Tucker
611 Anton Blvd., Suite 1400
Costa Mesa, CA  92626-1931

Debtor
The Tulving Company Inc
2049 Century Park East, Suite 2525
Los Angeles, CA  90067-3225

Counsel for Debtor
Andrew S Bisom
The Bisom Law Group
8001 Irvine Center Drive, Suite 1170
Irvine, CA 92618

James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

Laurence P Nokes on behalf of Interested Party
John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Kevin Zolot
Assistant U.S. Attorney
United States Attorney's Office
Western District North Carolina
227 West Trade Street
Charlotte, NC 28202

Benjamin Bain-Creed
Assistant United States Attorney
Florida Bar #0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

Accountants for Landlord
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA  92618

Interested Party
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA  92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn: David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Kenneth D. Christman
1965 Loma Linda Lane
Dayton, Ohio  45459

Filename:            DOCS_LA-#307406-v1-
                     NOTICE_OF_LODGMENT_OF_ORDER_(A)_APPROVING_AND_AUTHORIZING_THE_DE
                     BTOR_TO_ENTER_INTO_SUPPLEMENTAL_CONSENT_ORDER_ASSESSING_RESTITU
                     TION_AND_CIVIL_MONETARY_
Directory:           C:\Users\jgw\Documents
Template:            C:\Users\jgw\AppData\Roaming\Microsoft\Templates\Normal.dotm
Title:               Notice Of Lodgment Of Order Or Judgment In Adversary Proceeding {F
                     9021-1.2.ADV.NOTICE.LODGMENT}
Subject:             Forms
Author:              USCourtforms.com
Keywords:
Comments:            Use subject to the American Legalnet, Inc. end-user licensing
       agreement.
Creation Date:       7/17/2017 12:48:00 PM
Change Number:       3
Last Saved On:       7/17/2017 12:48:00 PM
Last Saved By:       jgw
Total Editing Time:  11 Minutes
Last Printed On:     7/17/2017 2:18:00 PM
As of Last Complete Printing
     Number of Pages:  7
     Number of Words:  1,744 (approx.)
     Number of Characters:     10,153 (approx.)

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document **DECLARATION IN SUPPORT OF APPROVAL OF CONSENT ORDER MOTION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 10, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠        Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **August 10, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠        Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 10, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 10, 2017 | Janice G. Washington | /s/Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Wesley H Avery on behalf of Consumer
Privacy Ombudsman Wesley H Avery
wavery@thebankruptcylawcenter.com,
lucy@averytrustee.com

Candice Bryner on behalf of Creditor
Giuseppe Minuti
candice@brynerlaw.com

Candice Bryner on behalf of Interested Party
Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other
Professional Karen Duddlesten
phil@burkhardtandlarson.com,
stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney
Stephen L. Burton
steveburtonlaw@aol.com,
ellie.burtonlaw@gmail.com

Frank Cadigan on behalf of U.S. Trustee
United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other
Professional Pachulski Stang Ziehl & Jones
LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee
Weneta M Kosmala (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Roger F Friedman on behalf of Creditor
Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant
Armen Haig Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant
Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Interested
Party Armen Haig Gugasian
rfriedman@rutan.com

David L Gibbs on behalf of Creditor Kenneth
W Stach
david.gibbs@gibbslaw.com,
ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee
United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor
Jeffrey Roth
lhilton@onellp.com,
lthomas@onellp.com;info@onellp.com;evesc
ance@onellp.com;crodriguez@onellp.com;rw
enzel@onellp.com

James KT Hunter on behalf of Plaintiff R.
TODD NEILSON
jhunter@pszjlaw.com

James KT Hunter on behalf of Plaintiff R.
Todd Neilson
jhunter@pszjlaw.com

Robbin L Itkin on behalf of Mediator Robbin
Itkin
ritkin@linerlaw.com, cbullock@linerlaw.com

John H Kim on behalf of Creditor Ford Motor
Credit Company LLC
jkim@cookseylaw.com,
jhkim@ecf.courtdrive.com

Weneta M Kosmala (TR)
ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.co
m;kgeorge@kosmalalaw.com

Nanette D Sanders on behalf of Creditor
Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested
Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## 2. SERVED BY UNITED STATES MAIL

2

Chapter 7 Trustee
Weneta M.A. Kosmala
3 MacArthur Place
Suite 760
Santa Ana, California  92707

Attorneys for Interested Parties
Levon Gugasian and Armen Gugasian
Roger F. Friedman
Gerard M. Mooney
Rutan & Tucker
611 Anton Blvd., Suite 1400
Costa Mesa, CA  92626-1931

Debtor
The Tulving Company Inc
2049 Century Park East, Suite 2525
Los Angeles, CA  90067-3225

Counsel for Debtor
Andrew S Bisom
The Bisom Law Group
8001 Irvine Center Drive, Suite 1170
Irvine, CA 92618

James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

Laurence P Nokes on behalf of Interested
Party John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Kevin Zolot
Assistant U.S. Attorney
United States Attorney's Office
Western District North Carolina
227 West Trade Street
Charlotte, NC 28202

Benjamin Bain-Creed
Assistant United States Attorney
Florida Bar #0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

Accountants for Landlord
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA  92618

Interested Party
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA  92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn:  David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Kenneth D. Christman
1965 Loma Linda Lane
Dayton, Ohio  45459

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28