Linda F. Cantor (CA Bar No. 153762)
James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: lcantor@pszjlaw.com

Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee for
The Tulving Company, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE TULVING COMPANY, INC., a California corporation,<br><br>Debtor. | Case No.: 8:14-bk-11492-ES<br><br>Chapter 7<br><br>**TRUSTEE'S REPLY TO DECLARATION OF KENDRA PEARSALL IN OPPOSITION TO THE CHAPTER 11 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT DOCKET 724**<br><br>Hearing:<br>Date: December 14, 2017<br>Time: 10:30 a.m.<br>Place: 411 West Fourth Street<br>Courtroom 5A<br>Santa Ana, CA 92701 |

Weneta M.A. Kosmala, the duly appointed and acting chapter 7 trustee ("Trustee') in the above-captioned case of The Tulving Company Inc. (the "Debtor"), respectfully submits her reply to the *Declaration of Kendra Pearsall in Opposition to the Chapter 11 [sic] Trustee's Motion to Approve Settlement Agreement Docket 724* (the "Opposition")[1] and represents as follows:

---

[1] The Opposition, in the form of an unsigned declaration, was e-mailed to the Trustee and her counsel after the response deadline on December 11, 2017. It was reportedly mailed to the Court for consideration at the above-scheduled hearing.

DOCS_LA:311039.1 59935/002

# I.

# DISCUSSION

On November 21, 2017, the Trustee filed her *Motion for Order Approving Chapter 7 Trustee's Settlement with Armen Haig Gugasian and Levon Gugasian; Memorandum of Points and Authorities; Declaration of Weneta M.A. Kosmala* [Dkt. No. 724] (the "Settlement Motion").  The Settlement Motion describes the claims and causes of action asserted by the Trustee against Armen Haig Gugasian and Levon Gugasian (together, the "Gugasians") in adversary proceeding nos. 8:16-ap-01083-ES  8:16-ap-01084-ES (the "Adversary Proceedings").  The Settlement Motion also describes the contentions raised by the Gugasians in defense of those claims and causes of action, and describes the terms of the settlement that was reached by the parties as a result of a mediation held on November 3, 2017, with the Honorable Mitchell R. Goldberg, Retired.  This was the parties' second mediation, the first having been held more than a year earlier.  The Trustee, having reviewed all claims as well as the factual and legal defenses raised by the Gugasians, determined that the settlement is well within the lowest point of the range of reasonableness, is fair and equitable and is in the best interests of the estate.

Kendra Pearsall opposes the Settlement Motion because it will not generate sufficient money to fund a distribution for general unsecured creditors.  She argues that the Trustee should pursue the Adversary Proceedings to trial because unsecured creditors, who are already out of the money, have nothing to lose by professionals incurring additional fees and costs that will not be paid.  She states "My understanding is that the large costs would be borne by either the Gugasians or the bankruptcy professionals (depending on the outcome).  We feel the Return on investment will justify the costs."  (Opposition, pg 3 at lines 21-23).  Of course, Dr. Pearsall risks nothing beyond someone else's time and money if the Trustee litigates and loses.  Apparently for this reason she completely ignores the risks of litigation – because they are not her risks.

While the Settlement Motion recites that the estate has viable claims against the Gugasians, the existence of meritorious claims does not eliminate the potential that there may be meritorious defenses.  The issues raised in the Adversary Proceeding are fact intensive, the cases will require

2

DOCS_LA:311039.1 59935/002

significant discovery and there are complex accounting issues that will require the retention of forensic accountants given the disparate solvency analyses prepared by the parties.  If the Gugasians prevail on their defenses, the Estate could receive a much smaller, or no, recovery in the litigation.  The risks of litigation (among other factors) must be considered by the Court in determining whether the Settlement Motion should be approved.   In this case the risks are significant.

While the Gugasians have the apparent ability to satisfy a judgment against them, they also have the financial wherewithal to vehemently defend their case and cause the Trustee and her professionals to incur large professional fees in the Adversary Proceedings and on appeals. In fact, the Gugasians' litigation tactics in this case so far have shown beyond doubt that they will make this litigation as expensive as possible and will, in fact, pursue appeals if they lose at the trial level.  As it stands, and assuming current professional fees are allowed by the Court, professionals would receive between 50% and 60% of their fees if the Settlement Motion is approved.  (In effect, the professionals' hourly rates, of which Dr. Pearsall complains, are already being significantly discounted.)

