1  Linda F. Cantor (CA Bar No. 153762)
   Jason S. Pomerantz (CA Bar No. 157216)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California 90067
   Telephone: 310-277-6910
4  Facsimile: 310-201-0760
   E-mail: lcantor@pszjlaw.com
5
   Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee for
6  The Tulving Company, Inc.

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11  In re:                                   Case No.: 8:14-bk-11492-ES

12  THE TULVING COMPANY, INC., a California   Chapter 7
    corporation,
13                                            **NOTICE OF MOTION AND MOTION FOR
                                              ORDER APPROVING TRUSTEE'S
14                                            STIPULATION WITH CREDITORS SUSAN
                    Debtor.                   THOMPSON AND LAWRENCE
15                                            THOMPSON REGARDING CREDITORS'
                                              DETERMINATION TO OPT OUT OF
16                                            ERROR COIN DISTRIBUTION**

17                                            [No Hearing Required, Unless Requested]

18

19  **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,**

20  **THE OFFICE OF THE UNITED STATES TRUSTEE, PARTIES THAT HAVE FILED**

21  **REQUESTS FOR SPECIAL NOTICE, AND OTHER INTERESTED PARTIES:**

22          **PLEASE TAKE NOTICE** that Weneta M.A. Kosmala, the duly appointed chapter 7 trustee

23  ("Trustee"), in the above captioned case of the Tulving Company, Inc., the debtor herein ("Debtor")

24  hereby files this motion (the "Motion") for entry of an order, pursuant to Sections 363 and 105 of

25  title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), to approve the

26  stipulations by and between the Trustee and creditors Susan Thompson and Lawrence Thompsons

27  (the "Thompsons"), providing for the Thompsons to opt-out of receiving their distribution of Error

28

                                        1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Coins.  A copy of the stipulation is attached as **Exhibit 1** to the Declaration of Weneta M.A. Kosmala (the "Kosmala Declaration") annexed to the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Kosmala Declaration, the appended stipulation and all pleadings, documents and records on file with this Court, as well as any other documentary evidence as may be presented to this Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(o), any response or request for a hearing on the Motion, in the form required by LBR 9013-1(f), must be filed with the Court and served on the Trustee's counsel (at the address indicated above) within 14 days after service of this Motion.  Pursuant to LBR 9013-1(h), the failure to timely file and serve a response to this Motion may be deemed consent to the relief requested in the Motion.  No hearing will be held if no response and request for hearing is filed and served and, in the event that no response and request for hearing is filed and served in a timely manner, the Trustee will lodge an order with the Court granting this Motion.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:  (a) granting the Motion; (b) approving the stipulation between the Trustee and the Thompsons; (c) authorizing the Trustee to take such actions as are necessary and appropriate to implement the stipulation with the Thompsons, and (d) granting such other and further relief as is just and proper under the circumstances.

Dated:  January 3, 2018

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Linda F. Cantor*
       Linda F. Cantor

       Counsel for Weneta M.A. Kosmala,
       Chapter 7 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Motion seeks approval of a stipulation (the "Stipulation") between the Trustee and the Thompsons, a copy of which is appended to the annexed Kosmala Declaration as **Exhibit 1**. The Stipulation provides for the Thompsons to opt-out of receiving their allocation of Error Coins which were distributed in accordance with the Distribution Order[1] entered by the Court. Under the circumstances of this case, the Trustee believes good cause exists to allow the Thompsons to opt-out of receiving their Error Coins.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## STATEMENT OF FACTS

### A.    General Background of the Debtor

Debtor The Tulving Company, Inc. ("Tulving") was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone. Prior to the filing of this bankruptcy case, customer complaints concerning delayed or undelivered orders were increasingly made to the Better Business Bureau against the Debtor. In early March 2014, a class action lawsuit was filed against the Debtor and its president and sole shareholder, Hannes Tulving ("Hannes"), in the United States District Court for the Northern District of California.