As a practical matter, it is unlikely that any professional would pursue the Adversary Proceedings under the circumstances of this case other than on a contingency basis.  Assuming a typical contingency rate of 33% (often higher where matters go to trial), and assuming a full $2.1 million recovery from the Gugasians in the Adversary Proceedings, the estate would net $1,407,000, less expenses (potentially $100,000 or higher).  If professional fees incurred to date in the case are allowed, even a full victory against the Gugasians would not result in any further distributions to general unsecured creditors.  At most, pursuing the Adversary Proceedings would increase the likelihood that the Trustee and her professionals (legal counsel and financial advisors), as administrative creditors, would receive a greater recovery on account of their administrative claims.  Conversely, failure to prevail in the Adversary Proceedings will further dilute any recovery to administrative creditors by another fifty percent.   That the settlement does not enhance the unsecured creditors' recovery is not grounds to increase the administrative insolvency of this estate

3

DOCS_LA:311039.1 59935/002

and punish professionals who have endeavored to maximize value in a case that had no assets at its inception.

Further, administrative insolvency is not grounds to deny the Settlement Motion. It is a factor for consideration in weighing the complexity, expense, inconvenience and delay of litigation versus a proposed settlement. *See, e.g., In re Blixseth*, No. 09-60452-7, 2011 Bankr. LEXIS 1451 (Bankr. D. Montana April 20, 2011) (approving settlement where case was administratively insolvent, defendant would defend the litigation zealously using its greater resources and defendant could delay the result as much as permitted by the Rules if it deemed it advantageous against the estate). *See also In re Jaime*, No. 14-83456, 2017 Bankr. LEXIS 1717 (Bankr. N.D. Ill. June 19, 2017) (approving settlement where defendant asserted defenses to avoidance action, estate was administratively insolvent and continuing litigation would make the estate further administratively insolvent); *Geltzer v. Kollel Mateh Efraim, LLC (In re Kollel Match Efraim, LLC), No. 04-16410, Adv. No. 07-2052*, 2013 Bankr. LEXIS 2004 (Bankr. S.D.N.Y. May 15, 2013) (overruling creditor's objection and approving settlement where estate was administratively insolvent and settlement was within the range of reasonable litigation outcomes).

The Woodson Factors, as described in the Settlement Motion, are met by the facts and circumstances of the proposed settlement. It is not necessary that the conclusions reached in the consideration of each of the factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See Pacific Gas*, 304 B.R. at 417 (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). Taken as a whole, the facts and circumstances of this case clearly support approval of the Settlement Motion.

While submitted as an Opposition to the Settlement Motion, the focus of Dr. Pearsall's pleading is to complain about the professional fees incurred in this case and the current market value of the Error Coins that were distributed to Victim/Creditors. Those issues are not before the Court. Dr. Pearsall and other creditors will have an opportunity to contest professional fees in this case upon the submission of final fee applications. However, as noted above, the professional fee rates complained of in the Opposition are not the rates that would be recovered by administrative

4

DOCS_LA:311039.1 59935/002

claimants even if all fees and expenses are allowed in full.  The recovery to professionals will likely be reduced by forty to fifty percent.

Finally, the Opposition complains that the Error Coins distributed by the Trustee on account of creditor claims do not represent approximately 18.73% to 18.77% of creditor claims, but rather have a much lower value, implying that the Error Coin values were artificially inflated.  This statement is not borne out by the facts of this case.  The Trustee did not unilaterally determine the value of the Error Coins.  In fact, due to significantly varying valuations (which could neither be reconciled or substantiated by the Trustee or her professionals), the Error Coins were graded by Professional Coin Grading Service, a national coin grading service utilized by GreatCollections.com d/b/a Great Collections ("Great Collections"), which applied the Error Coin grades to reach valuations of the coins, as authorized by Order of the Court.[2]  Further, the direct distribution of Error Coins to creditors, rather than their sale on the open coin market, was implemented in order not to flood the market for Error Coins and thereby maximize their value.[3]  Whether the current market value of the Error Coins has been influenced by numerous Victim/Creditors seeking to liquidate their coins is unknown.  In any event, the value of the Error Coins in the current market is irrelevant to the Court's consideration of the Settlement Motion.

Finally, the Opposition seeks answers to a number of questions concerning the facts underlying the claims asserted in the Adversary Proceedings.  The Trustee has considered these and other facts and the evidence supporting them in analyzing the cases, mediating the issues and reaching the settlement set forth in the Settlement Motion.  And, being cognizant of the legal requirements to sustain her claims, the Trustee also appreciates that certain payments made by the Debtor may only be avoided under certain circumstances and during certain time periods such as

---

[2] *See Motion for Order (I) Approving Coin Valuations and Distribution Schedule of Error Coins to Victim/Creditors, and (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Dkt. No. 667] and Order thereon [Dkt. No.689].