The Debtor ceased operations on or about March 3, 2014. Shortly before the commencement of its bankruptcy proceedings on March 10, 2014 (the "Petition Date"), the Secret Service and the

---

[1] *See Motion for Order (I) Approving Coin Valuations and Distribution Schedule of Error Coins to Victim/Creditors, and (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* filed June 1, 2017 [Dkt. No. 667] (the "Distribution Motion") and the Order thereon entered July 25, 2017 [Dkt. No. 689] (the "Distribution Order").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Department of Justice raided the Debtor's business offices, and seized the Debtor's computers,

2   documents and valuable coins as part of an ongoing criminal investigation.  Hannes eventually

3   agreed to enter into a plea agreement with the U. S. Government in which he pled guilty to one count

4   of 18 U.S.C. § 1343 wire fraud charge as set forth in Count One of a Bill of Information in the

5   criminal case and, among other things, agreed to pay restitution to the victims of fraud.  Hannes is

6   currently serving a 30 month sentence at the federal prison in Butner, North Carolina.

7   **B.    Procedural Posture of the Bankruptcy Case**

8          On March 18, 2014, the United States Trustee ("UST") filed a Stipulation Appointing

9   Chapter 11 Trustee [Docket No. 15], which was signed by both the Debtor and its attorney and

10  approved by the Bankruptcy Court on March 18, 2014 [Docket No. 16].  An Order was entered by

11  the Court on March 21, 2014 approving the UST's Application for the Appointment of a Chapter 11

12  Trustee, appointing R. Todd Neilson as Trustee of the Debtor's estate [Docket No. 22].  Thereafter

13  upon notice and hearing, the case was converted to a chapter 7 and R. Todd Neilson was appointed

14  as the chapter 7 Trustee [Docket 108].

15         On March 22, 2016, Mr. Neilson filed his Withdrawal of Trustee [Docket 564].  The UST

16  filed its Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as

17  Trustee dated April 1, 2016 [Docket 566], appointing Weneta M. A. Kosmala as the chapter 7 trustee

18  of the Debtor's estate.

19  **C.    Error Coin Distribution**

20         During his appointment, Mr. Neilson entered into an agreement with the Government to

21  return the coins it had seized to the Debtor's estate for distribution to Victim/Creditors as restitution.

22  The initial distribution plan was accepted by the Government, approved by Order of the Bankruptcy

23  Court dated January 28, 2016 [Dkt. No. 494][2] and approved by the District Court in the criminal

24  case.  Thereafter, Victim/Creditors were provided an opportunity to opt-out of receiving their

25  allocated share of Error Coins.  Thirty (30) of the Victim/Creditors advised the Trustee's

26

27  _____

[2] *Order (I) Authorizing Implementation of Trustee's Proposed Plan for Liquidation of Seized Items and Disbursement of Assets to Victim/Creditors of Fraud in the Bankruptcy Case in Accordance with Coordination Agreement with United States Government, and (II) Granting Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Dkt. No. 494] entered January 28, 2016  (the "Initial Distribution Plan Order").

28

1    professionals of their determination to opt-out of receiving Error Coins under the Initial Distribution

2    Plan Order.

3        However, the initial distribution plan was later found to be untenable as it was premised on a

4    valuation later determined to be incomplete and faulty.  Therefore, in October 2016, the Trustee

5    requested and obtained a Court order authorizing her to modify the Initial Distribution Plan Order,

6    retain GreatCollections.com d/b/a Great Collections ("Great Collections") and Professional Coin

7    Grading Service ("PCGS") coin valuation experts, establish a revised schedule for the allocation of

8    Error Coins, and set a new opt-out deadline.[3]  Following the completion of the new coin valuation by

9    PCGS, the Trustee filed and served the Distribution Motion which explained in detail the new

10   distribution schedule, notified each Victim/Creditor of their allocated Error Coins and provided them

11   an opportunity to opt-out of receiving Error Coins by a deadline of July 3, 2017.  Failure to expressly

12   opt-out would result in the Victim/Creditor being deemed, by default, to have opted-in to receive

13   their allocated share of Error Coins.