[3] *See Motion for Order (I) Authorizing Implementation of Trustee's Proposed Plan for Liquidation of Seized Items and Disbursement of Assets to Victim/Creditors of Fraud in the Bankruptcy Case in Accordance with Coordination Agreement with United States Government, and (II) Granting Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code [Dkt. No. 289] and Order thereon [Dkt. No. 494] entered January 28, 2106.*

DOCS_LA:311039.1 59935/002

while the Debtor was insolvent. A solvent debtor may pay over market rent and take other actions that may not be avoidable. All of these considerations were taken into account in analyzing the risks and potential outcomes of the Adversary Proceedings and in reaching the settlement set forth in the Settlement Motion.

## **II.**

## **CONCLUSION**

WHEREFORE, for the foregoing reasons and those set forth in the Settlement Motion, the Trustee requests that the Court overrule the Opposition approve the Settlement Motion and grant such other relief as is appropriate and just.

Dated:   December 12, 2017            PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Linda F. Cantor*
      Linda F. Cantor

      Counsel for R. Weneta M.A. Kosmala, Chapter 7 Trustee of The Tulving Company, Inc.

6

DOCS_LA:311039.1 59935/002

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document **TRUSTEE'S REPLY TO DECLARATION OF KENDRA PEARSALL IN OPPOSITION TO THE CHAPTER 11 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT DOCKET 724** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 12, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December  12, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 12, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Legal Vision Messenger*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

*Via E-Mail*
Kendra Pearsall [E-mail address not to be disclosed per Order of the Court]

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 12, 2017 | Janice G. Washington | */s/Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

Wesley H Avery on behalf of Consumer Privacy Ombudsman Wesley H Avery
wavery@thebankruptcylawcenter.com, lucy@averytrustee.com

Candice Bryner on behalf of Creditor Giuseppe Minuti
candice@brynerlaw.com

Candice Bryner on behalf of Interested Party Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other Professional Karen Duddlesten
phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney Stephen L. Burton
steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

Frank Cadigan on behalf of U.S. Trustee United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other Professional Pachulski Stang Ziehl & Jones LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee Weneta M Kosmala (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Roger F Friedman on behalf of Creditor Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant Armen Haig Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Interested Party Armen Haig Gugasian
rfriedman@rutan.com

David L Gibbs on behalf of Creditor Kenneth

W Stach
david.gibbs@gibbslaw.com, ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor Jeffrey Roth
lhilton@onellp.com, lthomas@onellp.com;info@onellp.com;evescance@onellp.com;crodriguez@onellp.com;rwenzel@onellp.com

James KT Hunter on behalf of Plaintiff R. TODD NEILSON
jhunter@pszjlaw.com

James KT Hunter on behalf of Plaintiff R. Todd Neilson
jhunter@pszjlaw.com

Robbin L Itkin on behalf of Mediator Robbin Itkin
ritkin@linerlaw.com, cbullock@linerlaw.com

John H Kim on behalf of Creditor Ford Motor Credit Company LLC
jkim@cookseylaw.com, jhkim@ecf.courtdrive.com

Weneta M Kosmala (TR)
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com

Nanette D Sanders on behalf of Creditor Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:311039.1 59935/002

**2. SERVED BY UNITED STATES MAIL**

Chapter 7 Trustee
Weneta M.A. Kosmala
3 MacArthur Place
Suite 760
Santa Ana, California 92707

Attorneys for Interested Parties
Levon Gugasian and Armen Gugasian
Roger F. Friedman
Gerard M. Mooney
Rutan & Tucker
611 Anton Blvd., Suite 1400
Costa Mesa, CA 92626-1931

Debtor
The Tulving Company Inc
2049 Century Park East, Suite 2525
Los Angeles, CA 90067-3225

Counsel for Debtor
Andrew S Bisom
The Bisom Law Group
8001 Irvine Center Drive, Suite 1170
Irvine, CA 92618

James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street
Charlotte, NC 28202

Laurence P Nokes on behalf of Interested
Party John Frankel
Nokes & Quinn
410 Broadway St Ste 200
Laguna Beach, CA 92651

Kevin Zolot
Assistant U.S. Attorney
United States Attorney's Office
Western District North Carolina
227 West Trade Street
Charlotte, NC 28202

Benjamin Bain-Creed
Assistant United States Attorney
Florida Bar #0021436
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

Accountants for Landlord
Brent Murdoch
Murdoch & Morris, LLP
114 Pacifica, Ste. 320
Irvine, CA 92618

Interested Party
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn: David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA 92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn: David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Richard P. Foelber
Chief, Office of Cooperative Enforcement
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, DC 20581

2

DOCS_LA:311039.1 59935/002