14       In accordance with the Distribution Order and the allocations set forth in the Distribution

15   Motion, the Trustee caused Great Collections to distribute Error Coins to Victim/Creditors.  As the

16   Thompsons did not fill out an opt-out form by the July 3, 2017 deadline, Great Collections shipped

17   them their allocated Error Coins.  Upon receipt, the Thompsons advised the Trustee's professionals

18   that they did not want to receive Error Coins on account of their claims and wished to return them

19   to Great Collections.  Notwithstanding their failure to meet the July 3rd, 2017 opt-out deadline, the

20   Thompsons had notified the prior trustee of their determination to opt-out of the Initial Distribution

21   Plan in accordance with the terms of the Initial Distribution Plan Order approximately seventeen

22   months earlier.

23       There are 376 Victim/Creditors in this case.  Thirty (30) of those Victim/Creditors

24   determined to opt-out of receiving Error Coins in 2016 under the initial distribution plan (the

25

26   [3]  *See Application to Employ GreatCollections.com as Auctioneer Notice Of Motion And Motion For Order Authorizing
     The Trustee To (I) Retain GreatCollections.Com d/b/aGreat Collections As Auctioneer, (II) Modify, In Part, Asset*

27   *Distribution Plan, And (III) Set New Opt-Out Deadline For Creditors To Determine Whether To Receive Error Coins In
     Partial Payment Of Their Claims And Sell Coins Not Distributed To Creditors Free And Clear Of Liens, Claims And*

28   *Interests* dated September 1, 2016 [Dkt. No. 623] and Order thereon dated October 12, 2016 [Dkt. No. 634].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   "Initial Opt-Out Parties").  In response to the Distribution Motion and Distribution Order, only

2   eleven (11) of the Initial Opt-Out Parties failed to notify the Trustee's professionals of their opt-in /

3   opt-out determination (the "Subject Victim/Creditors").  The Thompsons are among those eleven

4   Subject Victim/Creditors.[4]

5           While the Trustee believes that full and adequate notice (and a detailed explanation) of the

6   revised distribution plan and opt-out deadline were provided to all Victim/Creditors, the Trustee

7   appreciates that there may have been some confusion by the Thompsons that their prior opt-out

8   determination under the Initial Distribution Plan Order would be applicable to the new opt-out

9   deadline set under the Distribution Order.  Therefore, the Trustee has agree to enter into the

10  Stipulation to allow the Thompsons to opt-out of receiving Error Coin in accordance with the terms

11  of the Stipulation.  Under the particular circumstances of this case, the Trustee believes that the

12  Stipulation should be approved.

## IV.

## AUTHORITY

15          In pertinent part, Section 105(a) of the Bankruptcy Code empowers the bankruptcy court to

16  "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of

17  this title. . . ." 11 U.S.C. § 105(a). As a general rule, the bankruptcy court may not use its section

18  105(a) powers to authorize an action that would be inconsistent with or prohibited by another

19  provision of the Bankruptcy Code. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206

20  (1988).  Rather, section 105(a) must be used in combination with another provision of the

21  Bankruptcy Code.

22          The Court in this case previously authorized the Trustee to distribute Error Coins pursuant to

23  Sections 105 and 363 of the Bankruptcy Code.  The Court has also authorized the Trustee to allow

24  Victim/Creditors to opt-out of receiving their allocated Error Coins subject to the terms of the

25  Distribution Order.  As the Thompsons had previously notified the prior trustee of their decision to

26  opt out of receiving Error Coins, albeit under the Initial Distribution Plan Order rather than the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[4] Another Subject Victim/Creditor, Igor Pavlovsky,  moved the Court and obtained an order authorizing him to opt-out of the Error Coin Distribution [Dkt. 716].

6

1  modified one, the Trustee submits that approval of the Stipulation is consistent with the goal of

2  allowing Victim/Creditors to opt-out of receiving Error Coins upon proper notice to the Trustee and

3  entry of an order approving this Motion is appropriate and consistent with Section 105(a) of the

4  Bankruptcy Code.

5  V.

6  **CONCLUSION**

7  **WHEREFORE**, the Trustee respectfully requests that this Court enter an order: (a) granting

8  the Motion; (b) approving the stipulation between the Trustee and the Thompsons; (c) authorizing

9  the Trustee to take such actions as are necessary and appropriate to implement the stipulation with

10  the Thompsons, and (d) granting such other and further relief as is just and proper under the

11  circumstances.

12  Dated: January 3, 2018            PACHULSKI STANG ZIEHL & JONES LLP

13

14            By    */s/ Linda F. Cantor*
                        Linda F. Cantor
15
                        Counsel for Weneta M.A. Kosmala, Chapter 7
16                      Trustee

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

# DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare as follows:

1.     I am the duly appointed chapter 7 trustee (the "Trustee") for the estate of The Tulving Company, Inc., debtor in the above-captioned case (the "Debtor"). I make this declaration ("Declaration") in support of the *Notice of Motion and Motion For Order Approving Trustee's Stipulation With Creditors Susan Thompson and Lawrence Thompson Regarding Creditors' Determination To Opt Out Of Error Coin Distribution* (the "Motion"). All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

2.     The Motion seeks approval of a stipulation that I propose to enter into, solely in my capacity as Trustee, with the Thompsons, a true and correct copy of which is appended hereto as **Exhibit 1**. The Stipulation provides for the Thompsons to opt-out of receiving their allocation of Error Coins which were distributed in accordance with the Distribution Order entered by the Court, as described more fully below and in the Stipulation.[5]

3.     Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge (albeit my own or that gathered by professionals rendering services to me), or my opinion based on experience, knowledge, and information concerning the estate. If called upon, I can and will competently testify to the facts stated herein.

4.     The Tulving Company, Inc. was in the business of selling and purchasing gold, silver, coins, bullion, and other precious metals through its internet website or by phone. Prior to the filing of this bankruptcy case, customer complaints concerning delayed or undelivered orders were increasingly made to the Better Business Bureau against the Debtor. In early March 2014, a class action lawsuit was filed against the Debtor and its president and sole shareholder, Hannes Tulving in the United States District Court for the Northern District of California.

5.     The Debtor ceased operations on or about March 3, 2014. I am informed and believe that shortly before the commencement of its bankruptcy proceedings on March 10, 2014, the Secret

---

[5] *See Motion for Order (I) Approving Coin Valuations and Distribution Schedule of Error Coins to Victim/Creditors, and (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* filed June 1, 2017 [Dkt. No. 667] and the Order thereon entered July 25, 2017 [Dkt. No. 689].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Service and the Department of Justice raided the Debtor's business offices, and seized the Debtor's

2  computers, documents and valuable coins as part of an ongoing criminal investigation.  Hannes

3  eventually agreed to enter into a plea agreement with the U. S. Government in which he pled guilty

4  to one count of 18 U.S.C. § 1343 wire fraud charge as set forth in Count One of a Bill of Information

5  in the criminal case and, among other things, agreed to pay restitution to the victims of fraud.  I am

6  informed and believe that Hannes is currently serving a 30 month sentence at the federal prison in

7  Butner, North Carolina.

8  **A.    Procedural Posture of the Bankruptcy Case**

9          6.    On March 18, 2014, the United States Trustee filed a Stipulation Appointing Chapter

10  11 Trustee [Docket No. 15], which was signed by both the Debtor and its attorney.  The Stipulation

11  was approved by the Bankruptcy Court on March 18, 2014 [Docket No. 16] and an Order was

12  entered by the Court on March 21, 2014 approving the UST's Application for the Appointment of a

13  Chapter 11 Trustee, appointing R. Todd Neilson as Trustee of the Debtor's estate [Docket No. 22].

14  Thereafter upon notice and hearing, the case was converted to a chapter 7 and R. Todd Neilson was

15  appointed as the chapter 7 Trustee [Docket 108].

16          7.    On March 22, 2016, Mr. Neilson filed his Withdrawal of Trustee [Docket 564].  The

17  UST filed its Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as

18  Trustee dated April 1, 2016 [Docket 566], appointing me as the chapter 7 trustee of the Debtor's

19  estate.

20  **B.    Error Coin Distribution**

21          8.    During his appointment, Mr. Neilson entered into an agreement with the Government

22  to return the coins it had seized to the Debtor's estate for distribution to Victim/Creditors as

23  restitution.  The initial distribution plan was accepted by the Government, approved by Order of the

24  Bankruptcy Court dated January 28, 2016 [Dkt. No. 494][6] and approved by the District Court in the

25  criminal case.  Thereafter, Victim/Creditors were provided an opportunity to opt-out of receiving

26

27  ---
[6] *Order (I) Authorizing Implementation of Trustee's Proposed Plan for Liquidation of Seized Items and Disbursement of Assets to Victim/Creditors of Fraud in the Bankruptcy Case in Accordance with Coordination Agreement with United States Government, and (II) Granting Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Dkt. No. 494]

28  entered January 28, 2016.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   their allocated share of Error Coins.  Thirty (30) of the Victim/Creditors advised the trustee's

2   professionals of their determination to opt-out of receiving Error Coins under the Initial Distribution

3   Plan Order.

4        **9.**     However, the initial distribution plan was later found to be untenable as it was

5   premised on a valuation later determined to be incomplete and faulty.  Therefore, in October 2016, I

6   requested and obtained a Court order authorizing me to modify the Initial Distribution Plan Order,

7   retain Great Collections and Professional Coin Grading Service as coin valuation experts, establish a

8   revised schedule for the allocation of Error Coins, and set a new opt-out deadline.[7]  Following the

9   completion of the new coin valuation by PCGS, I caused to be filed and served the Distribution

10  Motion which explained in detail the new distribution schedule, notified each Victim/Creditor of

11  their allocated Error Coins and provided them an opportunity to opt-out of receiving Error Coins by

12  a deadline of July 3, 2017.  Failure to expressly opt-out would result in the Victim/Creditor being

13  deemed, by default, to have opted-in to receive their allocated share of Error Coins.

14       **10.**     In accordance with the Distribution Order and the allocations set forth in the

15  Distribution Motion, I directed Great Collections to distribute Error Coins to Victim/Creditors.  As

16  the Thompsons did not fill out an opt-out form by the July 3rd, 2017 deadline, Great Collections

17  shipped them their allocated Error Coins.  Upon receipt, the Thompsons promptly advised my

18  professionals that they did not want to receive Error Coins on account of their claims and wished to

19  return them to Great Collections. Notwithstanding their failure to meet the July 3, 2017 opt-out

20  deadline, the Thompsons had notified the prior trustee of their determination to opt-out of the initial

21  distribution plan in accordance with the terms of the Initial Distribution Plan Order approximately

22  seventeen months earlier.

23

24

25

26  [7]  *See Application to Employ GreatCollections.com as Auctioneer Notice Of Motion And Motion For Order Authorizing*
    *The Trustee To (I) Retain GreatCollections.Com d/b/aGreat Collections As Auctioneer, (II) Modify, In Part, Asset*
27  *Distribution Plan, And (III) Set New Opt-Out Deadline For Creditors To Determine Whether To Receive Error Coins In*
    *Partial Payment Of Their Claims And Sell Coins Not Distributed To Creditors Free And Clear Of Liens, Claims And*
28  *Interests* dated September 1, 2016 [Dkt. No. 623] and Order thereon dated October 12, 2016 [Dkt. No. 634].

11.     There are 376 Victim/Creditors in this case.  Thirty (30) of those Victim/Creditors determined to opt-out of receiving Error Coins in 2016 under the Initial Distribution Plan.  In response to the Distribution Motion and Distribution Order, only eleven (11) of those Initial Opt-Out Victim/Creditors failed to notify my professionals of their opt-in / opt-out determination.  The Thompsons are among those eleven Subject Victim/Creditors.[8]

12.     While I believe that full and adequate notice (and a detailed explanation) of the revised distribution plan and opt-out deadline were provided to all Victim/Creditors, I appreciate that there may have been some confusion by the Thompsons that their prior opt-out determination under the Initial Distribution Plan Order would be applicable to the new opt-out deadline set under the Distribution Order.  Therefore, only with respect to the Thompsons, and subject to approval by the Court, I have agreed to enter into the Stipulation to allow the Thompsons to opt-out of receiving Error Coins in accordance with the terms of the Stipulation.  In the exercise of my business judgment as Trustee, I believe that under the particular circumstances of this case good cause exists to allow the Thompsons to opt-out of receiving their Error Coins and respectfully submit that the Motion should be granted and the Stipulation should be approved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of January, 2018, at Santa Ana, California.

Weneta M. A. Kosmala

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[8] Another Subject Victim/Creditor, Igor Pavlovsky, moved the Court and obtained an order authorizing him to opt-out of the Error Coin Distribution [Dkt. 716].

# Exhibit 1

1   Linda F. Cantor (CA Bar No. 153762)
    Jason S. Pomerantz (CA Bar No. 157216)
2   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 13th Floor
3   Los Angeles, California  90067
    Telephone: 310-277-6910
4   Facsimile: 310-201-0760
    E-mail: lcantor@pszjlaw.com

5

6   Counsel for Weneta M. A. Kosmala, Chapter 7 Trustee for
    The Tulving Company, Inc.

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                     **SANTA ANA DIVISION**

11   In re:                             Case No.: 8:14-bk-11492-ES

12   THE TULVING COMPANY, INC., a California    Chapter 7
    corporation,
13                             **STIPULATION BY AND BETWEEN**
                                  **CHAPTER 7 TRUSTEE, ON THE ONE**
14                Debtor.          **HAND, AND CREDITORS SUSAN**
                                  **THOMPSON AND LAWRENCE**
15                                   **THOMPSON, ON THE OTHER HAND,**
                                  **REGARDING CREDITORS'**
16                                   **DETERMINATION TO OPT OUT OF**
                                  **ERROR COIN DISTRIBUTION**
17

18                                 **[No Hearing Required, Unless Requested]**

19

20

21       This Stipulation is made by and between Weneta M.A. Kosmala, the duly appointed and

22 acting chapter 7 trustee ("Trustee") in the above-captioned case of The Tulving Company, Inc. (the

23 "Debtor"), on the one hand, and creditors Susan Thompson and Lawrence Thompson (collectively,

24 the "Thompsons"), on the other hand, in respect to the following:

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

### RECITALS[1]

2      **WHEREAS**, the Trustee's professionals are in the process of making distributions of Error

3  Coins (the "Error Coin Distributions") to Victim/Creditors of the Debtor pursuant to the

4  Distribution Order entered by the Court;[2] and

5      **WHEREAS**, the Distribution Order required that any Victim/Creditor not wishing to

6  receive their Error Coin Distribution fill out an "opt-out" form and return it to the Trustee no later

7  than July 3, 2017, and failure to do so would result in the Victim/Creditor being deemed, by default,

8  to have opted-in [3]; and

9      **WHEREAS**, the Thompsons did not fill out an opt-out form by the July 3, 2017 deadline

10  but had, approximately seventeen months earlier, notified the Trustee of their desire to "opt-out" of

11  receiving Error Coins in connection with a previous coin distribution plan that was subsequently

12  modified and replaced by the distribution plan described in detail in the Distribution Motion, which

13  was served upon the Thompsons; and

14      **WHEREAS**, the Thompsons, having been deemed to have opted in to the Error Coin

15  Distribution, were shipped the Error Coins allocated to them (the "Thompson Error Coins") by

16  Great Collections pursuant to the Distribution Order; and

17      **WHEREAS**, promptly after their receipt of the Thompson Error Coins, the Thompsons

18  notified the Trustee's professionals of their request to opt-out of the Error Coin Distribution and to

19  return the Thompson Error Coins in accordance with their earlier determination to opt-out of the

20  previous coin distribution plan; and

21      **WHEREAS**, while the majority of Victim/Creditors who had opted out of receiving Error

22  Coins under the previous coin distribution plan subsequently notified the Trustee's professionals of

23

24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

25  [1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Distribution Motion (as
defined below).

26  [2] See Motion for Order (I) Approving Coin Valuations and Distribution Schedule of Error Coins to Victim/Creditors,
and (II) Granting Related Relief Pursuant to Sections 105 and 363 of the Bankruptcy Code filed June 1, 2017 [Dkt. No.

27  667] (the "Distribution Motion") and the Order thereon entered July 25, 2017 [Dkt. No. 689] (the "Distribution Order").
[3] Distribution Order at paragraph 4.

28

2

DOCS_LA:309671.2 59935/002

1  their determination to either "opt-in" or "opt-out" of the Error Coin Distribution described in the

2  Distribution Motion, eleven Victim/Creditors (inclusive of the Thompsons) did not do so; and

3      **WHEREAS**, while the Trustee believes that full and adequate notice (and a detailed

4  explanation) of the revised distribution plan and opt-out deadline were provided to the Thompsons

5  pursuant to the Distribution Motion, the Trustee appreciates that there may have been some

6  confusion by the Thompsons concerning the applicability of their prior opt-out determination to the

7  new opt-out deadline notwithstanding the terms of the Distribution Motion and the Distribution

8  Order; and

9      **WHEREAS**, under the particular circumstances of this case and the Thompsons' previous

10  notification to the Trustee of their decision to opt-out of receiving Error Coins, and subject to order

11  of the Bankruptcy Court approving this Stipulation, the Trustee will consent to the Thompsons'

12  request to opt-out of the Error Coin Distribution and allow the Thompsons to return the Thompson

13  Error Coins under the terms set forth herein:

14      **NOW, THEREFORE**, the Trustee and the Thompsons hereby stipulate and agree as

15  follows:

16  **STIPULATION**

17      1. The Thompsons shall be deemed to have opted-out of the Error Coin Distribution.

18      2. The Thompsons acknowledge that it is possible that they might not receive any other

19  form of distribution from the Debtor's bankruptcy estate.

20      3. The Thompsons shall return the Thompson Error Coins to Great Collections by Priority

21  Mail and the cost of such shipment shall be borne by the Debtor's estate.

22      4. The Thompsons hereby certify that the Thompson Error Coins that they will return to

23  Great Collections pursuant to this Stipulation are the same Error Coins that were shipped to them by

24  Great Collections.

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:309671.2 59935/002

3

Dated:    November    , 2017

PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Linda F. Cantor*
       Linda F. Cantor

Counsel for R. Weneta M.A. Kosmala, Chapter 7 Trustee of The Tulving Company, Inc.

Dated:    November 18, 2017

By    Susan Thompson
       Susan Thompson

Dated:    November 18, 2017

By    Lawrence Thompson
       Lawrence Thompson

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

DOCS_LA:309671.2 59935/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING TRUSTEE'S STIPULATION WITH CREDITORS SUSAN THOMPSON AND LAWRENCE THOMPSON, REGARDING CREDITORS' DETERMINATION TO OPT OUT OF ERROR COIN DISTRIBUTION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 3, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **January 3, 2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 3, 2018,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Via Federal Express*
The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2018 | Janice G. Washington | */s/ Janice G. Washington* |
|---|---|---|
| Date | Printed Name | Signature |

13

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

Wesley H Avery on behalf of Consumer Privacy Ombudsman Wesley H Avery
wavery@thebankruptcylawcenter.com, lucy@averytrustcc.com

Candice Bryner on behalf of Creditor Giuseppe Minuti
candice@brynerlaw.com

Candice Bryner on behalf of Interested Party Candice Bryner
candice@brynerlaw.com

Philip Burkhardt on behalf of Other Professional Karen Duddlesten
phil@burkhardtandlarson.com, stacey@burkhardtandlarson.com

Stephen L Burton on behalf of Attorney Stephen L. Burton
steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com

Frank Cadigan on behalf of U.S. Trustee United States Trustee (SA)
frank.cadigan@usdoj.gov

Linda F Cantor, ESQ on behalf of Other Professional Pachulski Stang Ziehl & Jones LLP
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Linda F Cantor, ESQ on behalf of Trustee Weneta M Kosmala (TR)
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Roger F Friedman on behalf of Creditor Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant Armen Haig Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Defendant Levon Gugasian
rfriedman@rutan.com

Roger F Friedman on behalf of Interested Party Armen Haig Gugasian
rfriedman@rutan.com

David L Gibbs on behalf of Creditor Kenneth W Stach
david.gibbs@gibbslaw.com, ecf@gibbslaw.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Lawrence J Hilton on behalf of Creditor Jeffrey Roth
lhilton@onellp.com,
lthomas@onellp.com;info@onellp.com;evescance@onellp.com;crodriguez@onellp.com;rwenzel@onellp.com

James KT Hunter on behalf of Plaintiff R. TODD NEILSON
jhunter@pszjlaw.com

James KT Hunter on behalf of Plaintiff R. Todd Neilson
jhunter@pszjlaw.com

DOCS_LA:310838.2 59935/002

Robbin L Itkin on behalf of Mediator Robbin Itkin
ritkin@linerlaw.com, cbullock@linerlaw.com

John H Kim on behalf of Creditor Ford Motor Credit Company LLC
jkim@cookseylaw.com, jhkim@ecf.courtdrive.com

Weneta M Kosmala (TR)
ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com

Nanette D Sanders on behalf of Creditor Levon Gugasian
becky@ringstadlaw.com

Richard C Spencer on behalf of Interested Party Courtesy NEF
rspencer@rspencerlaw.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

1

2. **SERVED BY UNITED STATES MAIL**

2

Weneta M. Kosmala, Chapter 7 Trustee
Weneta M. Kosmala Law Offices

3

3 MacArthur Pl # 760
Santa Ana, CA 92707

4

5

Susan and Lawrence Thompson
[Address Redacted]

6

Debtor
The Tulving Company Inc.

7

2049 Century Park East, Suite 2525
Los Angeles, CA  90067-3225

8

9

Counsel for Debtor
Andrew S Bisom
The Bisom Law Group

10

8001 Irvine Center Drive, Suite 1170
Irvine, CA 92618

11

12

James F. Wyatt, III
Wyatt & Blake, LLP
435 East Morehead Street

13

Charlotte, NC 28202

14

Laurence P Nokes on behalf of Interested
Party John Frankel

15

Nokes & Quinn
410 Broadway St Ste 200

16

Laguna Beach, CA 92651

17

Kevin Zolot
Assistant U.S. Attorney

18

United States Attorney's Office
Western District North Carolina

19

227 West Trade Street

20

Charlotte, NC 28202

21

Benjamin Bain-Creed
Assistant United States Attorney

22

Florida Bar #0021436
Suite 1650, Carillon Building

23

227 West Trade Street
Charlotte, North Carolina 28202

24

25

Accountants for Landlord
Brent Murdoch
Murdoch & Morris, LLP

26

114 Pacifica, Ste. 320
Irvine, CA  92618

27

28

Interested Party
Frye & Hsieh
Douglas J Frye Esquire
24955 Pacific Coast Highway # A201
Malibu, CA 90265

Counsel for Creditor Levon Gugasian
Nanette D. Sanders, Esq.
Ringstad & Sanders LLP
2030 Main Street
Suite 1600
Irvine, CA  92614

Harlene Miller, Esq.
Harlene Miller Law
17910 Sky Park Circle, Suite 105
Irvine, CA 92614

On the Rocks Jewelry & Rare Coins
Attn:  David Halpin and Desirea Sloan
207 N. El Camino Real
San Clemente, CA 92672

Richard P. Foelber
Chief, Office of Cooperative Enforcement
U.S. Commodity Futures Trading
Commission
1155 21st Street, NW
Washington, DC 20581

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA